| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> Thaddeus R. Maciag, Esq. <br> M<small>ACIAG</small> L<small>AW</small>, LLC <br> 475 Wall Street <br> Princeton, New Jersey  08540 <br> (908) 704-8800 <br> *Proposed Attorney for the proposed jointly administered Debtors-in-Possession* | |
| In re: <br><br>    ProPhase Diagnostics NJ, Inc., <br><br>            Debtor-in-Possession. | Case No.: **#25-19833-CMG** <br> Chapter 11 Reorganization <br> Judge: Hon. Christine M. Gravelle |
| In re: <br><br>    ProPhase Diagnostics NY, Inc., <br><br>            Debtor-in-Possession. | Case No.: **#25-19834-CMG** <br> Chapter 11 Reorganization <br> Judge: Hon. Christine M. Gravelle |
| In re: <br><br>    ProPhase Diagnostics, Inc., <br><br>            Debtor-in-Possession. | Case No.: **#25-19836-CMG** <br> Chapter 11 Reorganization <br> Judge: Hon. Christine M. Gravelle |

# DEBTORS MOTION
# FOR ENTRY OF AN ORDER AUTHORIZING (A) THE
# JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11
# CASES AND (B) GRANTING RELATED RELIEF

### Introduction

**(1)** <u>Motion for Joint Administration</u>: The three above-captioned Chapter 11 Debtors-in-Possession:  ProPhase Diagnostics NJ, Inc.,  ProPhase Diagnostics NY, Inc., and

ProPhase Diagnostics, Inc. (collectively, the "**Debtors**"), on September 22, 2025 filed separate Petitions for Reorganization under the case numbers as captioned hereinabove, and now by way of this Motion to be docketed in each of the three cases on September 23, 2025 have jointly filed papers with this Court, on Motion for Entry of an Order for Joint Administration of the three cases captioned above, in accord with §105(a) of title 11 of the United States Code and Rule 1015(b)(1)(D) of the Federal Rules of Bankruptcy Procedure.

## Jurisdiction and Venue

**(2)** The United States Bankruptcy Court for the New Jersey (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered on July 23, 1984, and amended on June 6, 2025 (Hon. Renée Marie Bumb, Chief Judge, United States District Court, D.N.J.) (the "**Standing Order**").

**(3)** This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**(4)** Venue is proper in this District pursuant to 28 U.S.C. §1334(b), §1408, and §1409.

**(5)** The statutory and procedural predicates for the relief here requested are §105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 1015(b)(1)(D) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). Rule 1015(b)(1) provides in pertinent part that "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . . (D) a debtor and an affiliate, the court may order a joint administration of the estates." [Fed. R. Bankr. P. 1015(b)(1)(D)].

**(6)** **Affiliated Debtors.** The three instant Debtors are "affiliates" of one another, as defined in Bankruptcy Code §101(2), as applicable to Federal and Local Rule 1015(b). Section 101(2) defines an affiliate as, inter alia, "(A) [a person] that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor" and "(B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor". As Derek DeStefano, who serves as a Director and as Chair of the Independent Bankruptcy Committee in each of the three cases has certified in his certification (the "*DeStefano Certification*") filed herewith, the three Debtor corporations have the same officers and are under 100% common ownership, in that ProPhase Diagnostics, Inc. Is the 100% owner of both ProPhase Diagnostics NJ, Inc. and ProPhase Diagnostics NY, Inc.

**(7)** **Relief Sought**: The Debtors seek <u>Joint Administration</u> by this Motion, not substantive consolidation. Thus each creditor and party in interest will continue to retain whatever rights it has against the particular Debtor's estate against which it has asserted a claim or right**.** This Motion seeks entry of an Order for Joint Administration, in accord with Bankruptcy Code Section 11 U.S.C. §105(a), with District of New Jersey Local Bankruptcy Rule LBR 1015(b), and with Federal Rule of Bankruptcy Procedure 1015(b).

## Summary of Motion

**(8)** The three Debtors in the above-captioned Chapter 11 Cases respectfully state the following in support of this motion (the "Motion"), and rely upon and incorporate by reference the *DeStefano Certification* filed concurrently herewith.

**(9)** On September 22, 2025 (the "Petition Date"), each of the Debtors commenced a voluntary case by filing a Petition for Reorganization under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

**(10)** Pursuant to §1107(a) and §1108 of the Bankruptcy Code, the Debtors continue to operate their business and manage their financial affairs as Debtors in Possession.

**(11)** No request for the appointment of a Chapter 11 trustee or examiner has been made, nor has any statutory committee been appointed or designated, in the Chapter 11 Cases.

## Specific Relief Requested

**(12)** By this Motion, the Debtors request entry of an order, substantially in the form of the Proposed Order, directing the Joint Administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only, and waiving the notice requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n).

**(13)** The Debtors also request that the Clerk of the Court maintain one file and one docket for all of the Debtors' Chapter 11 Cases, under the case assigned to ProPhase Diagnostics NJ, Inc. (the "Lead Case"), and that the official caption (the "Consolidated Caption") to be used by all parties in all pleadings in the jointly administered cases be "In re ProPhase Diagnostics, Inc., *et al.*". that the "primary docket" be the existing docket for the lead case No. 25-18-19833-CMG, and that the official pleadings caption be as follows:

| In re: | Case No.: **#25-19833-CMG** |
|---|---|
| ProPhase Diagnostics NJ, Inc., *et al.* | Chapter 11 Reorganization |
| | Judge: Gravelle |
| Debtor-in-Possession. | |

**(14)** The Debtors also seek in the Proposed Order the Court's direction to the Clerk that a notation be entered on the Docket in each Debtor's Chapter 11 case to reflect the Joint Administration of these cases upon the entry of this Order, and that Monthly Operating Reports be prepared separately for each Debtor, and filed on the lead case docket.

**(15)** The Debtors also seek in the Proposed Order, authorization to file a Consolidated Creditor List of Creditors (matrix) for the three cases.

## **Basis for Relief**

**(16)** Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a Debtor and an Affiliate, "the [C]ourt may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Here, in these Chapter 11 Cases, the three (18) Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, this Court may grant the relief requested herein.

**(17)** As set forth in the Certification of Derek DeStefano filed herewith, the Debtors' operations are interconnected and co-dependent, under the same ownership, have the same officers and directors, and share many of the same parties in interest. Many, if not virtually all, of the motions, applications, hearings and orders that will arise in these Chapter 11 Cases will jointly affect all of the Debtors. Jointly administering the cases will avoid unnecessary expenses by eliminating the need for duplicative filings, objections, notices, and hearings.

**(18)** Cause exists to permit the Debtors to file a Consolidated List of Creditors and a Consolidated List of 20 Largest Unsecured Claims. Section 521(a) of the Bankruptcy Code and Bankruptcy Rule 1007(a)(1) require a Debtor in a voluntary Chapter 11 case to file a list containing the name and complete address of each of the debtors' creditors. See 11 U.S.C. § 521(a); Fed. R. Bankr. P. 1007(a)(1). Additionally, Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bank. P. 1007(d). This list is primarily used by the United States Trustee for the District of New Jersey (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against a debtor and, thereby, identify potential candidates to serve on an official committee of unsecured creditors appointed in a debtor's case pursuant to section 1102 of the Bankruptcy Code.

**(19)** The three proposed jointly administered Debtors request authority to file a Consolidated List of Creditors on the primary case docket). Because the top creditor lists for

each individual Debtor overlap, the Debtors submit that filing separate lists for each Debtor will be of limited utility. In addition, the exercise of compiling separate top creditor lists for each individual Debtor could consume an excessive amount of the Debtors', and their advisors', limited time and resources. The Debtors believe that a Consolidated Top 20 List will better aid the U.S. Trustee in its efforts to communicate with these creditors.

**(20)** Allowing the Debtors to maintain a Consolidated List of Creditors and of 20 Largest Unsecured Creditors on the primary case docket, in lieu of filing a separate creditor matrix for each Debtor, is warranted under the circumstances, as in the interest of judicial economy and joint administration. Accordingly, the Debtors respectfully request authority to file on the primary docket a single Consolidated List of Creditors for all three Debtors.

**(21)** Additionally, Joint Administration and the filing of a Consolidated List of Creditors will reduce the administrative burdens imposed on the Court and any noticing agent appointed, as the Clerk of the Court will be permitted to utilize a single docket for the Chapter 11 Cases and to combine notices to creditors and other parties in interest in the Debtors' respective cases.

**(22)** Jointly administering the cases will also enable the United States Trustee for the District of New Jersey (the "U.S. Trustee") and all other parties in interest to easily and efficiently stay apprised of all matters before the Court.

**(23)** Jointly administering the estates here will not prejudice any party in interest or harm the Debtors' creditor constituencies. The relief sought here is procedural and will not affect the substantive rights of any party in interest given that creditors will retain their ability to file their claim against a particular estate.

**(24)** The entry of Joint Administration Orders for procedural purposes only is noncontroversial and is quite common in the District of New Jersey. *See, e.g., In re New Rite Aid LLC*, Case No. 25-14861 (MBK) (Bankr. D.N.J. May 7, 2025) (granting joint administration) [Dkt. No. 122]; *In re Sam Ash Music Corp.*, Case No. 24-14727 (SLM)

(Bankr. D.N.J. May 10, 2024) [Dkt. No. 39] (same); *In re Thrasio Holdings, Inc.*, Case No. 24-11840 (CMG) (Bankr. D.N.J. Mar. 1, 2024) [Dkt. No. 64]; *In re Invitae Corp.*, Case No. 24-11362 (MBK) (Bankr. D.N.J. Feb. 16, 2024) [Dkt. No. 54] (same); *In re Careismatic Brands, LLC*, Case No. 24-10561 (VFP) (Bankr. D.N.J. Jan. 24, 2024) [Dkt. No. 57] (same); *In re WeWork Inc.*, Case No. 23-19865 (JKS) (Bankr. D.N.J. Jan. 8, 2024) [Dkt. No. 1116] (same), and *In re Golden Gait Farm, Inc.*, Case No. 19-33684 (CMG*)* (Bankr. D.N.J.< March 18, 2020 [Dkt. No. 57] (same).

**(25)**  Additionally, use of the Consolidated Caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n). 11 U.S.C. § 342(c)(1), Fed. R. Bankr. P. 2002(n).

**(26)**  Finally, it is again respectfully noted that this Motion seeks only joint administrative and not substantive consolidation of the Debtors' estates. Therefore, the rights of parties in interest will not be prejudiced. Instead, parties in interest will benefit from the reduced costs associated with a jointly administered estate. For these reasons, the Debtors submit that the relief requested is in the best interests of the Debtors, their estates and creditors, and should be granted.

### Request for Waiver of Memorandum of Law

**(27)**  Pursuant to Local Rule 9013-1(a)(3) the Debtors respectfully request the Court waive the requirements to file a separate Memorandum of Law, as the legal grounds upon which the Debtors rely is set forth in this Motion and does not raise any novel issues of law.

### Notice of Motion

**(28)**  Per the Application to Shorten Time to be filed herewith, the three movants propose that Notice of this Motion will be given to: (I) the United States Trustee for the District of New Jersey; (ii) the Debtors; (iii) Secured Creditors; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002.

**(29)**  Notice of this Motion and any order entered hereon will be served in

accordance with the Order Shortening time applied for herewith. In light of the nature of the relief requested herein, the Debtors submit that such notice will constitute due and proper notice has been given under the circumstances, and that no other or further notice is necessary.

## Conclusion

WHEREFORE, the Debtors respectively request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and appropriate under the circumstances.

Respectfully submitted,

MACIAG LAW, LLC

 */s/ Thaddeus R. Maciag*
Thaddeus R. Maciag, Esq.
Date: September 23, 2025    Attorney for the Debtors-in-Possession