**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Thaddeus R. Maciag, Esq.
MACIAG LAW, LLC
475 Wall Street
Princeton, New Jersey 08540
(908) 704-8800
*Proposed Attorney for the proposed*
*jointly administered Debtors-in-Possession*

| In re: | Case No.: **#25-19833-CMG** |
| --- | --- |
| ProPhase Diagnostics NJ, Inc., | Chapter 11 Reorganization |
|  | Judge: Hon. Christine M. Gravelle |
| Debtor-in-Possession. |  |

| In re: | Case No.: **#25-19834-CMG** |
| --- | --- |
| ProPhase Diagnostics NY, Inc., | Chapter 11 Reorganization |
|  | Judge: Hon. Christine M. Gravelle |
| Debtor-in-Possession. |  |

| In re: | Case No.: **#25-19836-CMG** |
| --- | --- |
| ProPhase Diagnostics, Inc., | Chapter 11 Reorganization |
|  | Judge: Hon. Christine M. Gravelle |
| Debtor-in-Possession. |  |

**CERTIFICATION OF DEREK DESTEFANO**
**IN SUPPORT OF**
**DEBTORS' MOTIONS**
**FOR ENTRY OF AN ORDER AUTHORIZING (A) THE**
**JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11**
**CASES AND (B) GRANTING RELATED RELIEF**
**AND FOR ENTRY OF AN ADMINISTRATIVE ORDER**

**DEREK DeSTEFANO**, of full age, certifies and says:

  **(1)**  I am a Director of each of the three above-captioned Chapter 11 Debtors-in-

Possession, and as such I am familiar with the facts of this Certification, which I make in support of the Proposed Jointly Administered Debtors' Motion for Entry of an Order Authorizing (A) the Joint Administration of the Debtors' Chapter 11 cases and (B) Granting Related Relief.

**(2)** The three Debtors-in-Possession: ProPhase Diagnostics NJ, Inc., ProPhase Diagnostics NY, Inc., and ProPhase Diagnostics, Inc. (collectively, the **"Debtors"**), have jointly filed papers with this Court, on Motion for Entry of an Order for Joint Administration of the three cases captioned above,

**(3)** Each of the Debtors has commenced a voluntary case by filing a Petition for Reorganization under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

**(4)** Based on the significant accounts receivable due to the debtor from established insurance companies, <u>it is projected and anticipated that there will be a 100% payment of the allowed claims of all Creditors in all three cases</u>.

**(5)** By this Motion, the Debtors request entry of an order, substantially in the form of the Proposed Order, directing the Joint Administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes.

**(6)** The Debtors also request that the Clerk of the Court maintain one file and one docket for all of the Debtors' Chapter 11 Cases, under the case assigned to ProPhase Diagnostics NJ, Inc. (the "Lead Case"), and ask that the case captioned going forward be:

| In re: | Case No.: **#25-**_____ |
|---|---|
| ProPhase Diagnostics NJ, Inc., *et al.* | Chapter 11 Reorganization |
|  | Judge: |
| Debtors-in-Possession. |  |

**(7)** The Debtors also seek in the Proposed Order the Court's direction to the Clerk that a notation be entered on the Docket in each Debtor's Chapter 11 case to reflect the Joint

Administration of these cases upon the entry of this Order, and that an Administrative Order be entered, providing for Monthly Fee Statements, and periodic Applications for Compensation.

**(8)** The Debtors also seek in the Proposed Order authorization to file a Consolidated Creditor Matrix for the three cases.

**(9)** The Debtors' operations are interconnected and co-dependent, under the same ownership, have the same officers and directors, and share many of the same parties in interest.

**(10)** Many, if not virtually all, of the motions, applications, hearings and orders that will arise in these Chapter 11 Cases will jointly affect all of the Debtors. Jointly administering the cases will avoid unnecessary expenses by eliminating the need for duplicative filings, objections, notices, and hearings.

**(11)** The three proposed jointly administered Debtors request authority to file a Consolidated List of Creditors (matrix) on the primary case docket. The Debtors believe that a Consolidated List of Creditors will better aid the U.S. Trustee in its efforts to communicate with these creditors.

**(12)** The three proposed jointly administered Debtors also believe that allowing the Debtors to maintain a Consolidated List of Creditors on the primary case docket, in lieu of filing a separate creditor matrix for each Debtor, is warranted under the circumstances, as in the interest of judicial economy and joint administration.

**(13)** This Certification is also filed in support of the Debtor's motion for entry of an order establishing procedures for allowance and payment of interim compensation and reimbursement of expenses of professionals, in order to establish an orderly, regular process for allowance and payment of compensation and reimbursement for professionals whose services are authorized by this Court pursuant to Bankruptcy Code and who will be required to file with this Court periodic applications for allowance of compensation and reimbursement

of expenses.

**(14)** Additionally, Joint Administration and the filing of a Consolidated List of Creditors will reduce the administrative burdens imposed on the Court and any noticing agent appointed, as the Clerk of the Court will be permitted to utilize a single docket for the Chapter 11 Cases and to combine notices to creditors and other parties in interest in the Debtors' respective cases.

**(15)** Jointly administering the cases will also enable the United States Trustee for the District of New Jersey (the "U.S. Trustee") and all other parties in interest to easily and efficiently stay apprised of all matters before the Court.

**(16)** Jointly administering the estates here will not prejudice any party in interest or harm the Debtors' creditor constituencies. The relief sought here is procedural and will not affect the substantive rights of any party in interest given that creditors will retain their ability to file their claim against a particular estate.

**(17)** Finally, it is again respectfully noted that this Motion seeks only joint administrative and not substantive consolidation of the Debtors' estates. Therefore, the rights of parties in interest will not be prejudiced. Instead, parties in interest will benefit from the reduced costs associated with a jointly administered estate.

**(18)** The Debtors submit that the relief requested is in the best interests of the Debtors, their debtor's estates and creditors, and should be granted..

I hereby certify that the foregoing statements made by me are true to the best of my information, knowledge and belief; I am aware that if these statements are wilfully false, I am subject to punishment.

Date: September 21, 2025

   */s/ Derek DeStefano*
Derek DeStefano.
Director
ProPhase Diagnostics NJ, Inc.
ProPhase Diagnostics NJ, Inc.
ProPhase Diagnostics, Inc.
Debtors-in-Possession