UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Thaddeus R. Maciag, Esq.
MACIAG LAW, LLC
475 Wall Street
Princeton, New Jersey 08540
(908) 704-8800
*Attorney for the Debtors*



Order Filed on November 13, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

ProPhase Diagnostics NJ, Inc., *et al.*,

Debtors.

Case No.: 25-19833-CMG
Chapter 11 Reorganization
Judge: Gravelle

(Jointly Administered)

## ORDER AUTHORIZING RETENTION OF CROWN MEDICAL COLLECTIONS LLC

The relief set forth on the following pages, numbered two (2) through six (6), is hereby **ORDERED.**

DATED: November 13, 2025

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

This matter having been opened to the Court by the Debtor as Applicant, on request for authorization to retain Crown Medical Collections LLC ("Crown") as a professional collection agent for the Debtor, and for good cause shown; it is hereby:

**ORDERED that:**

1. The Applicant is authorized pursuant to 11 U.S.C. §327(a) and §328(a) to retain the above party in the professional capacity as noted. The professional's address is Crown Medical Collections LLC, 110 W. High Street, Ebensburg, Pennsylvania 15931.

2. Compensation, per 11 U.S.C. §327(a) and §328(a), will be paid consistent with the terms and conditions of employment of the Contingency Fee agreement annexed as Exhibit A [at *ECF No. 27-2* on the within docket] ("the Contingency Fee Agreement") to the Application, at the contingent fee set forth at Section 4.A. of said Contingency Fee Agreement, i.e., at 30% of the gross amount of money collected by Crown, on the terms set forth in the agreement.

3. Crown shall file applications for allowance of compensation and reimbursement of expenses pursuant to and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders and procedures of this Court; *provided* that the fees, expenses and other compensation payable to Crown pursuant to the Contingency Fee Agreement shall be subject to review pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except, notwithstanding any provisions to the contrary in this Order, the United States Trustee (the "U.S. Trustee") shall retain the right and be entitled to object to Crown's fees, expenses and other compensation based on the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains jurisdiction to consider any such objection or response by the U.S. Trustee to Crown's fee applications under section 330 of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Crown's fees under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or the record shall constitute

a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Crown's fees.

4. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, in light of services to be provided by Crown and the structure of Crown's compensation pursuant to the Contingency Fee Agreement, Crown and its professionals shall be granted a limited waiver of the information-keeping requirements of Bankruptcy Rule 2016(a), Local Rule 2016-1, the U.S. Trustee Guidelines, and any otherwise applicable orders or procedures of the Court in connection with the services to be rendered pursuant to the Contingency Fee Agreement, and shall instead be required only to maintain time records of its services rendered for the Debtors in half-hour increments.

5. All fees paid to Crown by the Debtors pursuant to the Contingency Fee Agreement during these chapter 11 cases are subject to disgorgement unless and until they are approved by the Court on a final basis, after submission of Crown's final fee application.

6. If Crown proposes to at a future point engage counsel, either from its own in-house counsel staff, or outside counsel, in the pursuit of its collection efforts on behalf of the Debtors, the Debtors will be required to file a separate Application for Retention as to any such outside counsel, with retention of same subject to Bankruptcy Court approval. Any such attorneys not admitted in U.S. District Court for the District of New Jersey would be required to seek and to attain admission pro hac vice if and as applicable.

7. No bankruptcy estate funds may be utilized to compensate any individual Crown attorneys nor any outside counsel if such might be appointed rather, the fees of all attorneys working on these collections for Crown must be compensated only by Crown, from its 30% contingent fee, and must be separately retained by the Debtor and approved by the Court.

8. Notwithstanding the Application, the Certification of Richard Hersperger, or the Contingency Fee Agreement to the contrary, Paragraph 3B of the Contingency Fee Agreement is modified during the pendency of these bankruptcy cases to provide that the Referred Accounts

will be deposited into a Debtor-in-Possession Trust Account held by the Debtors at a bank that is or has agreed to be a uniform depository bank with the US Trustee for Region 3, subject to further disbursement and remittance to Crown, and to the Debtor or allowed administrative claims in this case, only upon application to and approval by the Court.

9. Notwithstanding the Application, the Certification of Richard Hersperger, or the Contingency Fee Agreement to the contrary, Paragraphs 4 and 5 of said Agreement are modified to reflect that no payments are to be made to Crown including any Contingent Fee unless such fees are approved by the Court. All payments shall be paid only to the designated Debtor-in-Possession Trust Account, and held in such account until any disbursement to Crown or the Debtor is approved upon further Order of the Court.

10. Notwithstanding the Application, the Certification of Richard Hersperger, or the Contingency Fee Agreement to the contrary, the last sentence of Paragraph 6D of said Agreement is null and void during the pendency of these bankruptcy cases.

11. Notwithstanding the Application, the Certification of Richard Hersperger, or the Contingency Fee Agreement to the contrary, paragraph 8 of the Contingency Fee Agreement is revised to reflect that termination may only occur upon Court order.

12. Notwithstanding the Application, the Certification of Richard Hersperger, or the Contingency Fee Agreement to the contrary, paragraphs 9 and 10 are void during the pendency of these bankruptcy cases.

13. Notwithstanding the Application, the Certification of Richard Hersperger, or the Contingency Fee Agreement to the contrary, including paragraph 18 of the Contingency Fee Agreement, during the pendency of these cases, the Court shall have exclusive jurisdiction over any matter arising out of or pertaining to the Contingency Fee Agreement.

14. Notwithstanding the Application, the Certification of Richard Hersperger, or the Contingency Fee Agreement to the contrary, nothing in this Order shall prevent ProPhase Labs, Inc. (a non-debtor, but a parent company of the Debtors) from separately compensating Crown up to the 30% level set forth in paragraph 2 of this Order, provided that any such compensation,

if any, may only be from ProPhase Labs, Inc., shall not be from any funds or assets of the Debtors' estates, shall be disclosed on the Debtors' monthly operating reports, and shall be considered disbursements on behalf of the Debtors.

15. Notwithstanding the Application, the Certification of Richard Hersperger, or the Contingency Fee Agreement to the contrary, and as certified in the Supplemental Certification of Richard Hersperger and the Supplemental Certification of Derek DeStefano in support of the application, (a) Crown's loyalty in this Retention shall be exclusively as to the Debtors, and notwithstanding whether or not ProPhase Labs Inc. pays any portion of the 30% contingency fees to Crown, that Crown shall only take direction from the Debtors and their independent Bankruptcy Committees, the establishment of which independent committees are set forth in the Corporate Resolutions filed on the Court dockets in these jointly administered cases on the Petition Date; (b) in the event that ProPhase Labs Inc. does make any payment to the Debtors, ProPhase Labs Inc. shall not hold a claim against the Debtors for any payments to Crown, and the Debtors and Crown will report such payments, through Debtors' counsel, to the Office of U.S. Trustee and any statutory committees appointed in these cases, so that the Debtors and Crown can account for same as included as disbursements for purposes of calculating quarterly fees.

16. Notwithstanding the Application, the Certification of Richard Hersperger, or the Contingency Fee Agreement to the contrary, to the extent Crown retains the services of independent contractors or subcontractors (collectively, the "**Contractors**") in these chapter 11 cases to conduct certain of its services under the Contingency Fee Agreement in its stead and Crown seeks to pass through to the Debtors, and requests to be reimbursed for, the fees and/or costs of the Contractors, Crown shall (a) pass through the fees of such Contractors to the Debtors at the same rate that Crown pays the Contractors; (b) seek reimbursement for actual costs of the Contractors only; [c] ensure that the Contractors perform the conflicts check required by Bankruptcy Rule 2014 and file with the Court such disclosures as required by Bankruptcy Rule 2014; and (d) attach any such Contractor invoices to its monthly fee statements, interim fee

applications and/or final fee applications filed in these chapter 11 cases.

17. In the event Crown seeks to use any of its affiliates to perform services for the Debtors, the Debtors shall seek the separate retention of any such affiliates.

18. None of the fees payable to Crown under the Contingency Fee Agreement shall constitute a "bonus" or fee enhancement under applicable law.

19. To the extent that there may be any inconsistency between the terms of the Contingency Fee Agreement, the Application, the Certification of Richard Hersperger, and this Order, the terms of this Order shall govern.

20. Notwithstanding anything to the contrary in the Application, the Certification of Richard Hersperger or the Contingency Fee Agreement, this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

21. The effective date of retention is the date the Application was filed with the Court.

#    #    #