UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 AND 9
Jeffrey M. Sponder, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Email: jeffrey.m.sponder@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| ProPhase Diagnostics NJ, Inc., et als., | Case No. 25-19833 (CMG); jointly administered |
| Debtors. | Hearing Date: February 10, 2026 at 2:00 p.m. |
| | The Honorable Chief Judge Christine M. Gravelle |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY THE UNITED STATES TRUSTEE UNDER 11 U.S.C. § 1112(b) FOR AN ORDER DISMISSING CASES, OR, IN THE ALTERNATIVE, CONVERTING CASES TO CHAPTER 7**

Andrew R. Vara, the United States Trustee for Regions 3 and 9 (the "U.S. Trustee"), by and through counsel, in furtherance of his duties and responsibilities, hereby files this Memorandum of Law in Support of an Order Dismissing these Cases, or, in the Alternative, Converting Cases to Chapter 7 ("Motion") on the grounds that the Debtors failed to file monthly operating reports ("MORs") for the months of September 2025, October 2025, and November 2025.

**FACTS**

The facts recited below are supported by the Certification of Daniel Kropiewnicki, Bankruptcy Analyst, in Support of the Motion of the U.S. Trustee for an Order Dismissing Cases or, in the alternative, Converting Cases to Chapter 7 filed herewith.

1

1.      On September 22, 2025 (the "Petition Date"), ProPhase Diagnostics NJ, Inc. ("ProPhase NJ"), ProPhase Diagnostics NY, Inc. ("ProPhase NY"), and ProPhase Diagnostics, Inc. ("ProPhase" and together with ProPhase NJ and ProPhase NY, the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11, United States Code. *See* Certification of Daniel Kropiewnicki (the "Certification"), at ¶ 2.

2.      An Unsecured Creditors' Committee has not been appointed by the United States Trustee. *See id.* at ¶ 3.

3.      To date, the Debtors remain in possession of their property and management of their affairs. *See id.* at ¶ 4.

4.      The Debtors have failed to file monthly operating reports since the inception of these cases including the months of September 2025, October 2025, and November 2025. *See id.* at ¶ 5.

## DISCUSSION

**A.      Cause Exists To Convert or Dismiss this Case.**

5.      11 U.S.C. § 1112(b)(1) provides, in pertinent part:

> [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

6.      "Cause" is defined in 11 U.S.C. § 1112(b)(4) as including:

> (F)     unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; and

2

>   (K)   failure to pay any fees or charges required under chapter 123 of title 28.

11 U.S.C. § 1112(b)(4)(F) and (K).

7.   It is well settled that the list of factors constituting "cause" are not exhaustive. The legislative history for the statute provides in part, "[t]he court will be able to consider other factors, and to use its equitable powers to reach an appropriate result in individual cases." H. Rep. 595, 95th Cong., 1st Sess. 406 (1977); *see also In re Pittsfield Weaving Company*, 393 B.R. 271, 274 (Bankr. D.N.H. 2008) (Section 1112(b)(4) provides a non-exhaustive list of "causes" for conversion or dismissal).

**B.   The Debtors Failed to File Monthly Operating Reports.**

8.   Pursuant to 11 U.S.C. §§ 704(7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1), 1107(a) and Fed. R. Bankr. P. 2015, a debtor is required to supply certain reports concerning the estate's administration and the operation of the Debtor's postpetition business as prescribed by the U.S. Trustee Operating Guidelines and Reporting Requirements for Chapter 11 cases which were distributed to the Debtor at the inception of this case.

9.   Here, the Debtors have not filed monthly operating reports since the inception of these cases including the months of September 2025, October 2025, and November 2025. *See* Certification at ¶ 5.

10.   The Debtors' failure to file the monthly operating reports is grounds to dismiss or convert these cases. Therefore, cause exists to dismiss these cases or convert these cases to chapter 7, whichever is in the best interest of the Debtors and creditors pursuant to 11 U.S.C. § 1112(b)(4)(F). As the Debtors continue to collect receivables, the cases should be converted to chapter 7 to allow an independent fiduciary to continue collection of receivables and ultimately provide a distribution to creditors.

3

## CONCLUSION

WHEREFORE, for the foregoing reasons, the U.S. Trustee respectfully requests that this Court enter an order either converting the cases to chapter 7 or dismissing the cases, whichever the Court finds to be in the best interests of creditors and the bankruptcy estate, and that this Court grant such other and further relief as is deemed just and equitable.

        Respectfully submitted,

        ANDREW R. VARA
        UNITED STATES TRUSTEE
        REGIONS 3 and 9

        By: */s/ Jeffrey M. Sponder*
            Jeffrey M. Sponder

DATED:  January 15, 2026        Trial Attorney