# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY
### FEE APPLICATION COVER SHEET

IN RE:  ProPhase Diagnostics NJ, Inc.     APPLICANT:   Thaddeus R. Maciag, Esq.
    **(jointly administered)**     Maciag Law, LLC
       (Debtor's Attorney)

CASE NO: 25-19833-CMG (lead case)     CLIENT:     Debtors (jointly administered)
*(jointly administered with 25-19834 and 25-19836)*
JUDGE:  Hon. Christine M. Gravelle
CHAPTER:  11     CASE FILED: 9/22/2025

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION
UNDER PENALTY OF PERJURY, PURSUANT TO 28 U.S.C. 1746.
RETENTION ORDER(S) ATTACHED

Respectfully submitted,

**MACIAG LAW, LLC**

Date:   1/27/2026

  /s/ Thaddeus R. Maciag
Thaddeus R. Maciag, Esq.

---

## FEE SUMMARY

FEE APPLICATION NO.:   – 1 –

TOTAL PREVIOUS FEE REQUESTED:     $     0.00

TOTAL FEES ALLOWED TO DATE:     $     69,724.00 [80% of Monthly Fee Statements]

TOTAL RETAINER (IF APPLICABLE)     $     35,000.00

TOTAL HOLDBACK (IF APPLICABLE)     $     17,431.00

TOTAL RECEIVED BY APPLICANT     $     45,000.00 [including Retainer]

| NAME OF PROFESSIONAL & TITLE | HOURS | RATE | FEE |
|---|---|---|---|
| **Thaddeus R. Maciag, Esq. Attorney, J.D. ('81)** | **181.3** | **475** | **$    86,117.50** |
| **Mary Pixley, PhD, paralegal** | **8.3** | **75** | **$    1,037.50** |
| | | | |
| **TOTALS:** | **189.6** | **AVG  $459.68** | **$    87,155.00** |

FEE TOTALS: $    87,155.00
DISBURSEMENTS TOTALS:  $    342.37
TOTAL FEE APPLICATION:  $    87,497.37

## SECTION II
## SUMMARY OF SERVICES -- ***DECEMBER 1-31, 2025***

| SERVICES RENDERED | HOURS | FEE |
|---|---|---|
| a)  Asset Analysis & Recovery | 6.3 | 2,992.50 |
| b)  Asset Disposition | 0.0 | 0.00 |
| c)  Business Operations (incl insurance, first-day issues) | 0.7 | 332.50 |
| d)  Case Administration (incl. re MORs, 341, IDI, UST) | 6.8 | 3,230.00 |
| e) Claims Administration and Objection | 0.0 | 0.00 |
| f)  Employee Benefits/Pensions | 0.0 | 0.00 |
| g) Fee/Employment Applications | 3.5 | 1,662.50 |
| h) Fee/Employment Objections | 0.0 | 0.00 |
| I)  Financing | 1.1 | 522.50 |
| j) Litigation (other than Avoidance Action Litigation –includes Motions, Applications, Orders) | 3.1 | 1,472.50 |
| k) Preparation of Plan/Disclosure Statement | 1.2 | 0.00 |
| L) Preparation Petition, Schedules, Follow-Up Papers, Corporate Resolutions, Amendments | 1.4 | 570.00 |
| M) Paralegal | 1.4 | 175.00 |
| SERVICES TOTAL: | 26.1 | 11,907.50 |

### SECTION II
### SUMMARY OF SERVICES -- ***NOVEMBER 1-30, 2025***

| SERVICES RENDERED | HOURS | FEE |
|---|---|---|
| a) Asset Analysis & Recovery | 0.0 | 0.00 |
| b) Asset Disposition | 0.0 | 0.00 |
| c) Business Operations (incl insurance, first-day issues) | 3.5 | 1,662.50 |
| d) Case Administration (incl. re MORs, 341, IDI, UST) | 7.3 | 3,467.50 |
| e) Claims Administration and Objection | 0.0 | 0.00 |
| f) Employee Benefits/Pensions | 0.0 | 0.00 |
| g) Fee/Employment Applications | 14.7 | 6,982.50 |
| h) Fee/Employment Objections | 0.0 | 0.00 |
| I) Financing | 0.0 | 0.00 |
| j) Litigation (other than Avoidance Action Litigation –includes Motions, Applications, Orders) | 12.9 | 6,127.50 |
| k) Preparation of Plan/Disclosure Statement | 0.0 | 0.00 |
| L) Preparation Petition, Schedules, Follow-Up Papers, Corporate Resolutions, Amendments | 23.9 | 0.00 |
| M) Paralegal | 2.1 | 11,352.50 |
| SERVICES TOTAL: | 65.4 | $  29,855.00 |

## SECTION II
## SUMMARY OF SERVICES -- ***OCTOBER 1-31, 2025***

| SERVICES RENDERED | HOURS | FEE |
|---|---|---|
| a)  Asset Analysis & Recovery | 0.0 | 0.00 |
| b)  Asset Disposition | 0.0 | 0.00 |
| c)  Business Operations (incl insurance, first-day issues) | 3.5 | 1,662.50 |
| d)  Case Administration (incl. re MORs, 341, IDI, UST) | 18.1 | 8,597.50 |
| e) Claims Administration and Objection | 0.0 | 0.00 |
| f)  Employee Benefits/Pensions | 0.0 | 0.00 |
| g) Fee/Employment Applications | 14.2 | 6,745.00 |
| h) Fee/Employment Objections | 0.0 | 0.00 |
| I)  Financing | 0.0 | 0.00 |
| j) Litigation (other than Avoidance Action Litigation –includes Motions, Applications, Orders) | 26.1 | 12,397.50 |
| k) Preparation of Plan/Disclosure Statement | 0.0 | 0.00 |
| L) Preparation Petition, Schedules, Follow-Up Papers, Corporate Resolutions | 0.0 | 0.00 |
| M) Paralegal | 0.5 | 62.50 |
| SERVICES TOTAL: | 62.4 | $  29,465.00 |

### SECTION II
### SUMMARY OF SERVICES -- ***SEPTEMBER 22-30, 2025***

| SERVICES RENDERED | HOURS | FEE |
|---|---|---|
| a)  Asset Analysis & Recovery | 0.0 | 0.00 |
| b)  Asset Disposition | 0.0 | 0.00 |
| c)  Business Operations (incl insurance, first-day issues) | 1.5 | 712.50 |
| d)  Case Administration (incl. re MORs, 341, IDI, UST) | 14.7 | 6,982.50 |
| e) Claims Administration and Objection | 0.0 | 0.00 |
| f)  Employee Benefits/Pensions | 0.0 | 0.00 |
| g) Fee/Employment Applications | 1.6 | 760.00 |
| h) Fee/Employment Objections | 0.0 | 0.00 |
| I)  Financing | 0.0 | 0.00 |
| j) Litigation (other than Avoidance Action Litigation –includes Motions, Applications, Orders) | 14.0 | 6,650.00 |
| k) Preparation of Plan/Disclosure Statement | 0.0 | 0.00 |
| L) Preparation Petition, Schedules, Follow-Up Papers, Corporate Resolutions | 0.6 | 285.00 |
| M) Paralegal | 4.3 | 537.50 |
| SERVICES TOTAL: | 36.7 | $  15,927.50 |

## SECTION III
### SUMMARY OF DISBURSEMENTS -- (SEPTEMBER 22 - DECEMBER 31, 2025)

| DISBURSEMENTS | AMOUNTS |
|---|---|
| a)  Computer Assisted Legal Research | 0.00 |
| b)  Fascsimile  No. Pages 0 Rate per Page $.75 (Max $1.00) | 0.00 |
| c)  Long Distance Telephone | 0.00 |
| d) In-House Reproduction   No. Pages 589; Rate per Page .20 (Max $.20) | 117.80 |
| e)  Outside Reproduction | 0.00 |
| f)  Outside Research | 0.00 |
| g)  Filing/Court Fees | 102.00 |
| h)  Court Reporting | 0.00 |
| I)  Travel & Parking | 0.00 |
| j)  Courier/Express (e.g., Federal Express) | 70.37 |
| k) Postage | 52.20 |
| l) Other (Explain) — [Court-Solutions,/Court-Call: conference call fees; electronic court appearance fees] | 0.00 |
|  |  |

| DISBURSEMENTS TOTAL: | $    342.37 |
|---|---|

## SECTION IV

## CASE HISTORY

(NOTE:  Items 3 - 6 are not applicable to applications under 11 U.S.C. 506)

**(1)  DATE CASE FILED:**   September 22, 2025

**(2)  CHAPTER UNDER WHICH CASE WAS COMMENCED:**      11

**(3)  DATE OF RETENTION:** effective September 22, 2025 (Retention Order dated 10/20/2025)

**Annex copy of Retention Order:**  *ATTACHED at Exhibit A*

**IF LIMIT ON NUMBERS OF HOURS OR OTHER LIMITATIONS TO RETENTION, SET FORTH**:  N/A

**(4)  SUMMARIZE IN BRIEF THE BENEFITS TO THE ESTATE AND ATTACH SUPPLEMENTS AS NEEDED**:

See attached Application, and summary of services and attorney hours, *at Exhibit B*

**(5)  ANTICIPATED DISTRIBUTION TO CREDITORS:**
**[A]  ADMINISTRATIVE EXPENSES:**         100%
**[B]  SECURED CREDITORS:**                       100%
**[C]  PRIORITY CREDITORS:**                       100%
**[D]  GENERAL UNSECURED CREDITORS**    100%

**(6)  FINAL DISPOSITION OF CASE AND PERCENTAGE OF DIVIDEND PAID TO CREDITOR (IF APPLICABLE**)
Chapter 11 filed September 22, 2025
The jointly administered cases are presently still pending

MACIAG LAW, LLC

SIGNATURE OF APPLICANT:       by:  /s/Thaddeus R. Maciag      1/27/2026
                                                   Thaddeus R. Maciag, Esq.      Date

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Thaddeus R. Maciag, Esq.
MACIAG LAW, LLC
475 Wall Street
Princeton, New Jersey 08540
(908) 704-8800
*Attorney for the Debtors*

In re:

  ProPhase Diagnostics NJ, Inc.,

                       Debtor.

</td><td>

Case No.: **#25-19833-CMG**
Chapter 11 Reorganization
Judge: Hon. Christine M. Gravelle
Hearing Date: February 17, 2026

</td></tr>
</table>

**(Jointly Administered)**

<u>**To:  Hon. Christine M. Gravelle, Chief Judge, United States Bankruptcy Court, D.N.J.**</u>

    **(1)**    Thaddeus R. Maciag, Esq., Maciag Law, LLC, Attorney for the Debtor-in-Possession, makes this Interim Application for the period September 22, 2025 through December 31, 2025, for entry of an Order allowing compensation and reimbursement of expenses, and would respectfully show that:

    **(2)**    The Debtors filed Petitions for Reorganization under Chapter 11 of the code on September 22, 2025 in cases #s 25-19833-CMG, #25-19834-CMG, and #25-19836-CMG. Pursuant to Sections 1107 and 1108 of the Code, the Debtors remains in possession of their estate.

    **(3)**    Retention Orders authorizing the retention of the applicant as Debtors' Attorney were entered October 10, 2025 [see ***Exhibit A*** to this application]

    **(4)**    Jointly Administered Debtors.  The three instant Debtors' respective cases are jointly administered per this Court's Amended Order for Joint Administration entered September 30, 2025 [ECF #13]

**Jurisdiction and Venue**

**(5)**    The United States Bankruptcy Court for the New Jersey (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered on July 23, 1984, and amended on June 6, 2025 (Hon. Renée Marie Bumb, Chief Judge, United States District Court, D.N.J.) (the "**Standing Order**").

**(6)**    This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The Debtors consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**(7)**    Venue is proper in this District pursuant to 28 U.S.C. §1334(b), §1408, and §1409.

**(8)**    No prior request for the relief sought in this Application has been made to this or any other court in connection with the Chapter 11 case (other than the filing of Monthly Fee Statements in the ordinary course, under the procedures provided by this Court's Administrative Order dated October 21, 2025 (ECF #30)

**Standard of Review**

**(9)**    Under 11 U.S.C. § 330, this Court may award Applicant "reasonable compensation for actual necessary services rendered . . ." *11 U.S.C. §330(a)(1).*  The Legislative History of the Code shows that Congress made clear its intent to ensure competent representation of debtors by requiring compensation of "attorneys and other professionals serving in a case under Title 11 at the same rate as the attorney or other professional would be compensated for performing comparable services" in non-bankruptcy cases. 124 Cong.

Rec. H32,394 (1978) (statement of Rep. Edwards); 124 Cong.Rec. S33, 994 (1978) (statement of Sen. DeConcini). Section 330 requires the Court to determine that the services provided by a professional seeking compensation were necessary, before examining the reasonableness of the services. *In re Engel*, 190 B.R. 206, 209 (Bankr. D.N.J. 1995). The Courts consider services to be "necessary"in Chapter 11 if they benefitted the bankruptcy Debtor's Estate. *Id.* (. . . and, notably, in a Chapter 12 case, such as the case at hand, Courts may also award services to the Debtor's attorney for services that solely benefit the Debtor. See *11 U.S.C. §330(a)(4)(B),* which specifically provides for an exception where the debtor is an individual in a Chapter 12 or Chapter 13 case, where in such cases compensation may be allowed for services which solely benefit the Debtor).

**(10)**    The test for determining whether services were necessary is objective, focusing on what services a reasonable professional would have performed under the same circumstances. *In re APW Enclosure Syst., Inc.*, No. 06-11378 (MFW), 2007 WL 3112414, at *3 (Bankr. D. Del. 2007), citing *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 72 (2d Cir. 1996)). The test does not rely on hindsight to determine the ultimate success or failure of the professional's actions. See *id.* (citing *Keate v. Miller* (In re Kohl), 95 F.3d 713, 714 (8th Cir. 1996)).

**(11)**    Applicant respectfully submits that the services for which it seeks compensation were necessary to effectively represent the Debtor and the interests of the Estate, and that they services were performed economically and effectively.

**(12)**    In addition to determining whether the services for which a professional seeks compensation were necessary, the Court must determine whether the compensation sought is reasonable. 11 U.S.C. §330(a)(3) provides:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—

(a)    the time spent on such services;

(b)    the rates charged for such services;

[c]    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(e)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(f)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

[*11 U.S.C. §330(a)(3)*]

**(13)**    Applicant recognizes that in order to establish an objective basis for determining the amount of compensation that is reasonable for attorneys' services, the Court should consider the following factors in awarding attorneys' fees:

(a)    time and labor required;

(b)    novelty and difficulty of the questions;

[c]    skill requisite to perform the legal services properly;

(d)    the customary fee;

(e)    whether the fee is fixed or contingent;

(f)    the amount involved and the results achieved;

(g)    time and limitation imposed by client or other circumstances;

(h)    the experience, reputation and ability of the attorneys;

(I)    the undesirability of the case; and

(j)    awards in similar cases.

See *In re Busy Beavers Bldg. Centers, Inc*., 19 F.3d 833 (3d Cir. 1994); *Matter of First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977); *Ross Pass Mines, Inc., v. Howard*, 615 F.2d 1088 (5th Cir. 1980); and *Johnson v. Georgia Highway Express*, *Inc.,* 488 F. 2d 714 (5th Cir. 1974). Applicant further notes that a client other than a Trustee, Debtor-in-Possession, Debtor or committee would have been required to pay the full amount of the Applicant's time charges on a monthly basis. Attorneys in bankruptcy practice are entitled to compensation commensurate with that received by other attorneys.

## **Application**

(14)    Applicant now makes its Application for First Interim Compensation, for the period September 22, 2025 through December 31, 2025. Applicant makes this application for allowance of compensation for professional services rendered as described below and for reimbursement of actual and necessary expenses incurred in rendering such services. All services for which compensation is requested were performed for and on behalf of the Debtors-in-Possession and not for any committee, creditor or other person.

(15)    Monthly Fee Statements [see Exhibit B to this Application] were previously filed for the months of September 2025, October 2025, November 2025, and December 2025, under the procedures provided by this Court's Administrative Order dated October 21, 2025 (ECF #30)

(16)    Applicant makes this application for allowance of compensation for professional services rendered as described below and for reimbursement of actual and necessary expenses incurred in rendering such services. All services for which compensation is requested were performed for and on behalf of the Debtors-in-Possession and not for any committee, creditor or other person

(17)    Applicant respectfully submits that the services for which it seeks

compensation were necessary to effectively represent the Debtor and the interests of the Estate, and that they services were performed economically and effectively.  Accordingly, Applicant respectfully submits that it performed "actual and necessary" services compensable under 11 U.S.C. §330.

(18)    Applicant makes this application for allowance of compensation for professional services rendered as described below and for reimbursement of actual and necessary expenses incurred in rendering such services. All services for which compensation is requested were performed for and on behalf of the Debtors-in-Possession and not for any committee, creditor or other person.

(19)    During this Chapter 11 Reorganization case, Applicant rendered extensive services to the Debtor-in-Possession, including but not limited to the following:

(a)  Applicant facilitated the commencement of the Chapter 11 cases through the completion of filing of three voluntary petitions in Chapter 11 Reorganization, and Corporate Resolutions in support of same.

(b)  Applicant prepared, reviewed, revised, and filed the Debtors' Motions for Joint Administration, negotiated with the Office of the U.S. Trustee over the proposed form of order, and attained entry of an Order for Joint Administration.

[c]  Applicant prepared, reviewed, revised, and filed the Debtors' Application to Shorten Time on the Motions for Joint Administration, and attained entry of an Order Shortening Time for Notice and Hearing.

(d)  Applicant prepared, reviewed, revised, and filed the Debtors' Application for Retention of Debtor's Attorney, negotiated with the Office of the U.S. Trustee over the proposed form of order, and, and attained entry of an Order Authorizing Retention.

(e)  Applicant prepared, reviewed, revised, and filed the Debtors' Motion for

Entry of an Administrative Order, negotiated with the Office of the U.S. Trustee over the proposed form of order, and attained entry of an Administrative Order.

(f) Applicant negotiated with the Office of the United States Trustee, in connection with the relief requested in the referenced Motions and Applications, reviewing issues with the Debtors, reviewing proposed red-lined revised Orders, and achieving agreement on revised forms of Order in regard to consensual resolutions of said Motions and Applications.

(g)  Applicant conferred with Debtors' staff, and reviewed and compiled documents and records in preparation for the 341 Meeting of Creditors and Initial Debtor Interview, to be submitted to the Office of United States Trustee.

(h) Applicant conferred at length with Debtor's staff on legal, substantive and procedural obligations of the Debtors in Possession in Chapter 11, and in compliance with said obligations and in review of plans going forward as to a successful Reorganization.

(I) Applicant provided legal advice to the Debtors regarding Federal and Local D.N.J. Bankruptcy rules, practices and procedures.

(j)  Applicant attained entry of three Amended Orders Granting Motions For Joint Administration of the three originally filed cases.

(k)  Applicant successfully negotiated with the Office of the United States Trustee in regard to that office's intended Objections to the Debtors' Application for Retention of Debtor's Attorney, engaged in negotiations between the Debtors and the Office of U.S. Trustee re same, and achieved agreement on redlined revisions to the Proposed Order for Retention, and successfully attained an entered Court Order Granting Application to Employ Professional.

(l)  Applicant successfully negotiated with the Office of the United States Trustee in regard to that office's intended Objections to the Debtors' Motion for Entry of an Administrative Order, engaged in negotiations between the Debtors and the Office of U.S. Trustee re same, and achieved agreement on redlined revisions to the Proposed Administrative Order, and successfully attained an entered Administrative Order.

(m)  Applicant prepared, reviewed, revised, and filed motion papers and all supporting documents, filing with the Court the Debtors' Motion, per 11 U.S.C. §333(a)(1) and Fed. R. Bankr.P. Rule 2007.2(a), for Entry of an Order Finding that Health Care Ombudsman is not Necessary in this Case.

(n)  Applicant prepared, reviewed, revised, and filed motion papers and all supporting documents, filing with the Court the Debtors' Application for Retention of Crown Medical Collections LLC, and engaged in extensive negotiations with the Office of United States Trustee in regard to that office's intended Objections to the Debtors' Application for Retention of Crown Medical, and has engaged in negotiations between the Debtors and the Office of U.S. Trustee re same.

(o) Applicant negotiated with the Office of the United States Trustee, in connection with the relief requested in the referenced Motions and Applications, reviewing issues with the Debtors, reviewing proposed red-lined revised Orders, and achieving agreement on revised forms of Order in regard to consensual resolutions of said Motions and Applications.

(p)  Applicant conferred with Debtors' staff, and reviewed and compiled documents and records in preparation for the 341 Meeting of Creditors and Initial Debtor Interview, and submitted to the Office of United States Trustee.

(q)  Applicant briefed and prepared the Debtors' staff, and prepared for and

represented the Debtors at the 341 Meeting of Creditors in this case.

[r]   Applicant briefed and prepared the Debtors'staff, and prepared for and represented the Debtors at the Initial Debtor Interview in this case.

(s)   Applicant prepared for and represented the Debtors at the Initial Chapter 11 Status Conference Hearing before Chief Judge Gravelle.

(t) Applicant conferred at length with Debtor's staff on legal, substantive and procedural obligations of the Debtors in Possession in Chapter 11, and in compliance with said obligations and in review of plans going forward as to a successful Reorganization.

(u)   Applicant successfully negotiated at length with the Office of the United States Trustee in regard to that office's intended Objections to the Debtors' Application for Retention of professional Crown Medical Collections LLC, engaged in negotiations between the Debtors and the Office of U.S. Trustee re same, and achieved agreement on redlined revisions to the Proposed Order for Retention, and successfully attained an entered Court Order Granting Application to Employ Professional.

(v) Applicant negotiated with the Office of the United States Trustee, in connection with the relief requested in the referenced Motions and Applications, reviewing issues with the Debtors, reviewing proposed red-lined revised Orders, and achieving agreement on revised forms of Order in regard to consensual resolutions of said Motions and Applications.

(w) Applicant conferred with Debtors' staff in regard to Debtor-in-Possession Accounts and Monthly Operating Reports.

(x) Applicant prepared extensive Amendments in all three cases.

(y) Applicant conferred at length with Debtor's staff on legal, substantive and procedural obligations of the Debtors in Possession in Chapter 11, and in

compliance with said obligations and in review of plans going forward as to a successful Reorganization; and Applicant provided legal advice to the Debtors regarding the Bankruptcy Code, and Federal and Local D.N.J. Bankruptcy rules, practices and procedures, as to dates, deadlines, Monthly Operating Reports, Disclosure Statements, and Plans of Reorganization.

(k) Applicant rendered all other services set forth on the hourly invoices attached hereto as **Exhibit B** to this Monthly Fee Statement.

(z)  Applicant successfully attained entry of an Order, on Notice and Hearing and Debtors' Motion, per 11 U.S.C. §333(a)(1) and Fed. R. Bankr.P. Rule 2007.2(a), for Entry of an Order Finding that a Health Care Ombudsman is not Necessary in this Case.

(aa)    Applicant worked with and coordinated the Debtors efforts with Appointed Professional Crown Medical Collections to seek recovery of substantial assets and receivables due the Debtor

(bb) Applicant worked with the Office of the United States Trustee, in regard to relief sought by the Debtors in motions and negotiations, and in regard to the Debtors duties, deadlines and obligation in Chapter 11.

(cc) Applicant conferred with Debtors' staff in regard to Debtor-in-Possession Accounts and Monthly Operating Reports.

(dd) Applicant worked with the Debtor, the U.S. Trustee, an Wells Fargo Bank, including the preparation of a Notice to Cease & Desist and Notice of Violation of Automatic Stay, in order to escalate to the national bank level a controversy over local Wells Fargo Bankers wrongfully freezing the Debtors' accounts, and successfully attained an unfreezing of same, ultimately without need to resort to motion practice and litigation

(ee) Applicant conferred at length with Debtor's staff as to compliance with

legal, substantive, procedural, and reporting obligations of Debtors in Possession in Chapter 11, and in review of plans going forward as to a successful Reorganization and anticipated extensions of the Debtors' exclusivity periods.

(ff)    In the course of the aforementioned matters, Applicant's efforts included preparation of papers, and research of the Code, Rules, case law, and precedents re said matters, and review of documents and records in the preparation of papers, correspondence and notices upon behalf of Debtors; and discussion with court staff, United States Trustee counsel, several different  creditors' counsel, and the Debtor; and on numerous occasions work on evenings, Saturday, Sundays, weekends, and on short notice, in regard to the above-detailed efforts.

(gg) Applicant rendered all other services set forth on the hourly invoices to 1/10th of an hour, as attached to the monthly fee statements appended hereto as **Exhibit B** to this Application.

**(20)**    The normal, customary charges of applicant's law firm for professional services rendered by its members in like proceedings during this period were an hourly rate of $475 for Thaddeus R. Maciag and $125 for Paralegals throughout the period covered by this application. Such hourly charges are reasonable for this area, the services performed and the circumstances of this case, and are the customary rates charged by this law firm to its non-bankruptcy clients.

**(21)**    Applicant by the signature below certifies that no compensation previously received has been shared, and no agreement or understanding exists between the applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case.

**(22)**    **EXHIBIT B** attached hereto and made a part hereof includes Monthly summaries of services to the nearest 1/10th of an hour, including time records of applicant,

setting forth in detail the exact nature and scope of the Chapter 11 services, which applicant has necessarily performed for the benefit of the debtor and the estate. The billing records set forth the names of the professionals performing the services, the date, and the time expended for the period herein applied for, and sets forth a list of expenses and disbursements incurred, totaling 181.3 Attorney hours and 8.3 Paralegal hours, for a total of 189.6 professional hours over the period covered by this Application. The totals in this Application are $87.155 in professional fees (at an average hourly rate of $459.68). As also set forth in EXHIBIT B to this application, expenses and disbursements were a total of $342.37, for a combined total of $87.497.37 in fees and expenses herein applied for, as including the 80% of each previously filed Monthly Fee Statement plus the 20% holdback sums now included with this Application, in accord with the procedures set forth in the Administrative Order entered by this Court on October 21, 2025].

Wherefore, Thaddeus R. Maciag, Esq. of the law firm Maciag Law, LLC, attorney for the Debtor-in-Possession herein, respectfully requests that Applicant be allowed compensation for services as Debtor's Attorney in this Chapter 11 Reorganization case.

Respectfully submitted,

MACIAG LAW, LLC

  /s/ Thaddeus R. Maciag
Thaddeus R. Maciag, Esq.
Date: January 27, 2026          Attorney for the
Jointly Administered Debtors

# Exhibit A

## Retention Order

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Thaddeus R. Maciag, Esq.
MACIAG LAW, LLC
475 Wall Street
Princeton, New Jersey 08540
Phone: (908)704-8800
Attorney for the Debtors

**Order Filed on October 20, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

ProPhase Diagnostics NJ, Inc., et al.,
                                        Debtors.
            (Jointly Administered)

| | |
|---|---|
| Case No.: | 25-19833-CMG |
| Chapter: | 11 |
| Judge: | Gravelle |

## ORDER AUTHORIZING RETENTION OF

Thaddeus R. Maciag Esq.

The relief set forth on the following page is **ORDERED**.

**DATED: October 20, 2025**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

Upon the applicant's request for authorization to retain _____ Thaddeus R. Maciag Esq. _____

as _ Attorney for the Jointly Administered Debtors _, it is hereby ORDERED:

1.    The applicant is authorized to retain the above party in the professional capacity noted.

The professional's address is:    Maciag Law LLC

475 Wall Street

Princeton, NJ 08540

2.    Compensation will be paid in such amounts as may be allowed by the Court on proper application(s).

3.    All fees to Debtor's Attorney which are permitted to be paid in accord with Monthly Fee Statements or Applications for Allowances shall first be drawn down from the pre-petition retainer.

4.    If the professional requested a waiver as noted below, it is ☐ Granted  ☐ Denied.

☐  Waiver, under D.N.J. LBR 2014-2(b), of the requirements of D.N.J. LBR 2016-1.

☐  Waiver, under D.N.J. LBR 2014-3, of the requirements of D.N.J. LBR 2016-1 in a chapter 13 case. Payment to the professional may only be made after satisfactory completion of services.

5.    The effective date of retention is the date the application was filed with the Court.

*rev.8/1/15*

# Exhibit B

## Hourly summary of legal services rendered, December 2025

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

## D.N.J. LBR 2016-1, MONTHLY FEE STATEMENT COVER SHEET

IN RE:  **ProPhase Diagnostics NJ, Inc.*, et al.*   APPLICANT:   Thaddeus R. Maciag, Esq.**
    **(jointly administered)**                     **Maciag Law, LLC**
                                           **(Debtors' Attorney)**
CASE NO: **25-19833-CMG**          CLIENT:   **Debtors**
CHAPTER: **11**                  CASE FILED:  **September 22, 2025**

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION
UNDER PENALTY OF PERJURY, PURSUANT TO 28 U.S.C. 1746.
RETENTION ORDER(S) ATTACHED

Respectfully submitted,

MACIAG LAW, LLC

 /s/ Thaddeus R. Maciag
Thaddeus R. Maciag, Esq.
Date: 10-28-2015

## SECTION I -- FEE SUMMARY

MONTHLY FEE STATEMENT NO.  **MONTHLY FEE STATEMENT #1 (September 2025)**
TOTAL PREVIOUS FEE REQUESTED:   $       0
TOTAL FEES ALLOWED TO DATE:     $       0
TOTAL RETAINER (IF APPLICABLE)   $    35,000
TOTAL HOLDBACK (IF APPLICABLE)  $    N/A
TOTAL RECEIVED BY APPLICANT   $    N/A

| NAME OF PROFESSIONAL & TITLE | HOURS | RATE | FEE |
|---|---|---|---|
| **Thaddeus R. Maciag, Esq.**<br>  **Attorney, J.D. ('81)** | **32.4** | **$ 475** | **$ 15,390.00** |
| **Mary Pixley,**<br>  **Paralegal** | **4.3** | **$ 125** | **$    537.50** |
|  |  |  |  |
| **TOTALS:** | **36.7** | **AVG  $433.99** | **$  15,927.50** |

FEE TOTALS - PAGE 2   $  15,927.50
DISBURSEMENTS TOTALS - PAGE 3  $     110.32
TOTAL FEE APPLICATION:  $   16,037.82
Due at this time: Fees: 80% x $15,927.50 = $12,742.00
Disbursements:   $   110.32
Total presently due:  $ 12,852.32

### SECTION II
### SUMMARY OF SERVICES

| SERVICES RENDERED | HOURS | FEE |
|---|---|---|
| a)  Asset Analysis & Recovery | 0.0 | 0.00 |
| b)  Asset Disposition | 0.0 | 0.00 |
| c)  Business Operations (incl insurance, first-day issues) | 1.5 | 712.50 |
| d)  Case Administration (incl. re MORs, 341, IDI, UST) | 14.7 | 6,982.50 |
| e) Claims Administration and Objection | 0.0 | 0.00 |
| f)  Employee Benefits/Pensions | 0.0 | 0.00 |
| g) Fee/Employment Applications | 1.6 | 760.00 |
| h) Fee/Employment Objections | 0.0 | 0.00 |
| I)  Financing | 0.0 | 0.00 |
| j) Litigation (other than Avoidance Action Litigation –includes Motions, Applications, Orders) | 14.0 | 6,650.00 |
| k) Preparation of Plan/Disclosure Statement | 0.0 | 0.00 |
| L) Preparation Petition, Schedules, Follow-Up Papers, Corporate Resolutions | 0.6 | 285.00 |
| M) Paralegal | 4.3 | 537.50 |
| SERVICES TOTAL: | 36.7 | $  15,927.50 |

**SECTION III**
**SUMMARY OF DISBURSEMENTS**

| DISBURSEMENTS | AMOUNTS |
|---|---|
| a)  Computer Assisted Legal Research | 0.00 |
| b)  Fascsimile  No. Pages 0 Rate per Page  $.75   (Max $1.00) | 0.00 |
| c)  Long Distance Telephone | 0.00 |
| d) In-House Reproduction   No. Pages 127 Rate per Page .20 (Max $.20) | 25.40 |
| e)  Outside Reproduction | 0.00 |
| f)   Outside Research | 0.00 |
| g)  Filing/Court Fees | 0.00 |
| h)  Court Reporting | 0.00 |
| I)  Travel & parking | 0.00 |
| j)  Courier/Express | 70.37 |
| k) Postage | 14.55 |
| l) Other (Explain) | |
| | |

| DISBURSEMENTS TOTAL: | $   110.32 |
|---|---|

## SECTION IV

## CASE HISTORY

(NOTE:  Items 3 - 6 are not applicable to applications under 11 U.S.C. 506)

**(1)  DATE CASE FILED:**        September 22, 2025

**(2)  CHAPTER UNDER WHICH CASE WAS COMMENCED:**    11

**(3)  DATE OF RETENTION:**

**Retention Order:** entered October 20, 2025 (effective September 22, 2025)

**Administrative Order:** entered October 21, 2025

**Annex copy of Retention Order:** (*See Attached*)

**IF LIMIT ON NUMBERS OF HOURS OR OTHER LIMITATIONS TO RETENTION, SET FORTH:** Not applicable

**(4)  SUMMARIZE IN BRIEF THE BENEFITS TO THE ESTATE AND ATTACH SUPPLEMENTS AS NEEDED:**

(a)     Applicant facilitated the commencement of the Chapter 11 cases through the completion of filing of three voluntary petitions in Chapter 11 Reorganization, and Corporate Resolutions in support of same..

(b)   Applicant prepared, reviewed, revised, and filed the Debtors' Motions for Joint Administration, negotiated with the Office of the U.S. Trustee over the proposed form of order, and attained entry of an Order for Joint Administration.

[c]  Applicant prepared, reviewed, revised, and filed the Debtors' Application to Shorten Time on the Motions for Joint Administration, and attained entry of an Order Shortening Time for Notice and Hearing.

(d)     Applicant prepared, reviewed, revised, and filed the Debtors' Application for Retention of Debtor's Attorney, negotiated with the Office of the U.S. Trustee over the proposed form of order, and, and attained entry of an Order Authorizing Retention.

(e)  Applicant prepared, reviewed, revised, and filed the Debtors' Motion for Entry of an Administrative Order, negotiated with the Office of the U.S. Trustee over the proposed form of order, and attained entry of an Administrative Order.

(f) Applicant negotiated with the Office of the United States Trustee, in connection with the relief requested in the referenced Motions and Applications, reviewing issues with the Debtors, reviewing proposed red-lined revised Orders, and achieving agreement on revised forms of Order in regard to consensual resolutions of said Motions and Applications.

(g)  Applicant conferred with Debtors' staff, and reviewed and compiled documents and records in preparation for the 341 Meeting of Creditors and Initial Debtor Interview, to be submitted to the Office of United States Trustee.

(h) Applicant conferred at length with Debtor's staff on legal, substantive and procedural obligations of the Debtors in Possession in Chapter 11, and in compliance with said obligations and in review of plans going forward as to a successful Reorganization.

(I) Applicant provided legal advice to the Debtors regarding Federal and Local D.N.J. Bankruptcy rules, practices and procedures.

(j) Applicant rendered all other services set forth on the hourly invoices attached hereto as Exhibit B to this Monthly Fee Statement.

**(5)  ANTICIPATED DISTRIBUTION TO CREDITORS:**

    **(A)  ADMINISTRATIVE EXPENSES:**    100% of allowed claim

    **(B)  SECURED CREDITORS:**    100% of allowed secured claim

    **[C]  PRIORITY CREDITORS:**    100% of allowed claim

    **(D)  GENERAL UNSECURED CREDITORS:**  100% of allowed claim

**(6)  FINAL DISPOSITION OF CASE AND PERCENTAGE OF DIVIDEND PAID TO CREDITOR (IF APPLICABLE):** Not yet determined, but all allowed creditors ;and claims are anticipated to be paid at 100% of secured value.

MACIAG LAW, LLC

**SIGNATURE OF APPLICANT:**    by:  /s/   Thaddeus R. Maciag 10/29/2025

    Thaddeus R. Maciag, Esq.     DATE

# Exhibit B

## Hourly summary of legal services rendered, September 2025

# MACIAG LAW, LLC

PROPHASE DIAGNOSTICS NJ, INC., ET AL.                    OCTOBER 27, 2025
42 THROCKMORTON LANE
OLD BRIDGE, NJ 08857

RE:   MONTHLY FEE STATEMENT #1 (SEPTEMBER 2025)

"IN RE PROPHASE DIAGNOSTICS NJ, INC. ET AL.
(JOINTLY ADMINISTERED)
CHAPTER 11 REORGANIZATION
CASE #25-19833-CMG  (DISTRICT OF NEW JERSEY)

**09/22/2025 MO**

PROPHASE DIAGNOSTICS CH.11          FINAL  REVIEW, PROOFREADING, ECF-FILING OF
                                    CHAPTER 11 PETITION AND SCHEDULES IN THREE
                                    CASES - TRM 0.0

                                    FINAL  PREP  AND  REVIEW  AND  ECF-FILING OF
                                    CORPORATE  RESOLUTIONS  ON  PROPHASE-NJ
                                    DOCKET – TRM 0.2

                                    FINAL  PREP  AND  REVIEW  AND  ECF-FILING OF
                                    CORPORATE  RESOLUTIONS  ON  PROPHASE-NY
                                    DOCKET – TRM 0.2

                                    FINAL  PREP  AND  REVIEW  AND  ECF-FILING OF
                                    CORPORATE  RESOLUTIONS  ON  PROPHASE-NY
                                    DOCKET – TRM 0.2

                                    EMAILS WITH DEBTORS, CONFIRM CASES FILED,
                                    REVIEW NEXT STEPS IN CASE –  TRM 0.2

                                    RECEIPT  AND  REVIEW  OF  CLERK'S  NOTICE OF
                                    ASSIGNMENT OF CASES FROM JUDGE HALL TO
                                    JUDGE GRAVELLE – TRM 0.1

                                    PREPARATION OF APPLICATION FOR RETENTION
                                    OF DEBTOR'S ATTORNEY IN PROPHASE NJ CASE,
                                    CERTIFICATION IN SUPPORT OF SAME, PROPOSED
                                    FORM OF ORDER– TRM 0.4

FINAL REVIEW, PROOFREADING, REVISIONS, COMPILATION OF MOTION PAPERS, AND ECF-FIL NG OF APPLICATION FOR RETENTION IN PROPHASE-NJ CASE – TRM 0.2

PREPARATION OF APPLICATION FOR RETENTION OF DEBTOR'S ATTORNEY IN PROPHASE-NY CASE, CERTIFICATION IN SUPPORT OF SAME, PROPOSED FORM OF ORDER– TRM 0.3

FINAL REVIEW, PROOFREADING, REVISIONS, COMPILATION OF MOTION PAPERS, AND ECF-FILING OF APPLICATION FOR RETENTION IN PROPHASE-NJ CASE – TRM 0.2

PREPARATION OF APPLICATION FOR RETENTION OF DEBTOR'S ATTORNEY IN PROPHASE-NY CASE, CERTIFICATION IN SUPPORT OF SAME, PROPOSED FORM OF ORDER– TRM 0.3

FINAL REVIEW, PROOFREADING, REVISIONS, COMPILATION OF MOTION PAPERS, AND ECF-FILING OF APPLICATION FOR RETENTION IN PROPHASE-NJ CASE – TRM 0.2

REVIEW NOTICE OF BANKRUPTCY CASE FILING IN PROPHASE-NJ CASE AND EMAIL SAME TO DEBTORS – TRM 0.1

REVIEW NOTICE OF BANKRUPTCY CASE FILING IN PROPHASE-NY CASE AND EMAIL SAME TO DEBTORS – TRM 0.1

REVIEW NOTICE OF BANKRUPTCY CASE FILING IN PROPHASE-NJ CASE AND EMAIL SAME TO DEBTORS – TRM 0.1

RECEIPT AND REVIEW OF CONTACTS, PHONE CALLS AND EMAILS FROM FINANCIAL PRESS WSJ RE CASE FILINGS; EMAIL DEBTORS RE REFERRAL OF SAME OF RESPONSE; REVIEW OF DEBTORS' DRAFT PUBLIC STATEMENT RE SAME AND RE PROSPECTS AND PLANS FOR REORGANIZATION – TRM 0.5

TCF WITH DEBTOR'S GENERAL COUNSEL RE ALL PAPERS FILED IN THREE CASES, REVIEW OF ISSUES GOING FORWARD – TRM 0.2

TCF WITH DEBTOR'S GENERAL COUNSEL RE ALL REQUIRED FILINGS MADE IN THREE CASES CASE NUMBERS ASSIGNED REVIEW OF ISSUES GOING FORWARD – TRM 0.2

RECEIPT AND REVIEW OF CLERK'S NOTICE OF

HEARING FOR STATUS CONFERENCE IN EACH OF THREE CASES, CALENDAR SAME [PARALEGAL] – MP 0.4

**09/23/2025 TU**

PROPHASE DIAGNOSTICS CH.11

RECEIPT AND REVIEW OF NOTICE OF APPEARANCE OF JEFFREY M SPONDER ESQ, AND ASSIGNMENT OF JUDGE GRAVELLE TO CASE IN EACH OF THREE CASE DOCKETS – TRM 0.2

TCF DEBTORS' GENERAL COUNSEL RE NOTICE OF APPEARANCE, ROLE OF TRUSTEE  NEXT STEPS GOING FORWARD – TRM 0.2

CONFER W CLIENTS, EMAILS RE: REVIEW OF CONFIRMATION OF FILING OF CHAPTER 11 PETITIONS IN THREE CASES  CONFIRMATION OF CASE NUMBERS AND NOTICES OF BANKRUPTCY, REVIEW OF SITUATION, NEXT STEPS, AND ANTICIPATED TIMELINE GOING FORWARD, PENDING SUBSTANTIVE AND PROCEDURAL ISSUES TO BE ADDRESSED – TRM 0.6

PREPARATION OF DRAFT MOTION FOR JOINT ADMINISTRATION, WITH ALL SUPPORTING PAPERS – TRM 3.4

RECEIPT AND REVIEW OF NOTICES OF 341 MEETING OF CREDITORS, CONFER WITH DEBTOR RE SAME  REVIEW OF PROCEDURAL AND SUBSTANTIVE ISSUES TO BE ADDRESSED IN 341 MEETINGS, DOCUMENTS TO BE PRODUCED IN ADVANCE OF MEETING – TRM 0.5

REVIEW WITH CLIENT; PREPARATION OF FINAL DRAFT MOTION FOR JOINT ADMINISTRATION, MEMORANDUM OF LAW, CERTIFICATION, PROPOSED FORM OF ORDER – TRM 0.5

PREP, UPLOAD, AND ECF-FILE MOTION FOR JOINT ADMINISTRATION ON THE PROPHASE-NJ PACER DOCKET; RECEIPT AND REVIEW OF CLERK'S CONFIRMATION OF FILING OF SAME  – TRM 0.4

PREP AND ECF-FILE MOTION FOR JOINT ADMINISTRATION ON THE PROPHASE-NY PACER DOCKET; RECEIPT AND REVIEW OF CLERK'S CONFIRMATION OF FILING OF SAME  – TRM 0.3

PREP AND ECF-FILE MOTION FOR JOINT

ADMINISTRATION ON THE PROPHASE-INC PACER DOCKET;   RECEIPT AND REVIEW OF CLERK'S CONFIRMATION OF FILING OF SAME – TRM 0.3

PREP OF APPLICATION TO SHORTEN TIME FOR NOTICE AND HEARING OF MOTION FOR JOINT ADMINISTRATION, PROPOSED FORM OF ORDER SHORTENING TIME IN PROPHASE-NJ – TRM 0.8

PREP OF APPLICATION TO SHORTEN TIME FOR NOTICE AND HEARING OF MOTION FOR JOINT ADMINISTRATION, PROPOSED FORM OF ORDER SHORTENING TIME IN PROPHASE-NJ – TRM 0.3

PREP OF APPLICATION TO SHORTEN TIME FOR NOTICE AND HEARING OF MOTION FOR JOINT ADMINISTRATION, PROPOSED FORM OF ORDER SHORTENING TIME IN PROPHASE-NJ – TRM 0.3

ECF-FILE APPLICATION FOR ENTRY OF AN ORDER SHORTENING TIME FOR NOTICE AND HEARING, RE MOTION FOR JOINT ADMINISTRATION ON THE PROPHASE-NJ PACER DOCKET; RECEIPT AND REVIEW OF CLERK'S CONFIRMATION OF FILING OF SAME  – TRM 0.2

ECF-FILE APPLICATION FOR ENTRY OF AN ORDER SHORTENING TIME FOR NOTICE AND HEARING, RE MOTION FOR JOINT ADMINISTRATION ON THE PROPHASE-NY PACER DOCKET   RECEIPT AND REVIEW OF CLERK'S CONFIRMATION OF FILING OF SAME – TRM 0.2

ECF-FILE APPLICATION FOR ENTRY OF AN ORDER SHORTENING TIME FOR NOTICE AND HEARING, RE MOTION FOR JOINT ADMINISTRATION ON THE PROPHASE-NJ PACER DOCKET; RECEIPT AND REVIEW OF CLERK'S CONFIRMATION OF FILING OF SAME  – TRM 0.2

TCF CHAMBERS, PREP EMAIL TO CHAMBERS, RE PENDING THREE APPLICATIONS FOR ORDER SHORTENING TIME – TRM 0.2

RECEIPT AND REVIEW OF EMAIL FROM J SPONDER ESQ, UST/DOJ TRIAL ATTORNEY, RE INITIAL REVIEW OF CASE – TRM 0.1

RECEIPT AND REVIEW OF CLERK'S NOTICE OF 341 MEETING OF CREDITORS IN THREE CASES, CALENDAR SAME  [PARALEGAL] – MP 0.3

RECEIPT AND REVIEW OF CLERK'S NOTICE FROM COURT RE CORRECTED NOTICE OF 341 MEETING

OF CREDITORS IN THREE CASES, CALENDAR SAME [PARALEGAL] – MP 0.2

RECEIPT AND REVIEW OF THREE NOTICES OF STATUS CONFERENCE CALENDAR SAME [PARALEGAL] - MP 0.3

RECEIPT AND REVIEW OF THREE NOTICES OF 341 MEETING OF CREDITORS, CALENDAR SAME, AND CALENDAR PROOF OF CLAIM DEADLINES [PARALEGAL] - MP 0.5

PREP AND ORGANIZE NEW CHAPTER 11 REORGANIZATION FILES, COMPILATION OF DOCUMENTS RECORDS FINANCIALS, BANK STATEMENTS, TAX RETURNS, COURT PAPERS, DOCKET REPORTS, IN THREE PROPHASE DIAGNOSTICS CHAPTER 11 CASES [PARALEGAL] - MP 1.5

**09/24/2025 WE**

PROPHASE DIAGNOSTICS CH.11    RECEIPT AND REVIEW OF ENTERED ORDER SHORTENING TIME FOR NOTICE AND HEARING IN THREE CASES; EMAILS CLIENT RE SAME – TRM 0.2

RECEIPT AND REVIEW OF EMAIL FROM UST TRIAL ATTORNEY JEFFREY SPONDER ESQ RE HIS REVIEW OF MOTION FOR JOINT ADMINISTRATION, ADDRESSING ISSUES RE SAME, AND RE US TRUSTEE'S REQUESTED CHANGES TO PROPOSED FORM OF ORDER, WITH PROPOSED REDLINE – TRM 0.5

REVIEW AND CONFER WITH DEBTORS RE UST ATTORNEY J SPONDER'S EMAIL AND PROPOSED REDLINE – TRM 0.5

RECEIPT AND REVIEW FROM COURT OF ORDERS SHORTENING TIME IN EACH OF THREE CASES; CALENDAR SHORT-NOTICE HEARING DATES - [PARALEGAL] – MP 0.2

RECEIPT AND REVIEW OF COURT NOTICE CHANGING DATE, CALENDAR SAME – [PARALEGAL] – MP 0.1

PREP OF CERTIFICATE OF SERVICE OF APPLICATION FOR RETENTION AND ECF-FILE SAME ON THE PACER DOCKET IN ALL THREE CASES – [PARALEGAL] – MP 0.5

PREP OF CERTIFICATE OF SERVICE OF MOTION FOR JOINT ADMINISTRATION AND ECF-FILE SAME ON THE PACER DOCKET IN ALL THREE CASES – [PARALEGAL] – MP 0.5

**09/25/2025 TH**

PROPHASE DIAGNOSTICS CH.11    REVIEW WITH CLIENT OF EMAILED QUESTIONS AND INQUIRIES FROM UST TRIAL ATTORNEY J SPONDER ESQ – TRM 0.8

PREPARE POINT BY POINT RESPONSE TO J SPONDER ESQ ADDRESSING US TRUSTEE'S QUESTIONS, AND EMAIL SAME – TRM 0.9

REVIEW OF PROPOSED RED-LINE ORDER FROM J SPONDER ESQ AND PREPARATION OF REVISED PROPOSED ORDER FOR JOINT ADMINISTRATION IN ACCORD WITH SAME – TRM 0.5

EMAILS WITH DEBTORS RE REVIEW OF ISSUES RE PROPOSED RED-LINE REVISIONS TO PROPOSED FORM OF ORDER FOR JOINT ADMINISTRAT ON – TRM 0.4

PREP EMAIL TO J SPONDER ESQ RE RESPONSE TO US TRUSTEE EMAIL RE PROPOSED REVISED ORDER FOR JOINT ADMINISTRATION – TRM 0.2

RECEIPT AND REVIEW OF EMAIL FROM DAN KROPIEWNICKI, BANKRUPTCY AUDITOR, OFFICE OF US TRUSTEE, RE DOCUMENTS TO BE SUBMITTED PRIOR TO INITIAL DEBTOR INTERVIEW IDI MEETING, REVIEW OF SAME AND OF CLIENT RECORDS AND DOCS RE SAME – TRM 0.4

CONFER WITH CLIENTS. GENERAL COUNSEL, CORPORATE CONTROLLER, DIRECTOR, ET AL. RE FULL REVIEW AS TO RE-CONFIRMING WHETHER FIRST-DAY MOTIONS ARE NECESSARY; REVIEW POTENTIAL ISSUES FOR STANDARD FIRST-DAY MOTIONS RE INSURANCE PREMIUMS PAYROLL, UTILITIES, RENT, LEASES, ACCOUNTS, ETC., CONFIRM STATUS OF SAME – TRM 0.8

EMAILS WITH CLIENT BANKRUPTCY COMMITTEE CHAIR AND DIRECTOR DEREK DESTEFANO RE UPCOMING DATES, PENDING ISSUES, AVAILABILITY TO APPEAR AND TESTIFY AS NEEDED – TRM 0.3

PREP AND EMAIL MEMORANDUM TO CLIENT RE REVIEW OF ALL PENDING HEARING DATES IN ALL THREE CASES, SUBSTANTIVE AND PROCEDURAL ISSUES TO BE ADDRESSED - TRM 0.6

**09/26/2025 FR**

PROPHASE DIAGNOSTICS CH.11

EMAILS UST TRIAL ATTORNEY J SPONDER ESQ RE FORM OF ORDER ON MOTION FOR JOINT ADMINISTRATION; CONFER WITH DEBTORS RE SAME – TRM 0.4

EMAILS TO AND FROM CORPORATE CONTROLLER OF DEBTORS RE CONTINUED NEED TO PROMPTLY PRODUCE CERTIFICATES OF INSURANCE AS SOON AS POSSIBLE; CONFER RE TYPES FO CERTIFICATE PROOF OF COVERAGE OF EACH OF THE THREE ENTITIES – TRM 0.4

PREP EMAIL TO UST TRIAL ATTORNEY J SPONDER ESQ WITH POINT BY POINT RESPONSE TO ADDITIONAL QUESTIONS RAISED BY OFFICE OF US TRUSTEE – TRM 0.5

PREP EMAIL TO CLIENT AND ATTACH COPIES OF THREE COURT ORDERS ENTERED BY JUDGE GRAVELLE – TRM 0.2

RECEIPT OF CERTIFICATE OF INSURANCE FROM DEBTORS; REVIEW of SAME; PREP EMAIL FORWARDING SAME TO JEFFREY SPONDER ESQ AND TINA OPPELT AT OFFICE OF US TRUSTEE – TRM 0.3

REVIEW REDLINE AND PREPARE REVISED PROPOSED FORM OF ORDER FOR JOINT ADMINISTRATION, EMAIL SAME TO J SPONDER ESQ – TRM 0.6

RECEIPT AND REVIEW OF EMAIL RESPONSE FROM UST TRIAL ATTORNEY J SPONDER ESQ WITH FURTHER REVISIONS TO REDRAFTED FORM OF ORDER, REVIEW SAME WITH DEBTORS – TRM 0.5

PREPARE SECOND REVISED ORDER IN RESPONSE TO J SPONDER SECOND COMMENTS, PREP EMAIL FORWARDING SAME TO J SPONDER ESQ – TRM 0.4

PREP SUMMARY MEMORANDUM TO DEBTORS WITH FULL REVIEW OF PRESENT STATUS OF CASE, PENDING DEADLINES, ANTICIPATED SUBSTANTIVE AND PROCEDURAL ISSUES, SITUATION ISSUES, OPTIONS, AND LIKELY TIMELINE GOING FORWARD – TRM 0.8

**09/29/2025 MO**

PROPHASE DIAGNOSTICS CH.11

CONFER WITH CLIENTS RE DIP ACCOUNTS AND REQUIREMENTS – TRM 0.3

RECEIPT AND REVIEW OF ADDITIONAL INFORMATION FROM DEBTORS RE ISSUES AS TO POSSIBLE FIRST DAY MOTIONS – TRM 0.3

PREP EMAILED RESPONSE TO UST TRIAL ATTORNEY J SPONDER ESQ WITH ADDITIONAL INFORMATION FROM THE DEBTORS RE QUESTIONS AND ISSUES AS TO FIRST DAY MOTIONS – TRM 0.5

CONFER WITH DEBTORS RE URGENT NEED TO PROVIDE EMAILS AND PHONE CONTACT FOR 20 LARGEST CREDITORS; EMAILS RE SAME – TRM 0.4

EMAILS WITH DEBTORS RE FURTHER DISCUSSION OF ISSUES RE POSSIBLE FIRST DAY MOTIONS, PER INQUIRY FROM US TRUSTEE – TRM 0.2

RECEIPT AND REVIEW OF CONTACT INFO FOR LISTS OF CREDITORS IN EACH OF THREE CASES – TRM 0.2

PREP EMAIL TO J SPONDER ESQ AND TINA OPPELT FORWARDING ATTACHED CONTACT INFO FOR 20 LARGEST CREDITORS IN EACH OF THREE CASES – TRM 0.2

PREP EMAIL TO J SPONDER ESQ FOLLOWING UP ON 9/26 SUBMISSION OF SECOND RE-DRAFT OF THE PROPOSED FORM OF ORDER FOR JOINT ADMINISTRATION SENT FRIDAY 9/26 – TRM 0.1

EMAIL DEBTORS RE FINAL REVISIONS TO PROPOSED FORM OF ORDER FOR JOINT ADMINISTRATION; RECEIPT AND REVIEW OF REPLY EMAIL FROM SAME – TRM 0.3

CONFER WITH DEREK DESTEFANO AND DEBTORS' SENIOR STAFF RE PRESENT STATUS OF THE CASE AND PENDING ISSUES, DEADLINES, DOCUMENTS TO BE PRODUCED AND NEED TO OPEN DIP ACCOUNTS – TRM 0.4

RECEIPT AND REVIEW OF EMAIL FROM J SPONDER ESQ CONFIRMING NO OBJECTION FROM THE OFFICE OF US TRUSTEE TO THE AGREED REVISED FORM OF ORDER FOR JOINT ADMINISTRATION – TRM 0.1

PREP EMAIL TO CHAMBERS, CHIEF JUDGE GRAVELLE, RE SUBMISSION OF THE AGREED ORDER AS NEGOTIATED WITH THE US TRUSTEE WITH SUCH CHANGES ACCEPTED BY THE DEBTORS, RE THE PENDING MOTION ON

SHORTENED TIME FOR JOINT ADMINISTRATION, WITH NO FURTHER OPPOSITION UNDER ANY OF THE THREE DOCKET NUMBERS 25-19833-CMG, 25-19834-CMG, 25-19836-CMG, AND SUBMIT ORDER TO CHAMBERS  EMAIL CLIENT RE SAME – TRM 0.5

**09/30/2025 TU**

PROPHASE DIAGNOSTICS CH.11

REVIEW OF MOTION PAPERS, REVIEW OF REVISED PROPOSED FORM OF ORDER, EMAILS WITH UST ATTORNEY AND CHAMBERS, RE PREPARATION FOR APPEARANCE BEFORE JUDGE GRAVELLE ON MOTION FOR JOINT ADMINISTRATION – TRM 0.6

PREP FOR AND COURT APPEARANCE (VIRTUAL) ON MOTION FOR JOINT ADMINISTRATION – TRM 0.7

RECEIPT AND REVIEW OF THREE ORDERS GRANTING MOTION FOR JOINT ADMINISTRATION; EMAIL CLIENTS RE SAME – TRM 0.4

REVIEW STATUS OF DIP ACCOUNTS; SEVERAL EMAILS WITH CLIENTS GENERAL COUNSEL, CONTROLLER, BANKRUPTCY DIRECTOR, RE URGENT NEED TO RESOLVE ISSUES WITH WELLS FARGO CLOSE OLD ACCOUNTS, AND OPEN DEBTOR-IN-POSSESSION DIP ACCOUNTS — TRM 0.5

PREP AND FILE MOTION FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER, WITH ALL SUPPORTING PAPERS – TRM 2.4

PREPARATION OF FINAL DRAFT MOTION FOR ENTRY OF AN ADMINISTRATIVE ORDER, MEMORANDUM OF LAW, CERTIFICATION, PROPOSED FORM OF ORDER – TRM 0.5

PREP, UPLOAD, AND ECF-FILE MOTION FOR AN ADMINISTRATIVE ORDER ON THE LEAD CASE DOCKET; RECEIPT AND REVIEW OF CLERK'S CONFIRMATION OF FILING OF SAME  – TRM 0.3

TELEPHONE CONFERENCE WITH DAN KROPIEWNICKI, BANKRUPTCY AUDITOR, OFFICE OF US TRUSTEE, RE REVIEW OF PENDING IDI ISSUES  CONFER WITH CLIENT; EMAILS WITH MR KROPIEWNICKI RE SAME – TRM 0.4

SEVERAL EMAILS WITH DEREK DESTEFANO OF DEBTOR RE REVIEW OF PRESENT STATUS OF THE CASE AND PENDING ISSUES, DATES  DEADLINES, AND DOCUMENTS TO BE PRODUCED – TRM 0.4

CONFER WITH DEBTORS RE URGENT NEED TO GET  DEBTOR-IN-POSSESSION  ACCOUNTS

OPENED; EMAILS RE OPENING OF DIP ACCOUNTS
AND BANKING ISSUES RE SAME – TRM 0.5

TOTAL HOURS:      32.4 ATTORNEY HOURS
                    4.3 PARALEGAL HOURS
                  36.7 TOTAL HOURS

**TOTAL PROFESSIONAL FEES:**                      **$ 15,927.50**
(AVERAGE: $433.99 / HR)

EXPENSES & DISBURSEMENTS:
PHOTOCOPYING (127 @0.20)  $25.40
POSTAGE                   $14.55
EXPRESS DELIVERY          $ 70.37
                         ---------------------------------------------------------
**TOTAL EXPENSES:**                               **$      110.32**

**TOTAL BALANCE DUE:**                            **$   16.037.82**

**80% OF FEES DUE PER ADMINISTRATIVE ORDER:**     **$   12,742.00**

**100% EXPENSES DUE PER ADMINISTRATIVE ORDER:**   **$      110.32**

TOTAL DUE PER ADMINISTRATIVE ORDER:              **$   12,852.32**

MACIAG LAW, LLC

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

## D.N.J. LBR 2016-1, MONTHLY FEE STATEMENT COVER SHEET

IN RE: **ProPhase Diagnostics NJ, Inc.***, et al.*   APPLICANT: **Thaddeus R. Maciag, Esq.**
  **(jointly administered)**                          **Maciag Law, LLC**
                                                       **(Debtors' Attorney)**
CASE NO: **25-19833-CMG**               CLIENT:   **Debtors**
CHAPTER: **11**                          CASE FILED: **September 22, 2025**

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION
UNDER PENALTY OF PERJURY, PURSUANT TO 28 U.S.C. 1746.
RETENTION ORDER(S) ATTACHED

Respectfully submitted,

MACIAG LAW, LLC

 /s/ Thaddeus R. Maciag
Thaddeus R. Maciag, Esq.
Date: 11-06-2025

## SECTION I -- FEE SUMMARY

MONTHLY FEE STATEMENT NO.  **MONTHLY FEE STATEMENT #2 (October 2025)**
TOTAL PREVIOUS FEE REQUESTED:   $   $12,852.32
TOTAL FEES ALLOWED TO DATE:     $        0
TOTAL RETAINER (IF APPLICABLE)  $     35,000
TOTAL HOLDBACK (IF APPLICABLE)  $     N/A
TOTAL RECEIVED BY APPLICANT     $     N/A

| NAME OF PROFESSIONAL & TITLE | HOURS | RATE | FEE |
|---|---|---|---|
| **Thaddeus R. Maciag, Esq.** **Attorney, J.D. ('81)** | **61.9** | **$ 475** | **$ 29,402.50** |
| **Mary Pixley,** **Paralegal** | **0.5** | **$ 125** | **$ 62.50** |
| | | | |
| **TOTALS:** | **62.4** | **AVG $472.20** | **$ 29,465.00** |

FEE TOTALS - PAGE 2    $ 29,465.00
DISBURSEMENTS TOTALS - PAGE 3   $    47.40
TOTAL FEE APPLICATION:   $  29,512.40
Due at this time: Fees: 80% x $29,465.00 = $ 23,572.00
Disbursements:          $    47.40
Total presently due:    $ 23,619.40

### SECTION II
### SUMMARY OF SERVICES

| SERVICES RENDERED | HOURS | FEE |
|---|---|---|
| a)  Asset Analysis & Recovery | 0.0 | 0.00 |
| b)  Asset Disposition | 0.0 | 0.00 |
| c)  Business Operations (incl insurance, first-day issues) | 3.5 | 1,662.50 |
| d)  Case Administration (incl. re MORs, 341, IDI, UST) | 18.1 | 8,597.50 |
| e) Claims Administration and Objection | 0.0 | 0.00 |
| f)  Employee Benefits/Pensions | 0.0 | 0.00 |
| g) Fee/Employment Applications | 14.2 | 6,745.00 |
| h) Fee/Employment Objections | 0.0 | 0.00 |
| I)  Financing | 0.0 | 0.00 |
| j) Litigation (other than Avoidance Action Litigation –includes Motions, Applications, Orders) | 26.1 | 12,397.50 |
| k) Preparation of Plan/Disclosure Statement | 0.0 | 0.00 |
| L) Preparation Petition, Schedules, Follow-Up Papers, Corporate Resolutions | 0.0 | 0.00 |
| M) Paralegal | 0.5 | 62.50 |
| SERVICES TOTAL: | 62.4 | $  29,465.00 |

### SECTION III
### SUMMARY OF DISBURSEMENTS

| DISBURSEMENTS | AMOUNTS |
|---|---|
| a)  Computer Assisted Legal Research | 0.00 |
| b)  Fascsimile  No. Pages 0 Rate per Page  $.75_  (Max $1.00) | 0.00 |
| c)  Long Distance Telephone | 0.00 |
| d) In-House Reproduction   No. Pages 198 Rate per Page .20 (Max $.20) | 39.60 |
| e)  Outside Reproduction | 0.00 |
| f)   Outside Research | 0.00 |
| g)  Filing/Court Fees | 0.00 |
| h)  Court Reporting | 0.00 |
| I)  Travel & parking | 0.00 |
| j)  Courier/Express | 0.00 |
| k) Postage | 7.80 |
| l) Other (Explain) | |
| | |

| DISBURSEMENTS TOTAL: | $   47.40 |
|---|---|

## SECTION IV

## CASE HISTORY

(NOTE:  Items 3 - 6 are not applicable to applications under 11 U.S.C. 506)

**(1)  DATE CASE FILED:**       September 22, 2025

**(2)  CHAPTER UNDER WHICH CASE WAS COMMENCED:**    11

**(3)  DATE OF RETENTION:**

**Retention Order:** entered October 20, 2025 (effective September 22, 2025)

**Administrative Order:** entered October 21, 2025

**Annex copy of Retention Order:** (*See Attached Exhibit A* )

**IF LIMIT ON NUMBERS OF HOURS OR OTHER LIMITATIONS TO RETENTION, SET FORTH:** Not applicable

**(4)  SUMMARIZE IN BRIEF THE BENEFITS TO THE ESTATE AND ATTACH SUPPLEMENTS AS NEEDED:**

(a)     Applicant facilitated the usual and customary substantive and procedural steps necessary for the first five weeks after commencement of the Chapter 11 cases through the completion of filing of three voluntary petitions in Chapter 11 Reorganization, and Corporate Resolutions in support of same.

(b)     Applicant attained entry of three Amended Orders Granting Motions For Joint Administration of the three originally filed cases.

[c]  Applicant successfully negotiated with the Office of the United States Trustee in regard to that office's intended Objections to the Debtors' Application for Retention of Debtor's Attorney, engaged in negotiations between the Debtors and the Office of U.S. Trustee re same, and achieved agreement on redlined revisions to the Proposed Order for Retention, and successfully attained an entered Court Order Granting Application to Employ Professional.

(d)  Applicant successfully negotiated with the Office of the United States Trustee in regard to that office's intended Objections to the Debtors' Motion for Entry of an Administrative Order, engaged in negotiations between the Debtors and the Office of U.S. Trustee re same, and achieved agreement on redlined revisions to the Proposed Administrative Order, and successfully attained an entered Administrative Order.

(e)  Applicant prepared, reviewed, revised, and filed motion papers and all supporting documents, filing with the Court the Debtors' Motion, per 11 U.S.C. §333(a)(1) and Fed. R. Bankr.P. Rule 2007.2(a), for Entry of an Order Finding that Health Care Ombudsman is not Necessary in this Case.

(f)  Applicant prepared, reviewed, revised, and filed motion papers and all supporting documents, filing with the Court the Debtors' Application for Retention of Crown Medical Collections LLC, and has engaged in extensive negotiations with the Office of United States Trustee in regard to that office's intended Objections to the Debtors' Application for Retention of Crown Medical, and has engaged in negotiations between the Debtors and the Office of U.S. Trustee re same.

(g)  Applicant negotiated with the Office of the United States Trustee, in connection with the relief requested in the referenced Motions and Applications, reviewing issues with the Debtors, reviewing proposed red-lined revised Orders, and achieving agreement on revised forms of Order in regard to consensual resolutions of said Motions and Applications.

(g)  Applicant conferred with Debtors' staff, and reviewed and compiled documents and records in preparation for the 341 Meeting of Creditors and Initial Debtor Interview,  and submitted to the Office of United States Trustee.

(h)   Applicant briefed and prepared the Debtors' staff, and prepared for and represented the Debtors at the 341 Meeting of Creditors in this case.

(I)   Applicant briefed and prepared the Debtors'staff, and prepared for and represented the Debtors at the Initial Debtor Interview in this case.

(j)    Applicant prepared for and represented the Debtors at the Initial Chapter 11 Status Conference Hearing before Chief Judge Gravelle.

(k) Applicant conferred at length with Debtor's staff on legal, substantive and procedural obligations of the Debtors in Possession in Chapter 11, and in compliance with said obligations and in review of plans going forward as to a successful Reorganization.

(l) Applicant provided legal advice to the Debtors regarding the Bankruptcy Code, and Federal and Local D.N.J. Bankruptcy rules, practices and procedures.

(m) Applicant rendered all other services set forth on the hourly invoices attached hereto as **Exhibit B** to this Monthly Fee Statement.

**(5)   ANTICIPATED DISTRIBUTION TO CREDITORS:**

**(A) ADMINISTRATIVE EXPENSES:**     100% of allowed claim

**(B) SECURED CREDITORS:**     100% of allowed secured claim

**[C] PRIORITY CREDITORS:**     100% of allowed claim

**(D) GENERAL UNSECURED CREDITORS:**  100% of allowed claim

**(6)   FINAL DISPOSITION OF CASE AND PERCENTAGE OF DIVIDEND PAID TO CREDITOR (IF APPLICABLE):** Not yet determined, but all allowed creditors ;and claims are anticipated to be paid at 100% of secured value.

MACIAG LAW, LLC

**SIGNATURE OF APPLICANT:**     by: _/s/_  Thaddeus R. Maciag 11/06/2025

Thaddeus R. Maciag, Esq.     DATE

# Exhibit B

## Hourly summary of legal services rendered, September 2025

# Maciag Law, llc

PROPHASE DIAGNOSTICS NJ, INC., ET AL.                    NOVEMBER 6, 2025
42 THROCKMORTON LANE
OLD BRIDGE, NJ 08857

RE:   MONTHLY FEE STATEMENT #2 (OCTOBER 2025)

"IN RE PROPHASE DIAGNOSTICS NJ, INC. ET AL.
(JOINTLY ADMINISTERED)
CHAPTER 11 REORGANIZATION
CASE #25-19833-CMG  (DISTRICT OF NEW JERSEY)

**10/01/2025 WE**

PROPHASE DIAGNOSTICS CH.11   RECEIPT AND REVIEW OF THREE AMENDED ORDERS GRANTING MOTIONS FOR JOINT ADMINISTRATION IN CASES 25-19833, 25-19834, 235-19836 – TRM 0.2

RECEIPT OF EMAIL FROM CROWN MEDICAL WITH INFORMATION, DOCUMENTS, AND EXHIBITS FOR APPLICATION FOR RETENTION, REVIEW SAME – TRM 0.4

EMAILS TO AND FROM DEBTORS RE REVIEW STATUS OF ESTABLISHMENT OF D-I-P BANK ACCOUNTS  – TRM 0.5

REVIEW OF INFORMATION PROVIDED BY DEBTORS FROM WELLS FARGO, REVIEW US TRUSTEE RULES AND GUIDELINES RE APPROVED DIP DEPOSITORY ACCOUNTS AND FORWARD SAME TO DEBTORS – TRM 0.5

SEVERAL FURTHER EMAILS WITH DEBTORS' STAFF RE DIP BANK ACCOUNTS – TRM 0.4

TELEPHONE CONFERENCE WITH DEBTORS' CONTROLLER RE FINANCIAL REPORTING REQUIREMENTS IN CHAPTER 11 CASE; TELEPHONE CONFERENCE WITH DEBTORS'

GENERAL COUNSEL RE SAME – TRM 0.5

EMAILS TO AND FROM CHAMBERS, CHIEF JUDGE GRAVELLE, RE AMENDED ORDERS FOR JOINT ADMINISTRATION IN THREE CASES – TRM 0.3

PREPARATION OF COMPREHENSIVE MEMORANDUM RESPONDING TO ALL OF DEBTORS' FINANCIAL STAFF'S QUESTIONS RE ISSUES AS TO ESTABLISHMENT OF DIP ACCOUNTS AND SUBSTANTIVE AND PROCEDURAL ISSUES GOING FORWARD RE NEED TO PROMPTLY ESTABLISH THREE DIP ACCOUNTS, TRUSTEE GUIDELINES AND CONCERNS RE SAME, MONTHLY REPORTING OBLIGATIONS – TRM 0.8

RECEIPT AND REVIEW OF COURT'S GENERAL ORDER RE GOVERNMENT SHUTDOWN, ADVISE DEBTOR – TRM 0.1

FURTHER EMAILS WITH DEBTORS' CORPORATE CONTROLLER AND INDEPENDENT DIRECTOR RE REVIEW OF FINANCIAL ISSUES IN THE JOINTLY ADMINISTERED CASES – TRM 0.4

**10/03/2025 FR**

PROPHASE DIAGNOSTICS CH.11    EMAILS WITH CROWN MEDICAL AND DEBTORS GENERAL COUNSEL RE APPLICATION FOR RETENTION OF CROWN MEDICAL COLLECTIONS LLC – TRM 0.3

REVIEW OF DOCS FROM PRIOR CHAPTER 11 CASE RE RETENTION OF CROWN – TRM 0.3

CONFER WITH DEBTORS OF ISSUES IN PRESENT JOINTLY ADMINISTERED CASES RE, FINANCIAL STRUCTURING RETENTION OF CROWN MEDICAL, AND REVIEW OF CONTINGENCY FEE AGREEMENT – TRM 0.4

RECEIPT AND REVIEW OF CERTIFICATE OF NOTICE OF ENTERED ORDERS – TRM 0.1

**10/06/2025 MO**

PROPHASE DIAGNOSTICS CH.11    EMAILS TO AND FROM JEFFREY M SPONDER ESQ, TRIAL ATTORNEY, UST/DOJ RE ISSUES AS TO 11 U.S.C. §333 AND APPOINTMENT OF A OF

HEALTH CARE OMBUDSMAN – TRM 0.3

LEGAL RESEARCH OF BANKRUPTCY CODE, RULES, AND CASELAW RE ISSUES AS TO APPOINTMENT OF A HEALTH CARE OMBUDSMAN – TRM 0.9

CONFER WITH DEBTORS RE NATURE OF HEALTH CARE OPERATIONS, LACK OF PATIENTS AND LACK OF ISSUES AS TO QUALITY OF PATIENT CARE RE HEALTH CARE OMBUDSMAN QUESTIONS, PREPARATION OF FURTHER REPLY TO J SPONDER ESQ WITH RESPONSE TO EACH OF HIS QUESTIONS RE OMBUDSMAN ISSUES – TRM 0.7

SEVERAL EMAILS WITH DEBTORS' INDEPENDENT DIRECTOR DEREK DESTEFANO AND WITH RICHARD HERSPERGER OF CROWN MEDICAL RE INFORMATION NECESSARY FOR PREPARATION OF CROWN APPLICATION FOR RETENTION, STRUCTURE OF AGREEMENT, RE IMPORTANCE OF CROWN RETENTION TO A SUCCESSFUL REORGANIZATION – TRM 0.6

PREPARATION OF DRAFT CROWN MEDICAL APPLICATION FOR RETENTION, CERTIFICATION OF RICHARD HERSPERGER, PROPOSED ORDER – TRM 1.7

EMAILS WITH DEREK DESTEFANO OF CLIENT AND RICHARD HERSPERGER CROWN RE PREPARATION OF REVISIONS TO APPLICATION AND TO CERTIFICATION OF RICHARD HERSPERGER – TRM 0.4

REVISIONS TO APPLICATION, CERTIFICATION, FORM OF ORDER, REVIEW OF EXHIBITS TO APPLICATION – TRM 0.5

**10/07/2025 TU**

PROPHASE DIAGNOSTICS CH.11        SEVERAL EMAILS WITH DEREK DESTEFANO OF DEBTORS, RICHARD HERSPERGER OF CROWN

MEDICAL, DEBTORS GENERAL COUNSEL RE QUESTIONS RE CROWN APPLICATION – TRM 0.5

PREPARATION OF REVISIONS AND FINAL DRAFT APPLICATION AND CERTIFICATION FOR CROWN RETENTION APPLICATION – TRM 0.8

**10/09/2025 TH**

PROPHASE DIAGNOSTICS CH.11   TELEPHONE CONFERENCE DEBTORS' GENERAL COUNSEL RE QUESTIONS AND OVERVIEW OF HEALTH CARE OMBUDSMAN ISSUES – TRM 0.2

RESEARCH CODE, FEDERAL RULES BANKR PROC, AND RESEARCH FEDERAL CASELAW RE HEALTH CARE OMBUDSMAN ISSUES – TRM 2.2

CONFER WITH DEBTORS' GENERAL COUNSEL AND CROWN STAFF RE WHAT HEALTH RECORDS ARE KEPT AND REVIEW OF HIPAA POLICIES AND SECURITY POLICIES RE SAME. REVIEW OF HEALTH CARE OMBUDSMAN ISSUES FOR PREPARATION OF MOTION – TRM 0.8

REVIEW OF 11 U.S.C. §333 AND RULE 2007.2(A) RE HEALTH CARE OMBUDSMAN ISSUES, QUALITY OF PATIENT CARE ISSUES – TRM 0.7

EMAILS WITH J SPONDER ESQ RE SAME – TRM 0.2

**10/10/2025 FR**

PROPHASE DIAGNOSTICS CH.11   EMAILS WITH J SPONDER ESQ, TRIAL ATTORNEY OFFICE OF US TRUSTEE, RE CODE AND RULES RE DEADLINES TO FILE HEALTHCARE OMBUDSMAN MOTION, REVIEW OF FRB 2007.2 REQUIRING THAT MOTION IS TO BE FILED WITHIN 21 DAYS OF THE PETITION DATE; CONFER WITH DEBTORS RE SAME – TRM 0.3

PREPARATION OF APPLICATION, AND SUPPORTING CERTIFICATION, FOR APPLICATION FOR RETENTION OF PROFESSIONAL, CROWN MEDICAL COLLECTIONS LLC – TRM 2.7

RECEIPT AND REVIEW OF EMAILS FROM DEBTORS AND CROWN WITH FINAL APPROVAL OF APPLICATION DOCS – TRM 0.4

FINAL PROOFING AND REVISION TO APPLICATION DOCS, AND ECF-FILING OF APPLICATION FOR RETENTION OF CROWN MEDICAL, WITH ALL SUPPORTING PAPERS, ON THE COURT DOCKET – TRM 0.5

FURTHER RESEARCH CODE, CASELAW, AND PRECEDENTS, RESEARCH RE 11 U.S.C. §333 AND RULE 2007.2(A) AND CASE LAW APPLYING AND INTERPRETING SAME, RE HEALTH CARE OMBUDSMAN ISSUES, QUALITY OF PATIENT CARE, CASELAW DISTINGUISHING SITUATIONS WHEN COURTS REQUIRE AN OMBUDSMAN OR NOT – TRM 1.8

**10/11/2025 SA**

PROPHASE DIAGNOSTICS CH.11    PREPARATION OF MEMORANDUM OF LAW IN SUPPORT OF OMBUDSMAN MOTION – TRM 2.5

CONFER WITH INDEPENDENT DIRECTOR OF DEBTORS, PREPARATION OF CERTIFICATION IN SUPPORT OF OMBUDSMAN MOTION – TRM 0.9

FINAL REVISIONS TO MOTION PAPERS, AND ECF-FILING OF MOTION FOR ENTRY OF AN ORDER, PER 11 U.S.C §333(A)(1) AND FED. R. BANKR.P. RULE 2007.2(A), FINDING THAT THE APPOINTMENT OF A HEALTH CARE OMBUDSMAN IS NOT NECESSARY IN THIS CASE – TRM 0.7

**10/12/2025 SU**

PROPHASE DIAGNOSTICS CH.11    COMPILATION OF CONSOLIDATED CREDITOR MATRIX FROM THREE CASES, AND ECF-FILING OF SAME ON THE COURT DOCKET – TRM 0.5

PREPARATION AND FILING OF CERTIFICATE OF SERVICE OF APPLICATION OF RETENTION OF CROWN MEDICAL – TRM 0.1

PREPARATION AND FILING OF CERTIFICATE OF SERVICE OF MOTION FOR ENTRY OF AN ORDER FINDING THAT THE APPOINTMENT OF A HEALTH CARE OMBUDSMAN IS NOT NECESSARY – TRM 0.1

PREPARATION AND FILING OF AMENDED

CERTIFICATE OF SERVICE OF APPLICATION OF RETENTION OF CROWN MEDICAL – TRM 0.1

REVIEW OF FILE AND CONFERRAL WITH DEBTOR RE DOCUMENTS FILES AND RECORDS IN COMPILATION OF DOCUMENTS FOR INITIAL DEBTOR INTERVIEW, RE TAX RETURNS, BANK STATEMENTS FOR ALL CONSOLIDATED ENTITIES, CERTIFICATE OF INSURANCE, PROFIT & LOSS STATEMENTS AND CONSOLIDATED FINANCIALS, AND EMAIL DANIEL KROPIEWNICKI, BANKRUPTCY AUDITOR, OFFICE OF US TRUSTEE, WITH ALL ATTACHED DOCUMENTS AND RECORDS – TRM 3.1

**10/14/2025 TU**

PROPHASE DIAGNOSTICS CH.11 TELEPHONE CONFERENCE DEBTORS' GENERAL COUNSEL RE CROWN APPLICATION, EMAIL GENERAL COUNSEL AND RICHARD HERSPERGER OF CROWN RE SAME – TRM 0.4

EMAILS WITH DEBTOR'S GENERAL COUNSEL RE PREPARATION FOR INITIAL DEBTOR INTERVIEW – TRM 0.2

RECEIPT FROM J SPONDER ESQ OF OFFICE US TRUSTEE WITH HIS PROPOSED REDLINE OF ORDER FOR JOINT ADMINISTRATION – TRM 0.2

**10/15/2025 WE**

PROPHASE DIAGNOSTICS CH.11 TELEPHONE CONFERENCE DEBTORS' GENERAL COUNSEL; TELEPHONE CONFERENCE DAN KROPIEWNICKI, BANKRUPTCY AUDITOR, OFFICE OF US TRUSTEE – TRM 0.2

TELEPHONE CONFERENCE DEBTOR'S INDEPENDENT DIRECTOR DEREK DESTEFANO RE INITIAL DEBTOR INTERVIEW, REVIEW DOCUMENTS AND COURT FILINGS TO BE REVIEWED AND SUBMITTED FOR SAME – TRM 0.4

EMAILS DAN KROPIEWNICKI, BANKRUPTCY AUDITOR, OFFICE US TRUSTEE, RE INITIAL DEBTOR INTERVIEW – TRM 0.1

EMAILS TO AND FROM DEREK DESTEFANO, INDEPENDENT DIRECTOR AND DEBTORS' CONTROLLER RE REVIEW OF ADDITIONAL DOCUMENTS TO BE PROVIDED TO US TRUSTEE RE INITIAL DEBTOR INTERVIEW AND 341

MEETING OF CREDITORS, AND PREPARATION OF MEMO TO DEBTORS REVIEWING ISSUES RE PROOF OF OPENING OF DIP BANK ACCOUNTS, AND CLOSING OF PRE-PETITION BANK ACCOUNTS; TELEPHONE CONFERENCE DEBTOR'S GENERAL COUNSEL RE SAME– TRM 0.7

**10/16/2025 TH**

PROPHASE DIAGNOSTICS CH.11    REVIEW AND ANALYSIS OF JEFFREY SPONDER ESQ PROPOSED RED-LINE REVISIONS TO ADMINISTRATIVE FEE ORDER, EMAIL MR SPONDER RE SAME – TRM 0.4

RECEIPT AND REVIEW OF EMAIL FROM J SPONDER ESQ, WITH SEVERAL QUESTIONS RE PENDING APPLICATION FOR RETENTION – TRM 0.2

PREPARATION OF POINT BY POINT RESPONSE TO J SPONDER ESQ RE QUESTIONS RAISED, AND FORWARD SAME TO J SPONDER ESQ – TRM 0.5

CONFER WITH DEBTORS' CORPORATE CONTROLLER RE SEVERAL QUESTIONS RE THE CODE AND CHAPTER 11 REORGANIZATION, JOINT ADMINISTRATION, REVIEW OF ANTICIPATED TIMELINE OF CASE, ISSUES GOING FORWARD – TRM 0.7

CONFER WITH DEBTORS' INDEPENDENT DIRECTOR AND DEBTORS' GENERAL COUNSEL RE PREPARATION FOR 341 MEETING OF CREDITORS AND INITIAL DEBTOR INTERVIEW – TRM 0.4

EMAILS WITH J SPONDER ESQ RE HIS FOLLOW-UP QUESTIONS RE APPLICATION FOR RETENTION, AND RESPONSE TO US TRUSTEE QUESTIONS, AND DOCUMENTS AS REQUESTED BY MR SPONDER – TRM 0.6

EMAILS TO CHAMBERS RE EXTENSION OF DEADLINE TO OBJECT  – TRM 0.1

FOLLOW-UP EMAILS WITH J SPONDER ESQ RE SECURITY RETAINER ISSUES, AND RESEARCH OF US BANKRUPTCY COURT CASELAW RE SAME – TRM 0.5

RECEIPT AND REVIEW OF STATEMENT

ADJOURNING MEETINGS, CALENDAR NEW 341
AND IDI MEETING DATES [PARALEGAL] – ML 0.5

**10/17/2025 FR**

PROPHASE DIAGNOSTICS CH.11     EMAILS TO AND FROM J SPONDER ESQ RE
PENDING APPLICATION FOR RETENTION OF
DEBTORS' ATTORNEY, PREPARATION AND
REVIEW OF PROPOSED REVISIONS TO FORM OF
ORDER AUTHORIZING RETENTION, EMAILS RE
SAME – TRM 0.3

CONFER WITH CLIENT RE REVISED ORDER;
EMAILS WITH J SPONDER ESQ RE AGREEMENT
ON LANGUAGE FOR REVISED FORM OF
PROPOSED ORDER – TRM 0.5

SUBMIT AGREED REVISED FORM OF ORDER, AS
CONCURRED IN BY US TRUSTEE, TO
CHAMBERS JUDGE GRAVELLE – TRM 0.2

EMAILS TO AND FROM DEBTORS' CONTROLLER
AND INDEPENDENT DIRECTOR RE SEVERAL
PENDING ISSUES, INCLUDING RE DIP
ACCOUNTS AND DOCUMENTS TO BE
PRODUCED PRIOR TO 341 MEETING OF
CREDITORS AND INITIAL DEBTOR INTERVIEW,
AND REVIEW OF DOCS AND FINANCIALS TO BE
PROVIDED – TRM 0.5

PREPARATION OF MEMORANDUM TO DEBTORS'
CONTROLLER AND STAFF DETAILING POINT BY
POINT RESPONSES TO SEVERAL INQUIRIES
RAISED BY DEBTOR AS TO SPENDING
FINANCIAL, SUBSTANTIVE AND PROCEDURAL
ISSUES, NEXT STEPS. TIMELINE GOING
FORWARD, ANTICIPATED PROGRESS OF CASE,
AND DEBTOR'S OBLIGATIONS RE DOCUMENTS,
OPERATING REPORTS, FINANCIAL RECORDS,
AND DEADLINES – TRM 0.9

EMAILS WITH DEBTORS' INDEPENDENT
DIRECTOR DEREK DESTEFANO RE NEW DATES
FOR JOINT 341 MEETING OF CREDITORS AND
INITIAL DEBTOR INTERVIEW ON SAME DATE,
DOCUMENTS, FINANCIALS ID, AND RECORDS
STILL TO BE PRODUCED, REVIEW OF
EXPECTATIONS AND PROCEDURES FOR 341
AND IDI – TRM 0.5

**10/18/2025 SA**

PROPHASE DIAGNOSTICS CH.11   EMAIL DEBTORS' INDEPENDENT DIRECTOR AND GENERAL COUNSEL RE IDI AND 341, NEW DATES, AND ISSUES RE ADDITIONAL DOCUMENTS TO BE SUBMITTED, AND THE PREPARATION NEEDED FOR 341 MEETING AND IDI MEETING  – TRM 0.4

**10/19/2025 SU**

PROPHASE DIAGNOSTICS CH.11   RECEIPT AND REVIEW OF THREE CERTIFICATES OF NOTICE; – TRM 0.1

**10/20/2025 MO**

PROPHASE DIAGNOSTICS CH.11   RECEIPT AND  REVIEW OF THREE ENTERED ORDERS GRANTING APPLICATIONS TO EMPLOY PROFESSIONAL – TRM 0.2

EMAILS WITH TINA OPPELT, OFFICE OF US TRUSTEE, RE PREPARATION FOR 341 MEETING OF CREDITORS AND INITIAL DEBTOR OF INTERVIEW, REVIEW LIST OF DOCUMENTS AND INFORMATION TO BE PROVIDED PRIOR TO MEETING, CONFER WITH DEBTORS RE SAME  – TRM 0.4

EMAILS WITH DEBTORS' GENERAL COUNSEL AND WITH RICHARD HERSPERGER OF CROWN MEDICAL RE REVIEW OF QUESTIONS RAISED BY US TRUSTEE, AND PREPARATION OF RESPONSES TO SAME, RE CROWN APPLICATION FO RETENTION – TRM 0.5

EMAILS WITH DEBTORS' GENERAL COUNSEL AND INDEPENDENT DIRECTOR RE ISSUES AS TO PREPARATION FOR 341 MEETING OF CREDITORS AND INITIAL DEBTOR INTERVIEW – TRM 0.4

**10/21/2025 TU**

PROPHASE DIAGNOSTICS CH.11   PREPARATION  FOR AND HEARING BEFORE CHIEF JUDGE GRAVELLE, US BANKRUPTCY COURT, TRENTON (VIRTUAL)  ON MOTION FOR ENTRY OF AN ADMINISTRATIVE ORDER – TRM 0.5

EMAILS J SPONDER ESQ, OFFICE US TRUSTEE,, RE REVIEW OF HIS COMMENTS AND ISSUES RAISED RE APPLICATION FOR RETENTION OF CROWN MEDICAL, AND RE RESET DEADLINES

– TRM 0.4

EMAILS WITH DEBTOR RE PENDING ISSUES, INCLUDING RE QUESTIONS ON CROWN RETENTION – TRM 0.3

RECEIPT AND REVIEW OF EMAIL FROM TINA OPPELT, OFFICE OF US TRUSTEE; PREPARATION AND FILING OF NOTICE of TELEPHONIC §341 MEETING, and NEW DATE – TRM 0.4

**10/23/2025 TH**

PROPHASE DIAGNOSTICS CH.11    CONFER WITH DEBTOR'S GENERAL COUNSEL AND CORPORATE CONTROLLER RE ISSUES RE DIP ACCOUNTS AND DEBTORS' RESPONSIBILITIES RE MONTHLY OPERATING REPORTS TO BE PREPARED AND FILED – TRM 0.4

RESEARCH OF US TRUSTEE GUIDELINES AND LEADS FOR CONTACT INFORMATION FOR DIP BANK ACCOUNTS AND REGION 3 AUTHORIZED DEPOSITORIES – TRM 0.5

TWO TELEPHONE CONFERENCES RE SAME, CONFERRING WITH WELLS FARGO NATIONAL DIP ACCOUNT DEPARTMENT – TRM 0.3

EMAILS WITH DEBTORS RE DETAILS FROM WELLS FARGO AND DIP ACCOUNTS, MEMO RE DISTINCTION BETWEEN REGULAR ACCOUNTS MERELY RE-NAMED "DEBTOR-IN-POSSESSION ACCOUNT" AND ACTUAL APPROVED US TRUSTEE DIP DEPOSITORY ACCOUNTS; REVIEW OF DEBTORS OBLIGATIONS AND URGENCY RE REQUIRED COMPLIANCE WITH SAME – TRM 0.9

REVIEW OF FILE AND CONFER WITH DEBTOR RE DOCUMENTS, AND RECORDS FOR PRODUCTION IN ADVANCE OF 341 MEETING OF CREDITORS AND INITIAL DEBTOR INTERVIEW, RE FINANCIAL STATEMENTS, ORGANIZATIONAL CHART, PROFIT & LOSS STATEMENTS, PROOF OF INSURANCE FOR ALL THREE ENTITIES, WITH US TRUSTEE NAMED AS AN ADDITIONAL INSURED, REVIEW OF PREVIOUSLY PRODUCED TAX RETURNS, BANK STATEMENTS FOR ALL CONSOLIDATED ENTITIES, AND EMAIL DANIEL KROPIEWNICKI, BANKRUPTCY AUDITOR AND JEFFREY M SPONDER ESQ TRIAL ATTORNEY, OFFICE OF US TRUSTEE, WITH ALL ATTACHED

DOCUMENTS AND RECORDS – TRM 2.7

PREPARATION FOR AND VIRTUAL MEETING MS TEAMS WITH DEBTORS' GENERAL COUNSEL AND RICHARD HERSPERGER OF CROWN MEDICAL COLLECTIONS LLC RE APPLICATION FOR RETENTION, AND REVIEW OF ISSUES RAISED BY US TRUSTEE RE PROPOSED REVISIONS TO FORM OF ORDER FOR RETENTION – TRM 0.5

PREPARATION OF COMPREHENSIVE POINT BY POINT RESPONSE TO EACH OF THE QUESTIONS RAISED AND PRESENTED BY JEFFREY SPONDER ESQ, TRIAL ATTORNEY, US TRUSTEE, ON APPLICATION FOR RETENTION OF CROWN MEDICAL  – TRM 0.6

**10/24/2025 FR**

PROPHASE DIAGNOSTICS CH.11    TELEPHONE CONFERENCE AND EMAIL DEBTORS' GENERAL COUNSEL RE QUESTIONS, AND NEED TO CONFER WITH CROWN MEDICAL IN ORDER TO RESPOND TO US TRUSTEE – TRM 0.3

CONFERENCE CALL MEETING OF DEBTORS' GENERAL COUNSEL AND RICHARD HERSPERGER OF CROWN RE APPLICATION FOR RETENTION ISSUES PER QUESTIONS RAISED BY US TRUSTEE, REVIEW OF SAME – TRM 0.4

**10/25/2025 SA**

PROPHASE DIAGNOSTICS CH.11    PREPARATION OF MEMORANDUM TO DEBTORS' INDEPENDENT DIRECTOR RE FULL BRIEFING ON PENDING ISSUES AND DEADLINES, PROCEDURAL DESCRIPTION OF HOW 341 MEETING OF CREDITORS AND INSITITIA DEBTOR INTERVIEW WILL BE CONDUCTED, DOCUMENTS AND PLEADINGS TO HAVE AT HAND FOR QUESTIONS FROM TRUSTEE TRIAL ATTORNEY AND BANKRUPTCY AUDITOR – TRM 0.7

**10/26/2025 SU**

PROPHASE DIAGNOSTICS CH.11    PREPARATION  FOR AND VIRTUAL MEETING WITH DEBTORS' INDEPENDENT DIRECTOR BRIEFING AND DEBTORS GENERAL COUNSEL RE FULL REVIEW OF THREE SETS OF FILED

PETITIONS AND SCHEDULES, STATEMENT OF FINANCIAL AFFAIRS, DOCUMENTS, RECORDS, FINANCIALS AND INFORMATION AS SUBMITTED TO OFFICE OF US TRUSTEE, IN PREPARATION FOR OCTOBER 28. 2025 MEETING OF CREDITORS AND INITIAL DEBTOR INTERVIEW – TRM 1.5

**10/27/2025 MO**

PROPHASE DIAGNOSTICS CH.11    PREPARATION FOR 341, VIRTUAL MEETING TELEPHONE CONFERENCE WITH DEREK DESTEFANO AND DEBTORS' GENERAL COUNSEL RE PREPARATION FOR MEETING AND INITIAL DEBTOR INTERVIEW – TRM 0.8

CONFER WITH DEBTORS' GENERAL COUNSEL AND INDEPENDENT DIRECTOR RE SEVERAL FINAL QUESTIONS PRIOR TO 341 MEETING OF CREDITORS, DOCUMENTS TO BE REVIEWED, AND FOR WITNESS TO HAVE AVAILABLE FOR ANTICIPATED QUESTIONING BY US TRUSTEE TRIAL ATTORNEY, COPIES OF THREE PETITIONS, SCHEDULES, STATEMENTS OF FINANCIAL AFFAIRS, LISTS OF CREDITORS, CONSOLIDATED CREDITORS LIST, ALL DOCS PREVIOUSLY SUBMITTED TO US TRUSTEE FOR 341 AND IDI, PRE EMAIL TO MR DESTEFANO WITH ATTACHED UPDATED SETS OF ALL DOCUMENTS TO BE ADDRESSED AT 341 / IDI MEETINGS, – TRM 1.2

CONFER WITH D DESTEFANO RE QUESTIONS RE PREPARATION FOR INITIAL DEBTOR INTERVIEW – TRM 0.4

CONFER WITH D DESTEFANO RE ANTICIPATED AMENDMENTS TO PETITION AND SCHEDULES – TRM 0.4

PREPARATION FOR AND APPEARANCE AT 341 MEETING OF CREDITORS AND INITIAL DEBTOR INTERVIEW (TELEPHONIC) – TRM 2.8

POST-IDI EMAIL WITH DAN KROPIEWNICKI RE FOLLOW-UP ISSUES, CONFER WITH DEBTORS INDEPENDENT DIRECTOR RE SAME – TRM 0.2

**10/28/2025 TU**

PROPHASE DIAGNOSTICS CH.11    PREPARATION FOR AND APPEARANCE BEFORE HON CHRISTINE M GRAVELLE CHIEF US BANKRUPTCY JUDGE, ON STATUS CONFERENCE,. US COURTHOUSE TRENTON (VIRTUAL) – TRM 1.0

EMAILS WITH REGINA PRICE ESQ, CHAMBERS OF JUDGE GRAVELLE, RE FOLLOW-UP ISSUES ON STATUS CONFERENCE – TRM 0.2

**10/29/2025 WE**

PROPHASE DIAGNOSTICS CH.11    EMAILS WITH J SPONDER ESQ RE FURTHER NEGOTIATIONS OVER CROWN MEDICAL APPLICATION FOR RETENTION, PROPOSED CHANGES TO FORM OF ORDER – TRM 0.5

CONFER WITH DEBTORS' CONTROLLER RE FURTHER ISSUES ON DIP ACCOUNTS, NAD CLOSING OF PRIOR ACCOUNTS – TRM 0.3

PREPARATION AND FILING OF MONTHLY FEE STATEMENT #1 – TRM 2.5

PREPARATION AND FILING OF CERTIFICATE OF SERVICE OF MFS #1 – TRM 0.1

**10/30/2025 TH**

PROPHASE DIAGNOSTICS CH.11    EMAILS WITH DEBTORS' CONTROLLER ON FINANCIAL QUESTIONS RE POST-PETITION BUT PRE-CONFIRMATION ISSUES – TRM 0.2

**10/31/2025 FR**

PROPHASE DIAGNOSTICS CH.11    RECEIPT AND REVIEW OF NOTICE OF APPEARANCE AND REQUEST FOR SERVICE ON BEHALF OF DREXEL DISTRIBUTION, INC. DBA EZ TEST NY – TRM 0.1

TOTAL HOURS:   61.9 ATTORNEY HOURS
        0.5 PARALEGAL HOURS
        62.4 TOTAL HOURS

**TOTAL PROFESSIONAL FEES:**     **$ 29,465.00**
(AVERAGE: $472.20 / HR)

EXPENSES & DISBURSEMENTS:

PHOTOCOPYING (198 @0.20)   $39.60
POSTAGE                    $  7.80
                  ---------------------------------------------------------

**TOTAL EXPENSES:**                 $       47.40

**TOTAL BALANCE DUE:**              $   29,512.40

**80% OF FEES DUE:**                $   23,572.00

**100% EXPENSES DUE:**              $       47.40

CURRENTLY DUE PER ADMIN. ORDER:     $   23,619.40

MACIAG LAW, LLC

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

## <u>D.N.J. LBR 2016-1, MONTHLY FEE STATEMENT COVER SHEET</u>

IN RE: **ProPhase Diagnostics NJ, Inc*., et al.***    APPLICANT:   **Thaddeus R. Maciag, Esq.**
     **(jointly administered)**                          **Maciag Law, LLC**
                                            **(Debtors' Attorney)**
CASE NO: **25-19833-CMG**         CLIENT:    **Debtors**
CHAPTER: **11**                    CASE FILED:   **September 22, 2025**

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION
UNDER PENALTY OF PERJURY, PURSUANT TO 28 U.S.C. 1746.
RETENTION ORDER(S) ATTACHED

Respectfully submitted,

MACIAG LAW, LLC

 /s/ Thaddeus R. Maciag
Thaddeus R. Maciag, Esq.
Date: <u>12-01-2025</u>

## SECTION I -- FEE SUMMARY

MONTHLY FEE STATEMENT NO.  **<u>MONTHLY FEE STATEMENT #[3]</u>  ([November] 2025)**
TOTAL PREVIOUS MFS's FILED:         $      $36,471.72
TOTAL FEES ALLOWED TO DATE:      $         0
TOTAL RETAINER (IF APPLICABLE)    $      $35,000.00
TOTAL HOLDBACK (IF APPLICABLE)   $     $  9,117.93
TOTAL RECEIVED BY APPLICANT     $      $35,000.00

| NAME OF PROFESSIONAL & TITLE | HOURS | RATE | FEE |
|---|---|---|---|
| **Thaddeus R. Maciag, Esq.**<br>**Attorney, J.D. ('81)** | **62.3** | **$ 475** | **$  29,592.50** |
| **Mary Pixley,**<br>**Paralegal** | **2.1** | **$ 125** | **$      262.50** |
|  |  |  |  |
| **TOTALS:** | **65.4** | **AVG  $456.50** | **$  29,855.00** |

FEE TOTALS - PAGE 2    $  29,855.00
DISBURSEMENTS TOTALS - PAGE 3   <u>$      102.00</u>
TOTAL FEE APPLICATION:   <u>$  29,957.00</u>
Due at this time: Fees: <u>80%</u> x $29,855.00 = $ 23,884.00
      Disbursements:              <u>$      102.00</u>
      Total presently due:      <u>$ 23,986.00</u>

## SECTION II
## SUMMARY OF SERVICES

| SERVICES RENDERED | HOURS | FEE |
|---|---|---|
| a)  Asset Analysis & Recovery | 0.0 | 0.00 |
| b)  Asset Disposition | 0.0 | 0.00 |
| c)  Business Operations (incl insurance, first-day issues) | 3.5 | 1,662.50 |
| d)  Case Administration (incl. re MORs, 341, IDI, UST) | 7.3 | 3,467.50 |
| e) Claims Administration and Objection | 0.0 | 0.00 |
| f)  Employee Benefits/Pensions | 0.0 | 0.00 |
| g) Fee/Employment Applications | 14.7 | 6,982.50 |
| h) Fee/Employment Objections | 0.0 | 0.00 |
| I)  Financing | 0.0 | 0.00 |
| j) Litigation (other than Avoidance Action Litigation –includes Motions, Applications, Orders) | 12.9 | 6,127.50 |
| k) Preparation of Plan/Disclosure Statement | 0.0 | 0.00 |
| L) Preparation Petition, Schedules, Follow-Up Papers, Corporate Resolutions, Amendments | 23.9 | 0.00 |
| M) Paralegal | 2.1 | 11,352.50 |
| SERVICES TOTAL: | 65.4 | $  29,855.00 |

**SECTION III**
**SUMMARY OF DISBURSEMENTS**

| DISBURSEMENTS | AMOUNTS |
|---|---|
| a)  Computer Assisted Legal Research | 0.00 |
| b)  Fascsimile  No. Pages 0 Rate per Page  $.75   (Max $1.00) | 0.00 |
| c)  Long Distance Telephone | 0.00 |
| d) In-House Reproduction   No. Pages 0    Rate per Page .20 (Max $.20) | 0.00 |
| e)  Outside Reproduction | 0.00 |
| f)   Outside Research | 0.00 |
| g)  Filing/Court Fees | 102.00 |
| h)  Court Reporting | 0.00 |
| I)  Travel & parking | 0.00 |
| j)  Courier/Express | 0.00 |
| k) Postage | 0.00 |
| l) Other (Explain) | |
| | |

| DISBURSEMENTS TOTAL: | $   102.00 |
|---|---|

---

**SECTION IV**

**CASE HISTORY**

---

(NOTE:  Items 3 - 6 are not applicable to applications under 11 U.S.C. 506)

**(1)  DATE CASE FILED:**        September 22, 2025

**(2)  CHAPTER UNDER WHICH CASE WAS COMMENCED:**    11

**(3)  DATE OF RETENTION:**

**Retention Order:** entered October 20, 2025 (effective September 22, 2025)

**Administrative Order:** entered October 21, 2025

**Annex copy of Retention Order:** (*See Attached Exhibit A* )

**IF LIMIT ON NUMBERS OF HOURS OR OTHER LIMITATIONS TO RETENTION, SET FORTH:** Not applicable

**(4)  SUMMARIZE IN BRIEF THE BENEFITS TO THE ESTATE AND ATTACH SUPPLEMENTS AS NEEDED:**

(a)      Applicant facilitated the usual and customary substantive and procedural steps necessary for the first nine weeks weeks after commencement of the Chapter 11 cases through the completion of filing of three voluntary petitions in Chapter 11 Reorganization, and Corporate Resolutions in support of same.

(b)      Applicant successfully negotiated at length with the Office of the United States Trustee in regard to that office's intended Objections to the Debtors' Application for Retention of professional Crown Medical Collections LLC, engaged in negotiations between the Debtors and the Office of U.S. Trustee re same, and achieved agreement on redlined revisions to the Proposed Order for Retention, and successfully attained an entered Court Order Granting Application to Employ Professional.

(d)      Applicant prepared for Hearing (adjourned) on the Debtors' Motion, per 11 U.S.C. §333(a)(1) and Fed. R. Bankr.P. Rule 2007.2(a), for Entry of an Order Finding that Health Care Ombudsman is not Necessary in this Case.

(e)    Applicant prepared, reviewed, revised, and fled motion papers and all supporting documents, filing with the Court the Debtors' Application for Retention of Crown Medical Collections LLC, and has engaged in extensive negotiations with the Office of United States Trustee in regard to that office's intended Objections to the Debtors' Application for Retention of Crown Medical, and has engaged in negotiations between the Debtors and the Office of U.S. Trustee re same.

(f) Applicant negotiated with the Office of the United States Trustee, in connection with the relief requested in the referenced Motions and Applications, reviewing issues with the

Debtors, reviewing proposed red-lined revised Orders, and achieving agreement on revised forms of Order in regard to consensual resolutions of said Motions and Applications.

(g) Applicant conferred with Debtors' staff in regard to Debtor-in-Possession Accounts and Monthly Operating Reports.

(h) Applicant prepared very extensive Amendments in all three cases.

(i) Applicant conferred at length with Debtor's staff on legal, substantive and procedural obligations of the Debtors in Possession in Chapter 11, and in compliance with said obligations and in review of plans going forward as to a successful Reorganization.

(j) Applicant provided legal advice to the Debtors regarding the Bankruptcy Code, and Federal and Local D.N.J. Bankruptcy rules, practices and procedures.

(k) Applicant rendered all other services set forth on the hourly invoices attached hereto as **Exhibit B** to this Monthly Fee Statement.

**(5)   ANTICIPATED DISTRIBUTION TO CREDITORS:**

**(A) ADMINISTRATIVE EXPENSES:**     100% of allowed claim

**(B) SECURED CREDITORS:**     100% of allowed secured claim

**[C] PRIORITY CREDITORS:**     100% of allowed claim

**(D) GENERAL UNSECURED CREDITORS:**  100% of allowed claim

**(6)   FINAL DISPOSITION OF CASE AND PERCENTAGE OF DIVIDEND PAID TO CREDITOR (IF APPLICABLE):** Not yet determined, but all allowed creditors ;and claims are anticipated to be paid at 100% of secured value.

MACIAG LAW, LLC

**SIGNATURE OF APPLICANT:**     by: /s/  Thaddeus R. Maciag 12/01/2025

Thaddeus R. Maciag, Esq.     DATE

# MACIAG LAW, LLC

PROPHASE DIAGNOSTICS NJ, INC., ET AL.        DECEMBER 1, 2025
42 THROCKMORTON LANE
OLD BRIDGE, NJ 08857

RE:   MONTHLY FEE STATEMENT #3 (NOVEMBER 2025)

"IN RE PROPHASE DIAGNOSTICS NJ, INC. ET AL.
(JOINTLY ADMINISTERED)
CHAPTER 11 REORGANIZATION
CASE #25-19833-CMG  (DISTRICT OF NEW JERSEY)

**11/01/2025 SA**

PROPHASE DIAGNOSTICS CH.11        CONFER WITH DEBTORS RE ORDERS GRANTING MOTIONS FOR JOINT ADMINISTRATION IN CASES 25-19833, 25-19834, 235-19836 – TRM 0.2

REVIEW OF CROWN MEDICAL DOCS RE APPLICATION FOR RETENTION – TRM 0.2

**11/02/2025 SU**

PROPHASE DIAGNOSTICS CH.11        LEGAL RESEARCH OF CODE, RULES, AND CASELAW INCLUDING THIRD CIRCUIT CASELAW DNJ CASELAW, AND OTHER CIRCUITS AND DISTRICTS INTERPRETING SAME, RE ISSUES AS TO CONTINGENCY FEE AGREEMENT RETENTION UNDER 328(A) AND 330 – TRM 3.7

PREP OF LEGAL RESEARCH MEMORANDUM OF LAW RE REVIEW OF ISSUES RE CROWN MEDICAL RETENTION AND MEMORANDUM OF LAW ON RESEARCH ON CONTINGENCY

FEE RETENTION UNDER SECTION 327(A)  SECTION 328, AND SECTION 330 – TRM 1.8

PREP OF REVISED RED-LINE OF PROPOSED RETENTION ORDER FOR CROWN MEDICAL – TRM 0.4

PREP EMAIL TO J SPONDER ESQ, US TRUSTEE TRIAL ATTORNEY RE LEGAL RESEARCH MEMORANDUM ON SECTION 328 AND 330 RE PENDING CROWN APPLICATION AND PROPOSED RED-LINE ORDER – TRM 0.2

EMAILS CHAIR INDEPENDENT BANKRUPTCY COMMITTEE, AND GENERAL COUNSEL RE RED-LINED ORDER AND RESEARCH RE CASELAW ON SECTION 328 AND 330 RETENTION ISSUES – TRM 0.3

**11/03/2025 MO**

PROPHASE DIAGNOSTICS CH.11

EMAILS WITH DEBTORS, D DESTEFANO, J KAMPS ESQ, R HERSPERGER OF CROWN MEDICAL RE RED-LINE ORDER AND CONTINUING NEGOTIATIONS RE SAME; TELEPHONE CONFERENCE WITH R HERSPERGER OF CROWN MEDICAL RE ISSUES AS TO NEGOTIATIONS WITH US TRUSTEE ATTORNEY RE TERMS OF RETENTION, EMAIL DEBTORS RE SAME – TRM 0.5

EMAILS J SPONDER ESQ, TRIAL ATTORNEY US TRUSTEE, RE REVIEW OF RED-LINE AND REQUEST FOR EXTENSION OF DEADLINE TO OBJECT; EMAILS J SPONDER, OFFICE OF US TRUSTEE, CHAMBERS JUDGE GRAVELLE, RE REVIEW OF RED-LINE, AND EXTENSION OF DEADLINE TO NOVEMBER 7 – TRM 0.3

NUMEROUS EMAILS, TELEPHONE CONFERENCES WITH GENERAL COUNSEL, WITH CHAIR OF INDEPENDENT BANKRUPTCY COMMITTEE D DESTEFANO, WITH R HERSPERGER OF CROWN MEDICAL RE PROPOSED RED-LINE REVISED ORDER

– TRM 0.5

CONFER WITH DEBTOR RE REVIEW OF TRUSTEE'S RESPONSE TO LEGAL RESEARCH RE CASELAW AND NEGOTIATIONS RE TERMS OF CROWN'S RETENTION – TRM 0.4

RECEIPT AND REVIEW OF MEMORANDUM FROM CROWN RE LEGAL AND FINANCIAL ANALYSIS OF PROPOSED REVISED REDLINE ORDER AND TERMS OF RETENTION – TRM 0.8

CONFER WITH GENERAL COUNSEL RE URGENCY OF RESOLVING CROWN RETENTION, ANTICIPATED TIMELINE GOING FORWARD- TRM 0.2

**11/04/2025 TU**

PROPHASE DIAGNOSTICS CH.11

RECEIPT AND REVIEW OF EMAIL FROM CLERK OF THE COURT RE RESCHEDULING OF DATES AND DEADLINES ON PENDING MOTIONS, CALENDAR SAME [PARALEGAL] – MP 0.3

REVIEW PACER DOCKETS IN ALL THREE CASES, RE DATES ND DEADLINES [PARALEGAL] – MP 0.5

RECEIPT AND REVIEW OF EMAIL RE MOTION FOR ENTRY OF AN ORDER FINDING THAT APPOINTMENT OF A HEALTH CARE OMBUDSMAN IS NOT NECESSARY IN THIS CASE – TRM 0.1

RECEIPT AND REVIEW OF EMAILS J SPONDER ESQ RE REVISIONS TO RETENTION ORDER AND REDLINE OF PROPOSED ORDER, AND REVIEW SAME – TRM 0.3

REVIEW OF REVISIONS TO RED-LINE ORDER – TRM 0.3

NUMEROUS EMAILS J SPONDER J KAMPS R HERSPERGER D DESTEFANO RE RED-LINE ORDER, RETENTION

ISSUES, FINAL REVISIONS TO RED-LINE
ORDER– TRM 0.5

EMAILS AND TELEPHONE
CONFERENCE GENERAL COUNSEL RE
POTENTIAL DIP FINANCING ISSUES –
TRM 0.3

**11/05/2025 WE**

PROPHASE DIAGNOSTICS CH.11

NUMEROUS EMAILS WITH J SPONDER
ESQ, UST/DOJ RE REVISIONS TO
REDLINE AND NEGOTIATIONS OVER
TERMS OF CROWN RETENTION – TRM
0.3

EMAILS WITH DEBTORS RE SAME –
TRM 0.2

NEGOTIATIONS AND AGREEMENT ON
FINAL RED-LINE LANGUAGE IN
PROPOSED CROWN MEDICAL
RETENTION ORDER – TRM 0.2

PREP SUBMISSION OF AGREED ORDER
TO JUDGE GRAVELLE'/S CHAMBERS –
TRM 0.2

RECEIPT AND REVIEW OF EMAIL FROM
CLERK OF THE COURT RE
RESCHEDULING OF DATES AND
DEADLINES ON PENDING MATTERS –
TRM 0.1

PREP TWO DRAFT REVISED
SUPPLEMENTAL CERTIFICATIONS IN
SUPPORT OF APPLICATION WITH
ADDED ORDER PARAGRAPH, AND
FORWARD SAME TO J SPONDER ESQ
OF UST/DOJ – TRM 0.8

PREPARATION OF MEMORANDUM TO
DEBTORS' CONTROLLER
SUMMARIZING BANKRUPTCY LAW RE
PAYMENT OF PRE-PETITION AND
POST-PETITION OPERATING
EXPENSES, REVIEW OF ISSUES RE D-I-
P ACCOUNTS AND OBLIGATIONS AND
DEADLINES TO FILE MONTHLY
OPERATING REPORTS – TRM 0.7

EMAILS TO AND FROM DEBTORS'
CONTROLLER RE ISSUES AS TO
PAYMENT OF PRE-PETITION AND
POST-PETITION EXPENSES, AND RE
MONTHLY OPERATING REPORTS AND
FORMS  – TRM 0.4

TELEPHONE CONFERENCE WITH
GENERAL COUNSEL TRM 0.1

**11/06/2025 TH**

PROPHASE DIAGNOSTICS CH.11          PREPARATION OF MONTHLY FEE
STATEMENT #2 – TRM 3.3

ECF-FILING OF MFS #2 – TRM 0.2

PREP AND FILING OF CERTIFICATE OF
SERVICE OF MFS #2 – TRM 0.1

**11/07/2025 FR**

PROPHASE DIAGNOSTICS CH.11          NUMEROUS EMAILS J SPONDER,
CROWN, DEBTORS, RE CROWN
RETENTION – TRM 0.5

PREP REVISED SUPPLEMENTAL
CERTIFICATION OF DEREK
DESTEFANO, CHAIR, INDEPENDENT
BANKRUPTCY COMMITTEE – TRM 0.7

PREP REVISED SUPPLEMENTAL
CERTIFICATION OF RICHARD
HERSPERGER OF PROFESSIONAL
APPLICANT CROWN MEDICAL – TRM 0.8

TELEPHONE CONFERENCE R
HERSPERGER OF CROWN MEDICAL;
PREP REVISIONS TO CERTIFICATION –
TRM 0.4

TELEPHONE CONFERENCE WITH
GENERAL COUNSEL - TRM 0.1

**11/10/2025 MO**

PROPHASE DIAGNOSTICS CH.11          EMAILS JEFFREY SPONDER ESQ, TRIAL

ATTORNEY, UST/DOJ RE FINAL REVISED RED-LINE ORDER, AND TWO SUPPLEMENTAL CERTIFICATIONS TO BE SUBMITTED IN SUPPORT OF CROWN RETENTION – TRM 0.3

EMAILS WITH DEBTORS, CROWN MEDICAL, RE FINAL REVISED RED-LINE ORDER, TWO CERTIFICATIONS TO BE SUBMITTED RE CROWN RETENTION – TRM 0.5

EMAILS RE ADDING NEW ORDER PARAGRAPH TO RED-LINE, PREP OF SUPPLEMENTAL CERTIFICATIONS OF DEREK DESTEFANO AND SUPPLEMENTAL CERTIFICATION OF RICHARD HERSPERGER OF CROWN FOR THEIR SIGNATURES – TRM 0.5

**11/11/2025 TU**

PROPHASE DIAGNOSTICS CH.11

EMAILS SPONDER ESQ, TRIAL ATTORNEY, OFFICE OF US TRUSTEE, DEBTORS, CROWN MEDICAL, RE RESOLUTION OF NEGOTIATIONS RE REVISED PROPOSED ORDER FOR RETENTION OF CROWN MEDICAL - TRM 0.4

**11/12/2025 WE**

PROPHASE DIAGNOSTICS CH.11

EMAILS AND NEGOTIATIONS WITH J SPONDER ESQ, UST/DOJ RE FINAL REVISED RED-LINE ORDER, CERTIFICATIONS TO BE SUBMITTED – TRM 0.4

PREPARATION OF SUPPLEMENTAL CERTIFICATION OF RICHARD HERSPERGER OF CROWN MEDICAL COLLECTIONS LLC, IN SUPPORT OF APPLICATION FOR RETENTION; EMAILS AND TELEPHONE CONFERENCE TELEPHONE CONFERENCE R HERSPERGER OF CROWN MEDICAL RE SAM, AND RE SIGNATURE OF CERTIFICATION – TRM 0.5

TELEPHONE CONFERENCE WITH GENERAL COUNSEL OF DEBTORS RE NEXT STEPS ON CROWN MEDICAL RETENTION - TRM 0.1

PREPARATION OF SUPPLEMENTAL CERTIFICATION OF DEREK DESTEFANO, CHAIR INDEPENDENT BANKRUPTCY COMMITTEE OF DEBTOR-IN-POSSESSION, IN SUPPORT OF APPLICATION FOR RETENTION; EMAILS AND TELEPHONE CONFERENCE RE SAME – TRM 0.5

ECF-FILE SUPPLEMENTAL CERTIFICATIONS – TRM 0.2

FINAL PROOFING AND REVISIONS TO AGREED FORM OF CROWN RETENTION ORDER AND PREP EMAIL TO CHAMBERS, CHIEF JUDGE GRAVELLE, AND TO J SPONDER ESQ RE SAME – TRM 0.4

**11/13/2025 TH**

PROPHASE DIAGNOSTICS CH.11

RECEIPT AND REVIEW OF ENTERED ORDER GRANTING APPLICATION TO EMPLOY PROFESSIONAL CROWN MEDICAL COLLECTIONS LLC; PREP EMAILS TO DIP AND CROWN FORWARDING SAME, TELEPHONE CONFERENCE WITH DEBTORS AND R HERSPERGER OF CROWN RE SAME – TRM 0.5

RECEIPT AND REVIEW OF NOTICE OF RESCHEDULED HEARING DATE ON OMBUDSMAN MOTION; CALENDAR NEW DATE [PARALEGAL] – MP 0.3

**11/14/2025**

PROPHASE DIAGNOSTICS CH.11

REVIEW PACER DOCKET RE POSSIBLE OBJECTIONS; PREP AND FILE CERTIFICATION OF NO OBJECTION – TRM 0.2

**11/17/2025 MO**

PROPHASE DIAGNOSTICS CH.11

EMAILS GENERAL COUNSEL J KAMPS, CFO STEVEN PLUMB RE REVIEW OF DOCS FORMS AND TEMPLATES RE DRAFT MORS, SAMPLE MORS, DEADLINES TO P PREPARE AND FILE

SAME – 1.1

TELEPHONE CONFERENCE R HERSPERGER OF CROWN MEDICAL RE ANTICIPATED TIMELINE GOING FORWARD – TRM 0.2

TELEPHONE CONFERENCE WITH GENERAL COUNSEL RE PENDING DATES AND DEADLINES, REVIEW OF SUBSTANTIVE AND PROCEDURAL ISSUES GOING FORWARD - TRM 0.2

**11/19/2025 WE**

PROPHASE DIAGNOSTICS CH.11

EMAILS GENERAL COUNSEL J KAMPS, CFO STEVEN PLUMB RE REVIEW OF MOR FORMS, FINANCIAL EXHIBITS, SPREADSHEETS, AND BANK STATEMENTS TO BE ATTACHED TO SAME – TRM 0.8

EMAIL R HERSPERGER OF CROWN MEDICAL RE RETENTION; TELEPHONE CONFERENCE R HERSPERGER OF CROWN MEDICAL RE SAME – TRM 0.3

TELEPHONE CONFERENCE WITH GENERAL COUNSEL RE MOR'S AND CROWN ISSUES - TRM 0.2

COMPILATION OF SAMPLE MOR DOCS AND EXHIBITS FOR DEBTORS' CFO [PARALEGAL] – MP 0.5

**11/21/2025 FR**

PROPHASE DIAGNOSTICS CH.11

TELEPHONE CONFERENCE R HERSPERGER OF CROWN MEDICAL – TRM 0.2

**11/22/2025 SA**

PROPHASE DIAGNOSTICS CH.11

RECEIPT AND REVIEW OF UNSEALED FEDERAL COURT QU TAM COMPLAINT – TRM 0.9

SEVERAL EMAILS WITH DEBTOR RE SAME – TRM 0.3

REVIEW OF EDNY PACER DOCKET IN

QUI TAM LITIGATION; REVIEW OF FILED NOTICE OF NONINTERVENTION BY UNITED STATES, STATE OF NEW JERSEY, STATE OF NEW YORK – TRM 0.7

REVIEW OF DOCS, RESEARCH, AND COURT RECORDS IN PREPARATION FOR VIRTUAL MEETING WITH DEBTOR — 0.4

FURTHER REVIEW OF PACER DOCKET RE UNSEALED FEDERAL COURT COMPLAINT EMAILS RE SAME – TRM 0.4

RESEARCH RE QUI TAM STATUTES AND CASELAW IN THIRD CIRCUIT, OTHER CIRCUITS AND DISTRICTS – TRM 2.2

**11/23/2025 SU**

PROPHASE DIAGNOSTICS CH.11

REVIEW OF RESEARCH, DOCS AND RECORDS IN PREPARATION FOR VIRTUAL MEETING WITH DEBTORS – TRM 0.5

VIRTUAL MEETING WITH DEBTORS REPRESENTATIVES RE EFFECT OF QUI TAM LITIGATION, DISCLOSURE OF SAME, AMENDMENTS TO SCHEDULES TO BE PREPARED AND FILED, 8K DISCLOSURE TO BE PREPARED – TRM 0.7

REVIEW OF HENNRICK SETTLEMENT & RELEASE, EMAILS, TELEPHONE CONFERENCE WITH GENERAL COUNSEL, QUI TAM RESEARCH, CONFER RE DIRECTOR C ABENANTE AS PROPOSED NEW CHAIR OF INDEPENDENT BANKRUPTCY COMMITTEE – TRM 0.5

PREP DRAFT CORPORATE RESOLUTIONS RE NEW INDEPENDENT DIRECTOR AND CHAIR OF INDEPENDENT BANKRUPTCY COMMITTEE – TRM 0.9

TELEPHONE CONFERENCE GENERAL COUNSEL J KAMPS ESQ AND R HERSPERGER OF CROWN MEDICAL –

TRM 0.6

**11/24/2025 MO**

PROPHASE DIAGNOSTICS CH.11      CONFER WITH R HERSPERGER OF CROWN RE COLLECTION EFFORTS AND ANTICIPATED TIMING OF FINANCIAL RECOVERIES, CONFER WITH CEO TED KARKUS RE SAME IN RE CROWN'S EFFORTS, AND IN RE NEW INDEPENDENT DIRECTOR AND CHAIR OF THE INDEPENDENT BANKRUPTCY COMMITTEES, CAROLINA ABENANTE – TRM 1.5

**11/25/2025 TU**

PROPHASE DIAGNOSTICS CH.11      CONFER RE RE IMPORT OF HENNRICK SETTLEMENT & RELEASE, EMAILS, TELEPHONE CONFERENCES, QUI TAM RESEARCH, PREP AMENDMENTS AND CORPORATE RESOLUTIONS RE NEW INDEPENDENT DIRECTOR AND CHAIR OF INDEPENDENT BANKRUPTCY COMMITTEE – TRM 0.2

EMAILS RE DEADLINES RE MOR'S AND SAMPLE MORS, DOCS, FORMS AND FINANCIAL EXHIBITS TO BE FILED – 0.7

TELEPHONE CONFERENCE R HERSPERGER OF CROWN MEDICAL – TRM 0.3

**11/26/2025 WE**

PROPHASE DIAGNOSTICS CH.11      PREP NEW CORPORATE BOARD RESOLUTION IN PROPHASE DIAGNOSTICS-NJ CASE RE APPOINTMENT OF CHAIR OF INDEPENDENT BANKRUPTCY COMMITTEE – TRM 0.8

PREP NEW SHAREHOLDER CONSENT IN PROPHASE DIAGNOSTICS-NJ CASE RE APPOINTMENT OF CHAIR OF INDEPENDENT BANKRUPTCY COMMITTEE – TRM 0.7

PREP NEW CORPORATE BOARD

RESOLUTION IN PROPHASE DIAGNOSTICS-NY CASE RE APPOINTMENT OF CHAIR OF INDEPENDENT BANKRUPTCY COMMITTEE – TRM 0.5

PREP NEW SHAREHOLDER CONSENT IN PROPHASE DIAGNOSTICS-NY CASE RE APPOINTMENT OF CHAIR OF INDEPENDENT BANKRUPTCY COMMITTEE – TRM 0.4

PREP NEW CORPORATE BOARD RESOLUTION IN PROPHASE DIAGNOSTICS-INC CASE RE APPOINTMENT OF CHAIR OF INDEPENDENT BANKRUPTCY COMMITTEE – TRM 0.3

PREP NEW SHAREHOLDER CONSENT IN PROPHASE DIAGNOSTICS-INC CASE RE APPOINTMENT OF CHAIR OF INDEPENDENT BANKRUPTCY COMMITTEE – TRM 0.3

TELEPHONE CONFERENCE C ABENANTE, T KARKUS, L BISESAR RE D-IP ACCOUNT ISSUES, AND AMENDMENTS TO BE FILED – TRM 0.4

EMAILS D KROPIEWNICKI, BANKRUPTCY AUDITOR, US TRUSTEE, EMAILS TO AND FROM JEFF SPONDER ESQ, US TRUSTEE TRIAL ATTORNEY RE D-I-P ACCOUNT ISSUES AND UNLAWFUL HOLD ON ACCOUNTS, AMENDMENTS TO BE FILED – TRM 0.3

TELEPHONE CONFERENCE WELLS FARGO BANK NATIONAL BANKRUPTCY OFFICE RE FULL REVIEW OF LOCAL BRANCH MISHANDLING OF D-I-P ACCOUNT ISSUES, UNLAWFUL BLOCKING AND HOLD ON ACCOUNTS, AND CORRECTIONS TO BE MADE TO WRONGFULLY OPENED NON-DIP ACCOUNTS – TRM 0.5

EMAILS TO AND DEBTORS RE RESULTS OF DISCUSSIONS WITH WELLS FARGO BANK – TRM 0.2

TELEPHONE CONFERENCE AND

EMAILS R HERSPERGER OF CROWN MEDICAL RE UPDATED RECEIVABLES ANALYSIS, CALCULATION OF TOTAL COLLECTIBLE RECEIVABLES, PROJECTED NET RECOVERY, ANALYSIS OF INSURANCE CARRIER RECEIVABLES – TRM 1.1

**11/28/2025 FR**

PROPHASE DIAGNOSTICS CH.11

NUMEROUS EMAILS AND TELEPHONE CONFERENCE'S WITH DEBTORS RE PREPARATION OF PROPHASE-NJ AMENDMENTS – TRM 0.2

PREPARATION OF FINAL REVISED AMENDED CORPORATE RESOLUTION IN PROPHASE-NJ CASE – TRM 0.1

PREPARATION OF FINAL REVISED AMENDED SHAREHOLDER CONSENT IN PROPHASE-NJ CASE – TRM 0.2

REVIEW OF CROWN UPDATED TOTAL RECEIVABLES AND COLLECTIBILITY ANALYSIS; AND PREPARATION OF AMENDED SCHEDULE A/B IN PROPHASE-NJ CASE – TRM 0.5

PREPARATION OF AMENDED SCHEDULE E/F IN PROPHASE-NJ CASE – TRM 0.4

PREPARED OF AMENDED STATEMENT OF FINANCIAL AFFAIRS IN PROPHASE-NJ CASE — TRM 0.4

PREPARATION OF AMENDED, LIST OF 20 LARGEST UNSECURED CREDITORS IN PROPHASE-NJ CASE – TRM 0.3

PREPARATION OF AMENDED CONSOLIDATED CREDITOR MATRIX IN PROPHASE-NJ CASE – TRM 0.2

PREPARATION OF AMENDED SUMMARY OF ASSETS & LIABILITIES IN PROPHASE-NJ CASE – TRM 0.3

PREPARATION OF DECLARATION UNDER PERJURY FOR NON-INDIVIDUAL

DEBTORS IN PROPHASE-NJ CASE – TRM 0.1

PREPARATION OF AMENDMENT COVER CERTIFICATION AND DECLARATION AND VERIFIED STATEMENT OF NO OTHER CHANGES IN PROPHASE-NJ CASE – TRM 0.4

EMAILS AND TELEPHONE CONFERENCE'S WITH DEBTORS RE PREPARATION OF PROPHASE-NY AMENDMENTS – TRM 0.2

PREPARATION OF FINAL REVISED AMENDED CORPORATE RESOLUTION IN PROPHASE-NY CASE – TRM 0.1

PREPARATION OF FINAL REVISED AMENDED SHAREHOLDER CONSENT IN PROPHASE-NY CASE – TRM 0.2

REVIEW OF CROWN UPDATED TOTAL RECEIVABLES AND COLLECTIBILITY ANALYSIS; AND PREPARATION OF AMENDED SCHEDULE A/B IN PROPHASE-NY CASE – TRM 0.5

PREPARATION OF AMENDED SCHEDULE E/F IN PROPHASE-NY CASE – TRM 0.4

PREPARED OF AMENDED STATEMENT OF FINANCIAL AFFAIRS IN PROPHASE-NY CASE — TRM 0.4

PREPARATION OF AMENDED CONSOLIDATED CREDITOR MATRIX IN PROPHASE-NY CASE – TRM 0.2

PREPARATION OF AMENDED SUMMARY OF ASSETS & LIABILITIES IN PROPHASE-NY CASE – TRM 0.3

PREPARATION OF DECLARATION UNDER PERJURY FOR NON-INDIVIDUAL DEBTORS IN PROPHASE-NY CASE – TRM 0.1

PREPARATION OF AMENDMENT COVER CERTIFICATION AND DECLARATION AND VERIFIED STATEMENT OF NO OTHER CHANGES IN PROPHASE-NY

CASE – TRM 0.4

EMAILS AND TELEPHONE CONFERENCE'S WITH DEBTORS RE PREPARATION OF PROPHASE-INC AMENDMENTS – TRM 0.2

PREPARATION OF FINAL REVISED AMENDED CORPORATE RESOLUTION IN PROPHASE-INC CASE – TRM 0.1

PREPARATION OF FINAL REVISED AMENDED SHAREHOLDER CONSENT IN PROPHASE-INC CASE – TRM 0.2

REVIEW OF CROWN UPDATED TOTAL RECEIVABLES AND COLLECTIBILITY ANALYSIS; AND PREPARATION OF AMENDED SCHEDULE A/B IN PROPHASE-INC CASE – TRM 0.5

PREPARATION OF AMENDED SCHEDULE E/F IN PROPHASE-INC CASE – TRM 0.4

PREPARED OF AMENDED STATEMENT OF FINANCIAL AFFAIRS IN PROPHASE-INC CASE — TRM 0.4

PREPARATION OF AMENDED, LIST OF 20 LARGEST UNSECURED CREDITORS IN PROPHASE-INC CASE – TRM 0.3

PREPARATION OF AMENDED CONSOLIDATED CREDITOR MATRIX IN PROPHASE-INC CASE – TRM 0.2

PREPARATION OF AMENDED SUMMARY OF ASSETS & LIABILITIES IN PROPHASE-INC CASE – TRM 0.3

PREPARATION OF DECLARATION UNDER PERJURY FOR NON-INDIVIDUAL DEBTORS IN PROPHASE-INC CASE – TRM 0.1

PREPARATION OF AMENDMENT COVER CERTIFICATION AND DECLARATION AND VERIFIED STATEMENT OF NO OTHER CHANGES IN PROPHASE-INC CASE – TRM 0.4

**11/29/2025 SA**

PROPHASE DIAGNOSTICS CH.11

REVIEW OF UPDATED CROWN RECEIVABLES ANALYSIS, FOR AMENDMENTS TO SCHEDULES ND STATEMENT OF FINANCIAL AFFAIRS – TRM 0.4

RESEARCH CASELAW RE RECENT QUI TAM REPORTED DECISIONS FALSE CLAIMS, AND REPORTED DECISIONS RE CONSTITUTIONAL ISSUES RE STATUTE – TRM 2.2

EMAILS AND TELEPHONE CONFERENCE RE AMENDMENTS TO CORPORATE RESOLUTIONS, SCHEDULES A/B AND E/F, STATEMENT OF FINANCIAL AFFAIRS, LIST OF 20 LARGEST UNSECURED CREDITORS, CONSOLIDATED CREDITOR MATRIX, AND SUMMARY OF ASSETS & LIABILITIES IN PROPHASE-NJ CASE – TRM 0.5

EMAILS RE PREPARATION FOR SIGNATURES OF SAME – TRM 0.2

EMAILS AND TELEPHONE CONFERENCE RE AMENDMENTS TO CORPORATE RESOLUTIONS, SCHEDULES A/B AND E/F, STATEMENT OF FINANCIAL AFFAIRS, LIST OF 20 LARGEST UNSECURED CREDITORS, CONSOLIDATED CREDITOR MATRIX, AND SUMMARY OF ASSETS & LIABILITIES IN PROPHASE-NY CASE – TRM 0.5

EMAILS RE PREPARATION FOR SIGNATURES OF SAME – TRM 0.2

EMAILS AND TELEPHONE CONFERENCE RE AMENDMENTS TO CORPORATE RESOLUTIONS, SCHEDULES A/B AND E/F, STATEMENT OF FINANCIAL AFFAIRS, LIST OF 20 LARGEST UNSECURED CREDITORS, CONSOLIDATED CREDITOR MATRIX, AND SUMMARY OF ASSETS &

LIABILITIES IN PROPHASE-NJ CASE – TRM 0.5

EMAILS RE PREPARATION FOR SIGNATURES OF SAME – TRM 0.2

REVIEW AND COMPILE CORPORATE RESOLUTIONS WITH SIGNATURE OF AL BOARD MEMBERS [PARALEGAL] – MP 0.5

**11/30/2025 SU**

PROPHASE DIAGNOSTICS CH.11

EMAILS AND TELEPHONE CONFERENCE WITH DEBTORS' CEO RE UPDATED RECEIVABLES ANALYSIS AND REVISED CALCULATION OF ASSET VALUATIONS FOR AMENDMENTS – TRM 0.5

EMAILS WITH DEBTORS' CEO RE CORPORATE RESOLUTIONS FOR APPOINTMENT OF BOARD OF DIRECTORS' DESIGNEE CAROLINA ABENANTE AS CHAIR OF THE INDEPENDENT BANKRUPTCY COMMITTEES – TRM 0.4

EMAILS WITH DIRECTOR CAROLINA ABENANTE RE AMENDMENTS PACKAGES IN ALL THREE CASES – TRM 0.5

EMAILS WITH DEBTORS AND CROWN MEDICAL RE FINANCING ISSUES RE UPDATED RECEIVABLES ANALYSIS – TRM 0.4

FINAL REVISIONS AND PROOF READING OF COMPLETE 32-PAGE AMENDMENTS PACKAGE IN PROPHASE-NJ CASE – TRM 0.5

FINAL REVISIONS AND PROOF READING OF COMPLETE 30-PAGE AMENDMENTS PACKAGE IN PROPHASE-NY CASE – TRM 0.5

FINAL REVISIONS AND PROOF READING OF COMPLETE 29-PAGE AMENDMENTS PACKAGE IN PROPHASE-INC CASE – TRM 0.4

EMAILS WITH INDEPENDENT

DIRECTOR C. ABENANTE RE SIGNATURES ON PROPHASE-NJ AMENDMENTS DOCS – TRM 0.1

EMAILS TO AND FROM INDEPENDENT DIRECTOR C. ABENANTE RE SIGNATURES ON PROPHASE-NY AMENDMENTS DOCS, AND CORRECTED PAGES – TRM 0.2

EMAILS WITH INDEPENDENT DIRECTOR C. ABENANTE RE SIGNATURES ON PROPHASE-INC AMENDMENTS DOCS, AND CORRECTED PAG ES – TRM 0.2

PREP OF AND ECF-FILING OF PROPHASE-NJ AMENDMENTS ON THE PACER DOCKET; FORWARD CONFIRMATION OF FILING AND COURT-FILE-STAMPED COPY OF AMENDMENTS TO THE DEBTORS – TRM 0.3

PREP OF AND ECF-FILING OF PROPHASE-NY AMENDMENTS ON THE PACER DOCKET; FORWARD CONFIRMATION OF FILING AND COURT-FILE-STAMPED COPY OF AMENDMENTS TO THE DEBTORS – TRM 0.3

PREP OF INC AMENDMENTS ON THE PACER DOCKET; FORWARD CONFIRMATION OF FILING AND COURT-FILE-STAMPED COPY OF AMENDMENTS TO THE DEBTORS – TRM 0.3

CONFER WITH DEBTORS RE FOLLOW-UP ON DIP ACCOUNTS AND MONTHLY OPERATING REPORT ISSUES AND DEADLINES – TRM 0.2

TOTAL HOURS:    62.3 ATTORNEY HOURS
2.1 PARALEGAL HOURS
65.4  TOTAL HOURS

**TOTAL PROFESSIONAL FEES:**              **$ 29,855.00**
(AVERAGE: $456.509 / HR)

EXPENSES & DISBURSEMENTS:
AMENDMENT FILING FEES ($34 X 3) $102.00
--------------------------------------------------------

**TOTAL EXPENSES:**                                              $     102.00

**TOTAL BALANCE DUE:**                                           $  29,957.00

**80% OF FEES DUE PER ADMINISTRATIVE ORDER:**                    $  23,884.00

**100% EXPENSES DUE PER ADMINISTRATIVE ORDER:**                  $     102.00

TOTAL DUE PER ADMINISTRATIVE ORDER:                             $  23,986.00

MACIAG LAW, LLC

\#      \#      \#

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

## D.N.J. LBR 2016-1, MONTHLY FEE STATEMENT COVER SHEET

IN RE:  **ProPhase Diagnostics NJ, Inc.***, et al.*     APPLICANT:   **Thaddeus R. Maciag, Esq.**
   **(jointly administered)**                                         **Maciag Law, LLC**
                                             **(Debtors' Attorney)**
CASE NO: **25-19833-CMG**                        CLIENT:   **Debtors**
CHAPTER: **11**                                            CASE FILED:  **September 22, 2025**

COMPLETION AND SIGNING OF THIS FORM CONSTITUTES A CERTIFICATION
UNDER PENALTY OF PERJURY, PURSUANT TO 28 U.S.C. 1746.
RETENTION ORDER(S) ATTACHED

Respectfully submitted,

MACIAG LAW, LLC

 /s/ Thaddeus R. Maciag
Thaddeus R. Maciag, Esq.
Date: 1-16-2026

## SECTION I -- FEE SUMMARY

MONTHLY FEE STATEMENT NO.  **MONTHLY FEE STATEMENT #4  (December 2025)**
TOTAL PREVIOUS MFS's FILED:          $       $ 66,326.72
TOTAL FEES ALLOWED TO DATE:          $            0
TOTAL RETAINER (IF APPLICABLE)       $       $ 35,000.00
TOTAL HOLDBACK (IF APPLICABLE)       $       $ 15,088.93
TOTAL RECEIVED BY APPLICANT          $       $ 35,000.00

| NAME OF PROFESSIONAL & TITLE | HOURS | RATE | FEE |
|---|---|---|---|
| **Thaddeus R. Maciag, Esq. Attorney, J.D. ('81)** | **24.7** | **$ 475** | **$  11,732.50** |
| **Mary Pixley, Paralegal** | **1.4** | **$ 125** | **$      175.50** |
| | | | |
| **TOTALS:** | **26.1** | **AVG  $456.23** | **$  11,907.50** |

FEE TOTALS - PAGE 2     $  11.907.50
DISBURSEMENTS TOTALS - PAGE 3    $      82.65
TOTAL FEE APPLICATION:  $   11,990.15
Due at this time: Fees: **80%** x $11,907.50 = $   9,526.00
Disbursements:              $      82.65
Total presently due:        $ 9,608.65

## SECTION II
## SUMMARY OF SERVICES

| SERVICES RENDERED | HOURS | FEE |
|---|---|---|
| a)  Asset Analysis & Recovery | 6.3 | 2,992.50 |
| b)  Asset Disposition | 0.0 | 0.00 |
| c)  Business Operations (incl insurance, first-day issues) | 0.7 | 332.50 |
| d)  Case Administration (incl. re MORs, 341, IDI, UST) | 6.8 | 3,230.00 |
| e) Claims Administration and Objection | 0.0 | 0.00 |
| f)  Employee Benefits/Pensions | 0.0 | 0.00 |
| g) Fee/Employment Applications | 3.5 | 1,662.50 |
| h) Fee/Employment Objections | 0.0 | 0.00 |
| I)  Financing | 1.1 | 522.50 |
| j) Litigation (other than Avoidance Action Litigation –includes Motions, Applications, Orders) | 3.1 | 1,472.50 |
| k) Preparation of Plan/Disclosure Statement | 1.2 | 0.00 |
| L) Preparation Petition, Schedules, Follow-Up Papers, Corporate Resolutions, Amendments | 1.4 | 570.00 |
| M) Paralegal | 1.4 | 175.00 |
| SERVICES TOTAL: | 26.1 | 11,907.50 |

**SECTION III**
**SUMMARY OF DISBURSEMENTS**

| DISBURSEMENTS | AMOUNTS |
|---|---|
| a)  Computer Assisted Legal Research | 0.00 |
| b)  Fascsimile  No. Pages 0 Rate per Page  $.75  (Max $1.00) | 0.00 |
| c)  Long Distance Telephone | 0.00 |
| d) In-House Reproduction   No. Pages 264    Rate per Page .20 (Max $.20) | 52.80 |
| e)  Outside Reproduction | 0.00 |
| f)   Outside Research | 0.00 |
| g)  Filing/Court Fees | 0.00 |
| h)  Court Reporting | 0.00 |
| I)  Travel & parking | 0.00 |
| j)  Courier/Express | 0.00 |
| k) Postage | 29.85 |
| l) Other (Explain) | |
| | |

| DISBURSEMENTS TOTAL: | $  82.65 |
|---|---|

## SECTION IV

## CASE HISTORY

(NOTE:  Items 3 - 6 are not applicable to applications under 11 U.S.C. 506)

**(1)  DATE CASE FILED:**       September 22, 2025

**(2)  CHAPTER UNDER WHICH CASE WAS COMMENCED:**    11

**(3)  DATE OF RETENTION:**

**Retention Order:** entered October 20, 2025 (effective September 22, 2025)

**Administrative Order:** entered October 21, 2025

**Annex copy of Retention Order:** (*See Attached Exhibit A* )

**IF LIMIT ON NUMBERS OF HOURS OR OTHER LIMITATIONS TO RETENTION, SET FORTH:** Not applicable

**(4)  SUMMARIZE IN BRIEF THE BENEFITS TO THE ESTATE AND ATTACH SUPPLEMENTS AS NEEDED:**

(a)    Applicant facilitated the usual and customary substantive and procedural steps necessary during the early months after commencement of three jointly administered Chapter 11 cases.

(b)    Applicant successfully attained entry of an Order, on Notice and Hearing and Debtors' Motion, per 11 U.S.C. §333(a)(1) and Fed. R. Bankr.P. Rule 2007.2(a), for Entry of an Order Finding that a Health Care Ombudsman is not Necessary in this Case.

[c]    Applicant worked with and coordinated the Debtors efforts with Appointed Professional Crown Medical Collections to seek recovery of substantial assets and receivables due the Debtor

(f) Applicant worked with the Office of the United States Trustee, in regard to relief sought by the Debtors in motions and negotiations, and in regard to the Debtors duties, deadlines and obligation in Chapter 11.

(d)    Applicant conferred with Debtors' staff in regard to Debtor-in-Possession Accounts and Monthly Operating Reports.

(e) Applicant worked with the Debtor, the U.S. Trustee, an Wells Fargo Bank, including the preparation of a Notice to Cease & Desist and Notice of Violation of Automatic Stay, in order to escalate to the national bank level a controversy over local Wells Fargo Bankers wrongfully freezing the Debtors' accounts, and successfully attained an unfreezing of same, ultimately without need to resort to motion practice and litigation

(f) Applicant conferred at length with Debtor's staff as to compliance with legal, substantive, procedural, and reporting obligations of Debtors in Possession in Chapter 11, and in review of plans going forward as to a successful Reorganization and anticipated extensions of the Debtors' exclusivity periods.

(g) Applicant provided legal advice to the Debtors regarding the Bankruptcy Code, and Federal and Local D.N.J. Bankruptcy rules, practices and procedures.

(h) Applicant rendered all other services set forth on the hourly invoices attached hereto as **Exhibit B** to this Monthly Fee Statement.

**(5) ANTICIPATED DISTRIBUTION TO CREDITORS:**

    **(A) ADMINISTRATIVE EXPENSES:**    100% of allowed claim

    **(B) SECURED CREDITORS:**    100% of allowed secured claim

    **[C] PRIORITY CREDITORS:**    100% of allowed claim

    **(D) GENERAL UNSECURED CREDITORS:**  100% of allowed claim

**(6) FINAL DISPOSITION OF CASE AND PERCENTAGE OF DIVIDEND PAID TO CREDITOR (IF APPLICABLE):** Not yet determined, but all allowed creditors ;and claims are anticipated to be paid at 100% of secured value.

MACIAG LAW, LLC

**SIGNATURE OF APPLICANT:**    by: _/s/_ Thaddeus R. Maciag 1/16/2026
    Thaddeus R. Maciag, Esq.    DATE

# Exhibit B

### Hourly summary of legal services rendered, December 2025

# MACIAG LAW, LLC

PROPHASE DIAGNOSTICS NJ, INC., ET AL.                    JANUARY 15, 2025
42 THROCKMORTON LANE
OLD BRIDGE, NJ 08857

## RE:   MONTHLY FEE STATEMENT #4  (DECEMBER 2025)

"IN RE PROPHASE DIAGNOSTICS NJ, INC. ET AL.
(JOINTLY ADMINISTERED)
CHAPTER 11 REORGANIZATION
CASE #25-19833-CMG  (DISTRICT OF NEW JERSEY)

**12/01/2025 MO**

PROPHASE DIAGNOSTICS CH.11

REVIEW OF HISTORY AND CHRONOLOGY OF DISPUTE WITH WELLS FARGO BANK; PREPARATION OF DRAFT NOTICE OF VIOLATION OF AUTOMATIC STAY 11 USC §362 AND NOTICE TO CEASE & DESIST TO WELLS FARGO BANK – TRM 0.5

PREPARATION    OF   MONTHLY FEE STATEMENT #2 – TRM 3.3

ECF-FILING OF MFS #2 – TRM 0.2

**12/02/2025 TU**

PROPHASE DIAGNOSTICS CH.11

RECEIPT   AND REVIEW OF ORDER RESPECTING AMENDMENT TO SCHEDULES IN CASE 25-19833 – TRM 0.1

RECEIPT   AND   REVIEW   OF ORDER RESPECTING AMENDMENT TO SCHEDULES IN CASE 25-19834 – TRM 0.1

RECEIPT   AND   REVIEW   OF ORDER RESPECTING AMENDMENT TO SCHEDULES IN CASE, 25-19836 – TRM 0.1

PREPARATION FOR AND APPEARANCE ON HEARING (VIRTUAL) BEFORE CHIEF JUDGE GRAVELLE ON DEBTORS' MOTION FOR ENTRY OF AN ORDER, PER 11 U.S.C. §333(A)(1) AND FED. R. BANKR.P. RULE 2007.2(A),   FINDING   THAT   THE

APPOINTMENT OF A HEALTH CARE OMBUDSMAN IS NOT NECESSARY IN THIS CASE – TRM 0.4

RECEIPT AND REVIEW OD COURTROOM MINUTE RE GRANT OF MOTION – TRM 0.1

TELEPHONE CONFERENCE WITH C ABENANTE RE RESULT OF HEARING, ANTICIPATED TIMELINE GOING FORWARD; REVIEW OF DOCS STILL DUE TO OFFICE OF US TRUSTEE – TRM 0.3

**12/03/2025 WE**

PROPHASE DIAGNOSTICS CH.11

RECEIPT AND REVIEW OF ORDER GRANTING MOTION FINDING THAT THE APPOINTMENT OF A HEALTH CARE OMBUDSMAN IS NOT NECESSARY IN THIS CASE; EMAIL DEBTORS RE SAME – TRM 0.2

RECEIPT AND REVIEW OF REQUEST FROM DEBTOR'S CONTROLLER FOR AN AUDITORS LETTER CONFIRMING THE STATUS OF THE THREE BANKRUPTCY CASES TELEPHONE CONFERENCE WITH DEBTORS' CONTROLLER RE SAME – TRM 0.3

PREPARATION OF AUDITORS LETTER, AND EMAIL SAME – TRM 0.4

**12/04/2025 TH**

PROPHASE DIAGNOSTICS CH.11

TELEPHONE CONFERENCE WITH DEBTOR'S STAFF RE FULL REVIEW OF OUTSTANDING ISSUES, PENDING DEADLINES, MONTHLY OPERATING REPORTS, REVIEW OF PRESENT PROCEDURAL AND SUBSTANTIVE ISSUES IN CASE, DEBTORS' OBLIGATIONS RE INFORMATION AND DOCS DUE TO TRUSTEE; REVIEW ISSUES RE PREPARATION OF PLANS AND DISCLOSURE STATEMENTS POSSIBLE EXTENSION OF EXCLUSIVITY PERIODS. – TRM 0.7

**12/05/2025 FR**

PROPHASE DIAGNOSTICS CH.11

TCFS WITH CAROLINA ABENANTE AND

TED KARKUS; EMAILS TO AND FROM C ABENANTE, T KARKUS AND R HERSPERGER RE OMBUDSMAN ORDER AND STATUS OF CROWN MEDICAL EFFORTS – TRM 0.5

**12/08/2025 MO**

PROPHASE DIAGNOSTICS CH.11

TELEPHONE CONFERENCE AND EMAILS WITH DEBTORS' CONTROLLER CREDITORS THREATENING COLLECTION ACTION VS THE DEBTORS BRIEF CLIENTS RE AUTOMATIC STAY OF 11 USC 362; FORWARD COPY OF NOTICE OF BANKRUPTCY CASE FILING – TRM 0.5

**12/10/2025 WE**

PROPHASE DIAGNOSTICS CH.11

EMAILS WITH DEBTORS, T KARKUS, C ABENANTE, AND WITH CROWN MEDICAL, RE RE REVIEW OF FINANCIAL SITUATION, POSSIBLE DIP FINANCING EFFORTS , AND REVIEW OF FINANCIAL ISSUES TO EVENTUALLY BE ADDRESSED IN PLANS OF REORGANIZATION AND DISCLOSURE STATEMENTS – TRM 0.4

**12/11/2025 TH**

PROPHASE DIAGNOSTICS CH.11

TELEPHONE CONFERENCE AND EMAILS WITH WELLS FARGO NATIONAL BANKRUPTCY OFFICE RE UNLAWFUL FREEZING ACCOUNTS RE CHAPTER 11 AND RE 11 U.S.C. §1107 POWERS OF THE DEBTOR – TRM 0.4

CONFER WITH DEBTORS RE STATUS OF WELLS FARGO ACCOUNTS – TRM 0.5

PREP SERVICE OF AMENDMENTS TO SCHEDULES IN CASE 25-19833 – [PARALEGAL] – MP 0.3

PREP SERVICE OF AMENDMENTS TO SCHEDULES IN CASE 25-19834 – [PARALEGAL] – MP 0.3

PREP SERVICE OF AMENDMENTS TO SCHEDULES IN CASE 25-19836 – [PARALEGAL] – MP 0.2

**12/12/2025 FR**

PROPHASE DIAGNOSTICS CH.11

EMAILS TO AND FROM JEFFREY SPONDER

ESQ US TRUSTEE TRIAL ATTORNEY, AND US TRUSTEE BANKRUPTCY AUDITOR DAN KROPIEWNICKI RE WELLS FARGO ACCOUNTS, DISCUSS POSSIBLE FILING OF EMERGENT MOTION – TRM 0.3

FURTHER TELEPHONE CONFERENCES WITH WELLS FARGO NATIONAL BANKRUPTCY OFFICE RE UNLAWFUL FREEZING OF DEBTORS' ACCOUNTS – TRM 0.2

TELEPHONE CONFERENCE AND EMAILS WITH WELLS FARGO LOCAL OFFICE RE UNLAWFUL FREEZING OF DEBTORS' ACCOUNTS – TRM 0.2

TELEPHONE CONFERENCE DEBTORS' BANKRUPTCY DIRECTOR C ABENANTE RE REVIEW OF ALL PENDING ISSUES RE WELLS FARGO  – TRM 0.3

PREPARATION OF NOTICE TO CEASE & DESIST AND NOTICE OF VIOLATION OF AUTOMATIC STAY TO WELLS FARGO BANK RE UNLAWFUL FREEZING OF ACCOUNTS – TRM 0.7

SEVERAL FOLLOW-UP EMAILS AND TELEPHONE CONFERENCE'S WITH WELLS FARGO BANK RE UNLAWFUL BLOCK ON ACCOUNTS AND SCHEDULING OF MS TEAMS VIRTUAL MEETING WITH COUNSEL; UPDATE DEBTOR RE SAME – TRM 0.5

**12/15/2025 MO**

PROPHASE DIAGNOSTICS CH.11

EMAILS AND TELEPHONE CONFERENCES WITH WELLS FARGO – TRM 0.2

TELEPHONE CONFERENCE WITH DEBTORS' CONTROLLER RE WELLS FARGO AND STATUS OF FROZEN ACCOUNTS – TRM 0.3

TELEPHONE CONFERENCE WITH R HERSPERGER OF CROWN MEDICAL RE STATUS OF CROWN MEDICAL COLLECTIONS, ISSUES RE DIP ESCROW ACCOUNTS FOR RECEIPTS OF COLLECTED RECEIVABLES – TRM 0.3

PREPARATION FOR AND PARTICIPATION IN MS TEAMS VIRTUAL MEETING WITH SENIOR WELLS FARGO BANKERS AND COUNSEL RE NOT CE TO CEASE & DESIST,

AND RE AGREEMENT TO UN-FREEZE
ACCOUNTS FORTHWITH – TRM 1.2

**12/16/2025 TU**

PROPHASE DIAGNOSTICS CH.11

REVIEW PACER DOCKETS RE POSSIBLE
OBJECTIONS; PREP AND ECF-FILING OF
CERTIFICATION OF NO OBJECTION – TRM
0.3

PREPARATION OF EMAIL TO DEBTORS
CONFIRMING "UNFROZEN" WELLS FARGO
ACCOUNTS – TRM 0.2

SEVERAL TELEPHONE CONFERENCES
WITH DEBTORS RE UNPAID
ADMINISTRATIVE CLAIMS PER MONTHLY
FEE STATEMENTS; AND RECEIPT OF
DEBTORS' PROMISES OF PROMPT
PAYMENT OF SAME – TRM 0.3

TELEPHONE CONFERENCE C ABENANTE,
TED KARKUS RE STATUS OF PAST-DUE
MONTHLY OPERATING REPORTS,
TRUSTEE DOCS, UNPAID ADMINISTRATIVE
CLAIMS – TRM 0.3

PREP AND FILING OF CERTIFICATE OF
SERVICE RE AMENDMENTS TO
SCHEDULES IN CASE 25-19833 –
[PARALEGAL] MP 0.2

PREP AND FILING OF CERTIFICATE OF
SERVICE RE AMENDMENTS TO
SCHEDULES IN CASE 25-19834 –
[PARALEGAL] MP 0.2

PREP AND FILING OF CERTIFICATE OF
SERVICE RE AMENDMENTS TO
SCHEDULES IN CASE 25-19836 –
[PARALEGAL] MP 0.2

**12/17/2025 WE**

PROPHASE DIAGNOSTICS CH.11

EMAILS WITH DEBTORS' CONTROLLER
AND CROWN MEDICAL RE OPENING OF
DIP ESCROW ACCOUNTS FOR RECEIPT OF
CROWN MEDICAL COLLECTIONS FUNDS
FROM RECOVERIES FROM INSURANCE
CARRIERS – TRM 0.2

EMAILS WITH T KARKUS OF DEBTORS AND
WITH R HERSPERGER OF CROWN
MEDICAL RE STATUS OF CROWN MEDICAL
COLLECTION EFFORTS – TRM 0.3

**12/18/2025 TH**

PROPHASE DIAGNOSTICS CH.11

TELEPHONE CONFERENCE C ABENANTE, T KARKUS RE STATUS OF PAST-DUE MOR'S AND ADMINISTRATIVE CLAIMS PAYMENTS PER MFS – TRM 0.4

**12/19/2025 FR**

PROPHASE DIAGNOSTICS CH.11

RECEIPT, REVIEW AND ANALYSIS OF ADVERSARY PROCEEDING #25-0252;– TRM 0.5

RECEIPT, REVIEW AND ANALYSIS OF ADVERSARY PROCEEDING #25-02527 – TRM 0.4

RECEIPT, REVIEW AND ANALYSIS OF ADVERSARY PROCEEDING #25-02528– TRM 0.4

REVIEW OF E.D N.Y. US DISTRICT COURT DOCKETS RE RELATED QUI TAM LITIGATION RESEARCH CASELAW AND STATUTES RE SUBSTANTIVE AND PROCEDURAL ISSUES RE FILING OF QUI TAM RELATED ADVERSARY PROCEEDINGS – TRM 0.8

RESEARCH ISSUES RE DEBTORS NOT NAMED AS DEFENDANTS IN E.D.N.Y. QUI TAM CASES, REVIEW OF RESULTING PROCEDURAL ISSUES RE SAME – TRM 0.3

FURTHER RESEARCH RE E.D.N.Y. QUI TAM LAWSUITS AS RELATED TO THE NEW, THREE NEWLY-FILED ADVERSARY PROCEEDINGS – TRM 0.9

EMAILS WITH DEBTORS RE ADVERSARY PROCEEDINGS AND QU TAM ISSUES – TRM 0.1

CONFERENCE CALL WITH DEBTORS RE REVIEW OF RESEARCH RE ADVERSARY AND QU TAM ISSUES AND FACTUAL ISSUES RE ALLEGATIONS PRESENTED – TRM 1.1

**12/20/2025 SA**

PROPHASE DIAGNOSTICS CH.11

LEGAL RESEARCH RE ADV PROCEEDINGS DER VATIVE OF QUI TAM LAWSUITS WHERE DEBTORS NOT NAMED AS

DEFENDANTS, COMPLAINTS NOT SEALED; REVIEW OF CODE STATUTES AND CASELAW RE SAME – TRM 1.0

EMAILS WITH C ABENANTE AND T KARKUS RE ADVERSARY PROCEEDINGS, PAST-DUE MORS AND MFS OBLIGATIONS – TRM 0.3

**12/23/2025 TU**

PROPHASE DIAGNOSTICS CH.11

REVIEW OF ISSUES RE DIP ESCROW AGREEMENT FOR FUNDS RECOVERED BY CROWN MEDICAL; TELEPHONE CONFERENCE WITH R HERSPERGER OF CROWN MEDICAL RE ESCROW AGREEMENT AND STATUS OF COLLECTION EFFORTS, PENDING ISSUES – TRM 0.4

EMAILS TO AND FROM C ABENANTE AND WITH TED KARKUS RE STATUS OF UPDATES ON PAST-DEADLINE ITEMS NEEDED FROM DEBTORS – TRM 0.3

REVIEW OF ISSUES RE PRESENT STANDING OF INDEPENDENT BANKRUPTCY COMMITTEE EMAILS WITH T KARKUS AND C ABENANTE RE SAME – TRM 0.2

**12/26/2025 FR**

PROPHASE DIAGNOSTICS CH.11

TELEPHONE CONFERENCE DEBTORS' BANKRUPTCY DIRECTOR CAROLINA ABENANTE RE DISCUSSION OF DEBTOR OBLIGATIONS, ANTICIPATED MOTIONS RE EXCLUSIVITY PERIODS, JANUARY STATUS CONFERENCE BEFORE JUDGE GRAVELLE TO BE ADDRESSED IN THE NEW YEAR, STATUS OF CROWN MEDICAL EFFORTS, – TRM 0.9

**12/30/2025 TU**

PROPHASE DIAGNOSTICS CH.11

TELEPHONE CONFERENCE WITH R HERSPERGER OF CROWN MEDICAL RE M STATUS OF COLLECTION EFFORTS, ESCROW ISSUES, AND REVIEW AND DISCUSSION OF SUBSTANTIVE AND PROCEDURAL ISSUES GOING IN CASE – TRM 0.4

**12/31/2025 WE**

| PROPHASE DIAGNOSTICS CH.11 | SEVERAL TELEPHONE CONFERENCES WITH DEBTORS AND STAFF RE PENDING ISSUES, DATES, AND DEADLINES, UPCOMING COURT STATUS CONFERENCE, PAST-DUE ITEMS – TRM 0.5 |
| | |
| | PREPARATION OF COMPREHENSIVE MEMORANDUM SUMMARIZING AND LISTING ALL PENDING AND PAST DEADLINES IN CASE, OBLIGATIONS AND TIME-LINE GOING FORWARD; REVIEW OF ANTICIPATED SUBSTANTIVE AND PROCEDURAL PROGRESS OF CASE; STATUS OF PENDING ITEMS AND OBLIGATIONS TO COURT AND TRUSTEE, REVIEW OF TIMELINE FOR EXCLUSIVITY ISSUES, ADVERSARY PROCEEDINGS, PLANS AND DISCLOSURE STATEMENTS – TRM 0.9 |

TOTAL HOURS:   24.7 ATTORNEY HOURS
              1.4 PARALEGAL HOURS
          26.1  TOTAL HOURS

**TOTAL PROFESSIONAL FEES:**                    **$  11,907.50**
(AVERAGE: $456.23 / HR)

EXPENSES & DISBURSEMENTS:
  PHOTOCOPYING (264 X .20)     $ 52,80
  POSTAGE                 $ 29.85
             -------------------------------------------------------

**TOTAL EXPENSES:**                       **$      82.65**

**TOTAL BALANCE DUE:**                  **$  11,990.15**

**80% OF FEES DUE PER ADMINISTRATIVE ORDER:**     **$   9,526.00**

**100% EXPENSES DUE PER ADMINISTRATIVE ORDER:**     **$      82.65**

TOTAL DUE MFS #4 PER COURT ADMIN ORDER:     **$   9,608.65**

PREVIOUSLY DUE AND OWING, AS UNPAID FROM PRIOR
MONTHLY FEE STATEMENTS:     **$ 15,467.00**

TOTAL 20% HOLDBACKS TO DATE:  **$ 17,431.00**

MACIAG LAW, LLC

#     #     #
