**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Thaddeus R. Maciag, Esq.
MACIAG LAW, LLC
475 Wall Street
Princeton, New Jersey 08540
(908) 704-8800
*Attorney for the Debtors*

| | |
|---|---|
| In re:<br><br>ProPhase Diagnostics NJ, Inc.,<br><br>Debtor. | Case No.: **#25-19833-CMG**<br>Chapter 11 Reorganization<br>Judge: Hon. Christine M. Gravelle |
| In re:<br><br>ProPhase Diagnostics NY, Inc.,<br><br>Debtor. | Case No.: **#25-19834-CMG**<br>Chapter 11 Reorganization<br>Judge: Hon. Christine M. Gravelle |
| In re:<br><br>ProPhase Diagnostics, Inc.,<br><br>Debtor.<br><br>(Jointly Administered) | Case No.: **#25-19836-CMG**<br>Chapter 11 Reorganization<br>Judge: Hon. Christine M. Gravelle<br><br>Hearing Date: May 5, 2026 |

**ORDER**
**SETTING TERMS AND CONDITIONS**
**OF A DIP RECEIVABLES TRUST ACCOUNT**

The relief set forth on the following pages, numbered two (2) through six (6), is hereby **ORDERED**.

This matter having been opened to the Court by the jointly administered Debtors, by and through their counsel, Thaddeus R. Maciag Esq., Maciag Law LLC, attorney for the jointly administered Debtors for entry of an Order Setting Terms and Conditions of a DIP Receivables Trust Account for sums collected by Crown Medical Collections on behalf of the Debtors, and this Court having considered any objections, if any, as may have been filed; and this Court having reviewed the papers submitted and considered the arguments of counsel; and good cause showing for the entry of this Order; and

Whereas, the Court Order (ecf #41) (the "Receivables Collection Order") entered by the United States Bankruptcy Court for the District of New Jersey on November 12, 2026 provides, in pertinent part, at Paragraph 8 of said Order, that all Receivables collected by Crown Medical shall *"be deposited into a Debtor-in-Possession Trust Account held by the Debtors at a bank that is or has agreed to be a uniform depository bank with the US Trustee for Region 3, subject to further disbursement and remittance to Crown, and to the Debtor or allowed administrative claims in this case, only upon application to and approval by the Court"*; and

Whereas, the Administrative Order (ecf #30) entered by the Bankruptcy Court on October 21, 2025 authorizes payment of fees and expenses of professionals retained by the Debtor pursuant to Court Order, and whereas such payments are authorized by said October 21, 2025 Court Order, including but not limited to Section 2.E. and 2.F of said Order; and

Whereas, the three jointly administered Debtors (Prophase Diagnostics NJ, Inc.; ProPhase Diagnostics NY, Inc., and ProPhase Diagnostics, Inc.) intend to act in compliance with all Orders of the Bankruptcy Court, and to by this Order establish clear terms and conditions for the creation and administration of the  DIP Receivables Trust Account

It is therefore ORDERED as follows:

(1)     A Debtor-in-Possession Trust Account (the "ProPhase DIP Receivables Trust Account") shall be established by the Debtor at Webster Bank, or at such other bank selected

by the Debtors, which bank, as required by the Receivables Collection Order (ecf #41), must be a uniform depository bank with the US Trustee for Region 3,  Debtor-in-Possession Trust Account ("the DIP Receivables Trust Account Bank"); the name and contact information of the DIP Receivables Trust Account Bank shall be disclosed to the Court and to the United States Trustee.

(2)     A true copy of this Order shall be provided to the United States Trustee; to Crown Medical Collections ("CMC"); to all Debtors' Attorneys, including the lead attorney and any retained special litigation attorneys of record in this case; and to the DIP Receivables Trust Account Bank.

(3)     The ProPhase DIP Receivables Trust Account shall be deemed a fiduciary trust account held for the benefit of the Debtor's estate, subject to any applicable Bankruptcy Court orders.

(4)     **No Commingling.** Funds deposited into the Trust Account shall NOT be commingled with any other funds of the Debtor, CMC, appointed professionals, or the Bank.


## DEPOSIT OF RECEIVABLES

(5)     **Required Deposits.** All proceeds collected by CMC on account of the Receivables, whether by check, electronic transfer, insurance payment, governmental payment, settlement, or otherwise, shall be deposited directly into the ProPhase DIP Receivables Trust Account and into no other account.

(6)     **Timing of Deposits.** Deposits shall be made promptly, and in no event later than five (5) business days after receipt by CMC, unless otherwise authorized by the Bankruptcy Court.

(7)     **Endorsement of Checks.** CMC is authorized to endorse checks payable to the Debtor solely for the purpose of deposit into the ProPhase DIP Receivables Trust Account and into no other account.

## DISBURSEMENTS FROM TRUST ACCOUNT

(8)    **Permitted Disbursements.** Funds may be disbursed from the Trust Account only as follows:

a)  fees payable to the Office of the United States Trustee pursuant to 28 U.S.C. §1930; and fees and expenses of professionals retained by the Debtor pursuant to sections 327 and 1103 of the Bankruptcy Code that are authorized by the Bankruptcy Court including as are authorized by the Administrative Order (ecf #30) previously entered by the Court in this case, including Section 2.E. of the Administrative Order, or as are allowed by Court Orders upon adjudication of Applications for Compensation per Section 2.F. of the Administrative Order;

b)  Payment of CMC's fees, commissions, and reimbursable expenses solely to the extent approved by an entered Plan Confirmation Order or other interim Court Order of the Bankruptcy Court;

c)   Payment of the Debtors' operating expenses upon approval by a subsequent Court Order of the Bankruptcy Court as consistent with a budget authorized by the Court upon Notice and Motion;

d)   Payments to Creditors as set forth in a Confirmation Order confirming a Plan of Reorganization; or

e)   As otherwise expressly authorized by an entered Court Order of the Bankruptcy Court.

(9)    **No Self-Help.** CMC shall have no right of self-help, setoff, or unilateral withdrawal from the Trust Account absent Bankruptcy Court approval.

(10)    **Dual Authorization.** All disbursements shall require the written authorization of an authorized representative of the Debtor and an authorized representative of CMC; or as

pursuant to the previously entered Administrative Order or by other Court Order of the Bankruptcy Court.

## SECURITY INTEREST AND LIEN

(11) **Carve-Out.** Notwithstanding anything to the contrary in this Order, the Trust Account and all funds therein shall at all times remain subject to a carve-out for the payment of (collectively, the "Carve-Out"):

    a)   fees payable to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930;

    b)   fees and expenses of professionals retained by the Debtor pursuant to sections 327 and 1103 of the Bankruptcy Code that are authorized by the Bankruptcy Court including as are authorized by the Administrative Order (ecf #30) previously entered by the Court in this case, including Sections 2E and 2F of that Administrative Order, or as are allowed by Court Orders upon adjudication of Applications for Compensation, and

    c)   to CMC as to its contingent fees as may be granted upon further Order of this Court.

Nothing in this Agreement shall be construed to limit or impair the rights of the United States Trustee or the Bankruptcy Court to access, review, or direct the disposition of funds in the Trust Account. The parties referenced under subparagraphs a, b and c of this section shall be collectively referred to as the "Carve Out Parties".

(12)   **Granted Interest.** Subject to Bankruptcy Court approval, the Debtor grants the Carve Out Parties referenced under paragraph 11(a), 11(b) and 11[c] of this Order a perfected, first-priority security interest and lien in and to such portion of the funds deposited in the Trust Account.

(13) **Limitation.** The security interest granted herein shall be limited strictly to

amounts allowed to the Carve Out Parties by Order of the Bankruptcy Court and shall not extend to estate funds otherwise payable to the Debtor or other creditors.

## ACCOUNTING AND REPORTING

(14)  **Monthly Statements.** The DIP Receivables Trust Account Bank shall provide monthly statements for the Trust Account to the Debtor, CMC, counsel for the Debtor, the United States Trustee, and any other party as ordered by the Bankruptcy Court.

(15)  **CMC Reports.** CMC shall provide regular collection reports detailing gross collections, deposits, proposed fees, expenses, and net proceeds.

(16)  **Audit Rights.** The Trust Account shall be subject to audit by the Debtor, the United States Trustee, or the Bankruptcy Court upon reasonable notice.

## BANK'S ROLE AND LIMITATION OF LIABILITY

(17)  **Ministerial Role.** The DIP Receivables Trust Account Bank shall have no responsibility to monitor compliance with the Bankruptcy Code or court orders and may rely conclusively on copies of Court Orders that appear facially valid.

(18)  **Indemnification.** The Debtor shall indemnify and hold the DIP Receivables Trust Account Bank harmless from any claims arising from its administration of the ProPhase DIP Receivables Trust Account, except for gross negligence or willful misconduct.

## TERMINATION OF CASE; FINAL ACCOUNTING

(19)  **Dismissal of or Termination of Bankruptcy case.** Upon the entry of any Final Decree, Dismissal Order, or other termination of all, or of any one or more of the jointly administered cases, all funds in the ProPhase DIP Account shall be deemed frozen and shall not be released except in accord with a subsequent new Order of the Bankruptcy Court authorizing same.

(20)  **Final Accounting.** Upon termination, the Bank shall provide a final accounting and disburse remaining funds pursuant to Bankruptcy Court order.

(21)   **Retention of Jurisdiction.**  This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation or enforcement of this Order.

#       #       #