Docusign Envelope ID: 5BFEF6BE-74EF-49DF-97AA-00D048756D63

**MAJORITY BOARD RESOLUTION**
**OF THE BOARD OF DIRECTORS OF**
**PROPHASE DIAGNOSTICS, INC.**
**(A Delaware Corporation — Bankruptcy Case No. 25-19836-CMG)**

**REMOVING CAROLINA ABENANTE AS IBC CHAIR AND**
**REVOKING DELEGATED INDEPENDENT DIRECTOR AUTHORITY**

**Effective Date: April  10 , 2026**

This resolution is adopted by the affirmative vote of a majority of the Board of Directors (the **"Board"**) of ProPhase Diagnostics, Inc. (the **"Company"**). The Board currently consists of three (3) members: Ted Karkus, Louis Gleckel MD, and Carolina Abenante. Ted Karkus and Louis Gleckel MD, constituting a majority (2 of 3) of the Board, vote in favor of the resolutions set forth herein. Carolina Abenante is the subject of this action; her vote is not required for the majority to act.

This majority board action is taken pursuant to **DGCL §§ 141(a) and 141(c)** and is adopted by written consent pursuant to **Section 141(f) of the DGCL** as to the consenting directors, or alternatively at a duly noticed board meeting at which a quorum is present, effective as of the date set forth above.

**RECITALS**

**WHEREAS**, on September 22, 2025, the Company filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey, Case No. 25-19836-CMG, jointly administered (the **"Chapter 11 Case"**);

**WHEREAS**, by Unanimous Written Consent dated November 26, 2025 (the **"November Consent"**), the Board appointed Abenante as: (i) Independent Director of the Company with broad delegated authority including individual authority to execute documents on behalf of the Company; and (ii) sole member and Chair of the Independent Bankruptcy Committee (the **"IBC"**);

**WHEREAS**, the IBC is a committee of the Board established pursuant to **Section 141(c) of the DGCL**; as such, the IBC and the position of IBC Chair exist entirely at the authority of and serve at the pleasure of the Board, which retains plenary power under **DGCL §§ 141(a) and 141(c)** to modify, dissolve, or reconstitute the IBC and to remove or replace any committee member or chair by majority vote at any time, with or without cause;

**WHEREAS**, the broad delegated authority granted to Abenante as Independent Director by the November Consent — including individual authority to execute documents — was granted by the Board and may be revoked by the Board by majority vote at any time, as such delegation does not create tenure-protected rights under applicable **Delaware** corporate law;

**WHEREAS**, a majority of the Board has determined, in the good-faith exercise of its business judgment and consistent with its fiduciary duties to the Company, its bankruptcy estate, its creditors, and all stakeholders, that it is in the best interests of the Company and its estate to: (i) remove Abenante as sole member and Chair of the IBC; (ii) revoke all delegated authority granted to her as Independent Director by the November Consent; (iii) dissolve the IBC; and (iv) designate Ted Karkus as the primary authorized representative of the Board in all Chapter 11 matters; and

**WHEREAS**, separate action is being taken simultaneously by ProPhase Labs, Inc., as sole stockholder of the Company, to remove Abenante as a director of the Company pursuant to applicable law, which action is described in the accompanying stockholder consent documents.

**NOW THEREFORE, THE MAJORITY OF THE BOARD HEREBY RESOLVES:**

**RESOLUTIONS**

**RESOLVED**, that, acting pursuant to **DGCL §§ 141(a), 141(c), and 142**, and by majority vote of the Board, Carolina Abenante is hereby **removed** as sole member and Chair of the Independent Bankruptcy Committee of the Company, effective immediately upon delivery of notice to her of this action;

**FURTHER RESOLVED**, that the Independent Bankruptcy Committee of the Company is hereby **dissolved**, effective immediately, and shall have no further authority, standing, or function in connection with the Chapter 11 Case;

**FURTHER RESOLVED**, that all authority delegated to Abenante as Independent Director pursuant to the November 26, 2025 Unanimous Written Consent — including but not limited to her authority to individually execute documents, to oversee bankruptcy proceedings, and to exercise powers of the Board — is hereby **revoked** in its entirety, effective immediately; Abenante shall have no further authority to act individually on behalf of the Company in any capacity arising from the November Consent or any prior board action;

**FURTHER RESOLVED**, that all access rights, signing authority, communication privileges, and information rights previously granted to Abenante in connection with the Chapter 11 Case are hereby revoked, effective immediately, subject only to any rights independently established by order of the Bankruptcy Court;

**FURTHER RESOLVED**, that Ted Karkus, Chairman of the Board and Chief Executive Officer of the Company, is hereby designated as the sole primary authorized representative of the Board for all purposes in connection with the Chapter 11 Case, with full authority to: (i) execute all certifications, declarations, schedules, and documents filed in or in connection with the Chapter 11 Case; (ii) direct all professionals retained in the Chapter 11 Case; (iii) negotiate and execute debtor-in-possession financing arrangements subject to Bankruptcy Court approval; (iv) communicate with the United States Trustee, creditors, and all parties in interest; and (v) take all actions necessary to advance the interests of the Company's estate;

**FURTHER RESOLVED**, that Debtor's counsel and any co-counsel retained in the Chapter 11 Case are hereby directed to: (i) file a Notice of this Board Resolution on the docket of the Chapter 11 Case promptly upon execution; (ii) notify the United States Trustee and all parties in interest;

and (iii) immediately cease taking direction from or reporting to Abenante in any capacity in connection with the Chapter 11 Case;

**FURTHER RESOLVED**, that the officers of the Company are directed to immediately restore and maintain the Company's good standing with the **State of Delaware**, including payment of all outstanding franchise taxes and fees;

**FURTHER RESOLVED**, that all prior actions taken by duly authorized representatives of the Company in connection with the Chapter 11 Case are hereby ratified and confirmed; and

**FURTHER RESOLVED**, that the officers and directors of the Company are authorized to take all additional actions and execute all additional documents necessary to carry out the purposes and intent of the foregoing resolutions.

## SIGNATURES OF MAJORITY DIRECTORS

The undersigned, constituting a majority (2 of 3) of the members of the Board of Directors of ProPhase Diagnostics, Inc., hereby adopt the foregoing resolutions by majority vote, effective as of the date set forth above.

**Ted Karkus**
Chairman of the Board and Chief Executive Officer
ProPhase Diagnostics, Inc.
Vote: IN FAVOR
Date: April 10 , 2026

**Louis Gleckel, MD**
Director
ProPhase Diagnostics, Inc.
Vote: IN FAVOR
Date: April 10 , 2026


ProPhase Diagnostics, Inc.
Date: April ___, 2026



**Carolina Abenante, Esq.**
Director
ProPhase Diagnostics, Inc.
Vote: Opposed / Abstained / Not present (circle one)
Date: April ___, 2026

## NOTICE OF ACTION TO CAROLINA ABENANTE, ESQ.

Notice is hereby given to Carolina Abenante, Esq. that the Board of Directors of ProPhase Diagnostics, Inc. has, by majority vote effective April ___, 2026, taken the actions set forth above. You are directed, effective immediately upon delivery of this notice, to: (i) cease all actions, communications, filings, and exercises of authority in your capacity as IBC Chair or Independent Director of ProPhase Diagnostics, Inc. in connection with its Chapter 11 Case; (ii) return or securely destroy all confidential information of the Company in your possession; and (iii) direct all inquiries to Debtor's counsel, Thaddeus R. Maciag, Esq., Maciag Law, LLC, 475 Wall Street, Princeton, NJ 08540.

**Please be further advised that** Separate action is being taken simultaneously by ProPhase Labs, Inc., as sole stockholder of ProPhase Diagnostics, Inc., to remove you as a director of the Company pursuant to DGCL § 141(k) and DGCL § 228. You will receive separate notice of that action.

Method of notice: _____

Date and time: April ___, 2026  at  ___:___  AM / PM  Eastern Time

Delivered by: _____

---

## MAJORITY BOARD RESOLUTION
## OF THE BOARD OF DIRECTORS OF
## PROPHASE DIAGNOSTICS NY, INC.
### (A Delaware Corporation — Bankruptcy Case No. 25-19834-CMG)

### REMOVING CAROLINA ABENANTE AS IBC CHAIR AND
### REVOKING DELEGATED INDEPENDENT DIRECTOR AUTHORITY

### Effective Date: April  10 , 2026

---

This resolution is adopted by the affirmative vote of a majority of the Board of Directors (the **"Board"**) of ProPhase Diagnostics NY, Inc. (the **"Company"**). The Board currently consists of three (3) members: Ted Karkus, Louis Gleckel MD, and Carolina Abenante. Ted Karkus and Louis Gleckel MD, constituting a majority (2 of 3) of the Board, vote in favor of the resolutions set forth herein. Carolina Abenante is the subject of this action; her vote is not required for the majority to act.

This majority board action is taken pursuant to **DGCL §§ 141(a) and 141(c)** and is adopted by written consent pursuant to **Section 141(f) of the DGCL** as to the consenting directors, or

alternatively at a duly noticed board meeting at which a quorum is present, effective as of the date set forth above.

## RECITALS

**WHEREAS**, on September 22, 2025, the Company filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey, Case No. 25-19834-CMG, jointly administered (the **"Chapter 11 Case"**);

**WHEREAS**, by Unanimous Written Consent dated November 26, 2025 (the **"November Consent"**), the Board appointed Abenante as: (i) Independent Director of the Company with broad delegated authority including individual authority to execute documents on behalf of the Company; and (ii) sole member and Chair of the Independent Bankruptcy Committee (the **"IBC"**);

**WHEREAS**, the IBC is a committee of the Board established pursuant to **Section 141(c) of the DGCL**; as such, the IBC and the position of IBC Chair exist entirely at the authority of and serve at the pleasure of the Board, which retains plenary power under **DGCL §§ 141(a) and 141(c)** to modify, dissolve, or reconstitute the IBC and to remove or replace any committee member or chair by majority vote at any time, with or without cause;

**WHEREAS**, the broad delegated authority granted to Abenante as Independent Director by the November Consent — including individual authority to execute documents — was granted by the Board and may be revoked by the Board by majority vote at any time, as such delegation does not create tenure-protected rights under applicable **Delaware** corporate law;

**WHEREAS**, a majority of the Board has determined, in the good-faith exercise of its business judgment and consistent with its fiduciary duties to the Company, its bankruptcy estate, its creditors, and all stakeholders, that it is in the best interests of the Company and its estate to: (i) remove Abenante as sole member and Chair of the IBC; (ii) revoke all delegated authority granted to her as Independent Director by the November Consent; (iii) dissolve the IBC; and (iv) designate Ted Karkus as the primary authorized representative of the Board in all Chapter 11 matters; and

**WHEREAS**, separate action is being taken simultaneously by ProPhase Labs, Inc., as sole stockholder of the Company, to remove Abenante as a director of the Company pursuant to applicable law, which action is described in the accompanying stockholder consent documents.

**NOW THEREFORE, THE MAJORITY OF THE BOARD HEREBY RESOLVES:**

## RESOLUTIONS

**RESOLVED**, that, acting pursuant to **DGCL §§ 141(a), 141(c), and 142**, and by majority vote of the Board, Carolina Abenante is hereby **removed** as sole member and Chair of the Independent Bankruptcy Committee of the Company, effective immediately upon delivery of notice to her of this action;

**FURTHER RESOLVED**, that the Independent Bankruptcy Committee of the Company is hereby **dissolved**, effective immediately, and shall have no further authority, standing, or function in connection with the Chapter 11 Case;

**FURTHER RESOLVED**, that all authority delegated to Abenante as Independent Director pursuant to the November 26, 2025 Unanimous Written Consent — including but not limited to her authority to individually execute documents, to oversee bankruptcy proceedings, and to exercise powers of the Board — is hereby **revoked** in its entirety, effective immediately; Abenante shall have no further authority to act individually on behalf of the Company in any capacity arising from the November Consent or any prior board action;

**FURTHER RESOLVED**, that all access rights, signing authority, communication privileges, and information rights previously granted to Abenante in connection with the Chapter 11 Case are hereby revoked, effective immediately, subject only to any rights independently established by order of the Bankruptcy Court;

**FURTHER RESOLVED**, that Ted Karkus, Chairman of the Board and Chief Executive Officer of the Company, is hereby designated as the sole primary authorized representative of the Board for all purposes in connection with the Chapter 11 Case, with full authority to: (i) execute all certifications, declarations, schedules, and documents filed in or in connection with the Chapter 11 Case; (ii) direct all professionals retained in the Chapter 11 Case; (iii) negotiate and execute debtor-in-possession financing arrangements subject to Bankruptcy Court approval; (iv) communicate with the United States Trustee, creditors, and all parties in interest; and (v) take all actions necessary to advance the interests of the Company's estate;

**FURTHER RESOLVED**, that Debtor's counsel and any co-counsel retained in the Chapter 11 Case are hereby directed to: (i) file a Notice of this Board Resolution on the docket of the Chapter 11 Case promptly upon execution; (ii) notify the United States Trustee and all parties in interest; and (iii) immediately cease taking direction from or reporting to Abenante in any capacity in connection with the Chapter 11 Case;

**FURTHER RESOLVED**, that the officers of the Company are directed to immediately restore and maintain the Company's good standing with the **State of Delaware**, including payment of all outstanding franchise taxes and fees;

**FURTHER RESOLVED**, that all prior actions taken by duly authorized representatives of the Company in connection with the Chapter 11 Case are hereby ratified and confirmed; and

**FURTHER RESOLVED**, that the officers and directors of the Company are authorized to take all additional actions and execute all additional documents necessary to carry out the purposes and intent of the foregoing resolutions.

---

### SIGNATURES OF MAJORITY DIRECTORS

The undersigned, constituting a majority (2 of 3) of the members of the Board of Directors of ProPhase Diagnostics NY, Inc., hereby adopt the foregoing resolutions by majority vote, effective as of the date set forth above.

_____

Docusign Envelope ID: 5BFEF6BE-74EF-49DF-97AA-00D048756D63

DocuSigned by:

*Ted Karkus*

45C4B49D36E149F...

**Ted Karkus**

Chairman of the Board and Chief Executive Officer

ProPhase Diagnostics NY, Inc.

Vote: IN FAVOR

Date: April 10 , 2026

DocuSigned by:

E356A546E1654E3...

**Louis Gleckel, MD**

Director

ProPhase Diagnostics NY, Inc.

Vote: IN FAVOR

Date: April 10 , 2026

ProPhase Diagnostics NY, Inc.

Date: April ___, 2026

_____

**Carolina Abenante, Esq.**

Director

ProPhase Diagnostics NY, Inc.

Vote:  Opposed  /  Abstained  /  Not present  (circle one)

Date: April ___, 2026

## NOTICE OF ACTION TO CAROLINA ABENANTE, ESQ.

Notice is hereby given to Carolina Abenante, Esq. that the Board of Directors of ProPhase Diagnostics NY, Inc. has, by majority vote effective April ___, 2026, taken the actions set forth above. You are directed, effective immediately upon delivery of this notice, to: (i) cease all actions, communications, filings, and exercises of authority in your capacity as IBC Chair or Independent Director of ProPhase Diagnostics NY, Inc. in connection with its Chapter 11 Case; (ii) return or securely destroy all confidential information of the Company in your possession; and (iii) direct all inquiries to Debtor's counsel, Thaddeus R. Maciag, Esq., Maciag Law, LLC, 475 Wall Street, Princeton, NJ 08540.

**Please be further advised that** Separate action is being taken simultaneously by ProPhase Labs, Inc., as sole stockholder of ProPhase Diagnostics NY, Inc., to remove you as a director of the Company pursuant to DGCL § 141(k) and DGCL § 228. You will receive separate notice of that action.

Method of notice:  _____

Date and time:  April ___, 2026  at  ___:___  AM / PM  Eastern Time

Delivered by:  _____

## MAJORITY BOARD RESOLUTION
## OF THE BOARD OF DIRECTORS OF
## PROPHASE DIAGNOSTICS NJ, INC.
### (A New Jersey Corporation — Bankruptcy Case No. 25-19833-CMG)

## REMOVING CAROLINA ABENANTE AS IBC CHAIR AND
## REVOKING DELEGATED INDEPENDENT DIRECTOR AUTHORITY

**Effective Date: April __10__, 2026**

This resolution is adopted by the affirmative vote of a majority of the Board of Directors (the **"Board"**) of ProPhase Diagnostics NJ, Inc. (the **"Company"**). The Board currently consists of three (3) members: Ted Karkus, Louis Gleckel MD, and Carolina Abenante. Ted Karkus and Louis Gleckel MD, constituting a majority (2 of 3) of the Board, vote in favor of the resolutions set forth herein. Carolina Abenante is the subject of this action; her vote is not required for the majority to act.

This majority board action is taken pursuant to **N.J.S.A. 14A:6-6 and 14A:6-8** and is adopted by written consent pursuant to **N.J.S.A. 14A:6-6** as to the consenting directors, or alternatively at a duly noticed board meeting at which a quorum is present, effective as of the date set forth above.

### RECITALS

**WHEREAS**, on September 22, 2025, the Company filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey, Case No. 25-19833-CMG, jointly administered (the **"Chapter 11 Case"**);

**WHEREAS**, by Unanimous Written Consent dated November 26, 2025 (the **"November Consent"**), the Board appointed Abenante as: (i) Independent Director of the Company with broad delegated authority including individual authority to execute documents on behalf of the Company; and (ii) sole member and Chair of the Independent Bankruptcy Committee (the **"IBC"**);

**WHEREAS**, the IBC is a committee of the Board established pursuant to **N.J.S.A. 14A:6-8**; as such, the IBC and the position of IBC Chair exist entirely at the authority of and serve at the pleasure of the Board, which retains plenary power under **N.J.S.A. 14A:6-6 and 14A:6-8** to modify, dissolve, or reconstitute the IBC and to remove or replace any committee member or chair by majority vote at any time, with or without cause;

**WHEREAS**, the broad delegated authority granted to Abenante as Independent Director by the November Consent — including individual authority to execute documents — was granted by the Board and may be revoked by the Board by majority vote at any time, as such delegation does not create tenure-protected rights under applicable **New Jersey** corporate law;

Docusign Envelope ID: 5BFEF6BE-74EF-49DF-97AA-00D048756D63

**WHEREAS**, a majority of the Board has determined, in the good-faith exercise of its business judgment and consistent with its fiduciary duties to the Company, its bankruptcy estate, its creditors, and all stakeholders, that it is in the best interests of the Company and its estate to: (i) remove Abenante as sole member and Chair of the IBC; (ii) revoke all delegated authority granted to her as Independent Director by the November Consent; (iii) dissolve the IBC; and (iv) designate Ted Karkus as the primary authorized representative of the Board in all Chapter 11 matters; and

**WHEREAS**, separate action is being taken simultaneously by ProPhase Labs, Inc., as sole stockholder of the Company, to remove Abenante as a director of the Company pursuant to applicable law, which action is described in the accompanying stockholder consent documents.

**NOW THEREFORE, THE MAJORITY OF THE BOARD HEREBY RESOLVES:**

**RESOLUTIONS**

**RESOLVED**, that, acting pursuant to **N.J.S.A. 14A:6-6, 14A:6-8, and 14A:6-15**, and by majority vote of the Board, Carolina Abenante is hereby **removed** as sole member and Chair of the Independent Bankruptcy Committee of the Company, effective immediately upon delivery of notice to her of this action;

**FURTHER RESOLVED**, that the Independent Bankruptcy Committee of the Company is hereby **dissolved**, effective immediately, and shall have no further authority, standing, or function in connection with the Chapter 11 Case;

**FURTHER RESOLVED**, that all authority delegated to Abenante as Independent Director pursuant to the November 26, 2025 Unanimous Written Consent — including but not limited to her authority to individually execute documents, to oversee bankruptcy proceedings, and to exercise powers of the Board — is hereby **revoked** in its entirety, effective immediately; Abenante shall have no further authority to act individually on behalf of the Company in any capacity arising from the November Consent or any prior board action;

**FURTHER RESOLVED**, that all access rights, signing authority, communication privileges, and information rights previously granted to Abenante in connection with the Chapter 11 Case are hereby revoked, effective immediately, subject only to any rights independently established by order of the Bankruptcy Court;

**FURTHER RESOLVED**, that Ted Karkus, Chairman of the Board and Chief Executive Officer of the Company, is hereby designated as the sole primary authorized representative of the Board for all purposes in connection with the Chapter 11 Case, with full authority to: (i) execute all certifications, declarations, schedules, and documents filed in or in connection with the Chapter 11 Case; (ii) direct all professionals retained in the Chapter 11 Case; (iii) negotiate and execute debtor-in-possession financing arrangements subject to Bankruptcy Court approval; (iv) communicate with the United States Trustee, creditors, and all parties in interest; and (v) take all actions necessary to advance the interests of the Company's estate;

**FURTHER RESOLVED**, that Debtor's counsel and any co-counsel retained in the Chapter 11 Case are hereby directed to: (i) file a Notice of this Board Resolution on the docket of the Chapter 11 Case promptly upon execution; (ii) notify the United States Trustee and all parties in interest;

and (iii) immediately cease taking direction from or reporting to Abenante in any capacity in connection with the Chapter 11 Case;

**FURTHER RESOLVED**, that the officers of the Company are directed to immediately restore and maintain the Company's good standing with the **State of New Jersey**, including payment of all outstanding franchise taxes and fees;

**FURTHER RESOLVED**, that all prior actions taken by duly authorized representatives of the Company in connection with the Chapter 11 Case are hereby ratified and confirmed; and

**FURTHER RESOLVED**, that the officers and directors of the Company are authorized to take all additional actions and execute all additional documents necessary to carry out the purposes and intent of the foregoing resolutions.

---

## SIGNATURES OF MAJORITY DIRECTORS

The undersigned, constituting a majority (2 of 3) of the members of the Board of Directors of ProPhase Diagnostics NJ, Inc., hereby adopt the foregoing resolutions by majority vote, effective as of the date set forth above.

*Ted Karkus*
45C4B49D36E149F...

**Ted Karkus**
Chairman of the Board and Chief Executive Officer
ProPhase Diagnostics NJ, Inc.
Vote: IN FAVOR
Date: April 10 , 2026

E356A546E1654E3...

**Louis Gleckel, MD**
Director
ProPhase Diagnostics NJ, Inc.
Vote: IN FAVOR
Date: April 10 , 2026


ProPhase Diagnostics NJ, Inc.
Date: April ___ , 2026



_____

**Carolina Abenante, Esq.**
Director
ProPhase Diagnostics NJ, Inc.
Vote:  Opposed / Abstained / Not present  (circle one)
Date: April ___ , 2026

### NOTICE OF ACTION TO CAROLINA ABENANTE, ESQ.

Notice is hereby given to Carolina Abenante, Esq. that the Board of Directors of ProPhase Diagnostics NJ, Inc. has, by majority vote effective April ___, 2026, taken the actions set forth above. You are directed, effective immediately upon delivery of this notice, to: (i) cease all actions, communications, filings, and exercises of authority in your capacity as IBC Chair or Independent Director of ProPhase Diagnostics NJ, Inc. in connection with its Chapter 11 Case; (ii) return or securely destroy all confidential information of the Company in your possession; and (iii) direct all inquiries to Debtor's counsel, Thaddeus R. Maciag, Esq., Maciag Law, LLC, 475 Wall Street, Princeton, NJ 08540.

**Please be further advised that** Separate action is being taken simultaneously by ProPhase Labs, Inc., as sole stockholder of ProPhase Diagnostics NJ, Inc., to remove you as a director of the Company pursuant to DGCL § 141(k) and DGCL § 228. You will receive separate notice of that action.

Method of notice: _____

Date and time: April ___, 2026  at  ___:___  AM / PM  Eastern Time

Delivered by: _____

### MAJORITY BOARD RESOLUTION
### OF THE BOARD OF DIRECTORS OF
### PROPHASE LABS, INC.
### (A Delaware Corporation — OTC: PRPH)

### DIRECTING PROPHASE LABS, INC. TO ACT AS SOLE STOCKHOLDER
### TO REMOVE CAROLINA ABENANTE AS DIRECTOR
### OF EACH SUBSIDIARY DEBTOR ENTITY

### Effective Date: April _10_, 2026

This resolution is adopted by the affirmative vote of a majority of the Board of Directors of ProPhase Labs, Inc. (the **"Parent"**). The Parent's Board currently consists of three (3) members: Ted Karkus, Louis Gleckel MD, and Carolina Abenante. Ted Karkus and Louis Gleckel MD, constituting a majority (2 of 3), vote in favor of the resolutions set forth herein. Carolina Abenante is the subject of this action and her vote is not required for the majority to act.

### RECITALS

Docusign Envelope ID: 5BFEF6BE-74EF-49DF-97AA-00D048756D63

**WHEREAS**, ProPhase Labs, Inc. is the ultimate sole stockholder, directly or indirectly, of each of the following subsidiary entities (collectively, the **"Subsidiary Debtors"**): ProPhase Diagnostics, Inc. (directly held; Delaware; Case No. 25-19836-CMG); ProPhase Diagnostics NY, Inc. (held through ProPhase Diagnostics, Inc.; Delaware; Case No. 25-19834-CMG); and ProPhase Diagnostics NJ, Inc. (held through ProPhase Diagnostics, Inc.; New Jersey; Case No. 25-19833-CMG);

**WHEREAS**, Carolina Abenante was appointed as a director of each Subsidiary Debtor entity by the November 26, 2025 board and shareholder resolutions, and currently serves as a director of each such entity;

**WHEREAS**, under DGCL § 141(k), a director may be removed with or without cause by the holders of a majority of shares entitled to vote at an election of directors; under DGCL § 228, stockholders may act by written consent without a meeting; as sole stockholder of the Subsidiary Debtors, ProPhase Labs, Inc. has the authority to remove Abenante as a director of each Subsidiary Debtor by written stockholder consent;

**WHEREAS**, a majority of the Parent's Board has determined that it is in the best interests of the Parent, the Subsidiary Debtors, their bankruptcy estates, and all stakeholders to cause ProPhase Labs, Inc. to exercise its rights as sole stockholder to remove Abenante as a director of each Subsidiary Debtor entity; and

**WHEREAS**, simultaneous majority board resolutions of each Subsidiary Debtor are being adopted to remove Abenante as IBC Chair and to revoke all delegated authority granted to her by the November 26, 2025 resolutions.

**NOW THEREFORE, THE MAJORITY OF THE PROPHASE LABS, INC. BOARD HEREBY RESOLVES:**

**RESOLVED**, that the Board of ProPhase Labs, Inc. hereby authorizes and directs ProPhase Labs, Inc. to act in its capacity as sole stockholder (directly or through its wholly-owned subsidiary ProPhase Diagnostics, Inc.) of each Subsidiary Debtor to execute written stockholder consents pursuant to DGCL § 228 and applicable New Jersey law removing Carolina Abenante as a director of each of ProPhase Diagnostics, Inc., ProPhase Diagnostics NY, Inc., and ProPhase Diagnostics NJ, Inc., effective immediately;

**FURTHER RESOLVED**, that Ted Karkus, as Chairman of the Board and Chief Executive Officer of ProPhase Labs, Inc., is authorized and directed to execute the written stockholder consents described herein on behalf of ProPhase Labs, Inc. in its capacity as sole stockholder of each Subsidiary Debtor, and to take all further actions necessary to effect the removal of Abenante as a director of each Subsidiary Debtor;

**FURTHER RESOLVED**, that counsel is directed to file notices of these actions on the docket of each of the Chapter 11 Cases and to notify the United States Trustee and all parties in interest entitled to notice; and

**FURTHER RESOLVED**, that the officers of ProPhase Labs, Inc. are authorized to take all additional actions and execute all additional documents necessary to carry out the purposes and intent of the foregoing resolutions.

---

### SIGNATURES OF MAJORITY DIRECTORS — PROPHASE LABS, INC.

DocuSigned by:

*Ted Karkus*

45C4B49D36E149F...

**Ted Karkus**
Chairman of the Board and Chief Executive Officer
ProPhase Labs, Inc. (OTC: PRPH)
Vote: IN FAVOR
Date: April __10__, 2026

DocuSigned by:

E356A546E1654E3...

**Louis Gleckel, MD**
Director
ProPhase Labs, Inc. (OTC: PRPH)
Vote: IN FAVOR
Date: April _10_, 2026

**Carolina Abenante, Esq.**
Director
ProPhase Labs, Inc. (OTC: PRPH)
Vote:  Opposed / Abstained / Not present  (circle one)
Date: April ___, 2026

---

### WRITTEN CONSENT OF SOLE STOCKHOLDER
### OF PROPHASE DIAGNOSTICS, INC.

### PROPHASE LABS, INC., AS SOLE STOCKHOLDER
(Acting Pursuant to DGCL §§ 141(k) and 228)

**Bankruptcy Case No. 25-19836-CMG | File No. Delaware File No. 3849108**
**Effective Date: April _10_, 2026**

---

**ProPhase Labs, Inc.** (OTC: PRPH), a Delaware corporation (**"ProPhase Labs"** or **"Sole Stockholder"**), being the direct sole holder of the issued and outstanding shares of ProPhase Diagnostics, Inc. (the **"Company"**), hereby acts by written consent of the sole stockholder

Docusign Envelope ID: 5BFEF6BF-74EF-49DF-97AA-00D048756D63

pursuant to **DGCL § 228**, to take the following action without a meeting, effective as of the date set forth above:

## RECITALS

**WHEREAS**, Carolina Abenante was appointed as a director of the Company by board and shareholder resolutions dated November 26, 2025, and currently serves as a director of the Company;

**WHEREAS**, ProPhase Labs, as sole stockholder of the Company, has the right under **DGCL §§ 141(k) and 228** to remove a director of the Company with or without cause by written consent without a meeting;

**WHEREAS**, the Board of ProPhase Labs has, by majority vote effective April ___, 2026, authorized and directed ProPhase Labs to act as sole stockholder to effect the removal of Abenante as a director of the Company; and

**WHEREAS**, concurrent majority board action by the Board of the Company has removed Abenante as IBC Chair and revoked all delegated authority granted to her, as set forth in the accompanying Board Majority Resolution.

**NOW THEREFORE, PROPHASE LABS, AS SOLE STOCKHOLDER, HEREBY RESOLVES:**

**RESOLVED**, that, pursuant to **DGCL §§ 141(k) and 228**, Carolina Abenante is hereby **removed** as a director of ProPhase Diagnostics, Inc., **with or without cause**, effective immediately upon execution of this Written Consent;

**FURTHER RESOLVED**, that upon the effectiveness of the foregoing removal, Abenante shall have no further authority, rights, or standing as a director of the Company, and all authority previously granted to her in any capacity in connection with the Company or its Chapter 11 Case — whether as director, Independent Director, or IBC Chair — is hereby extinguished in its entirety;

**FURTHER RESOLVED**, that the vacancy on the Board of the Company created by the removal of Abenante shall be filled in such manner as the remaining directors of the Company shall determine, or shall remain vacant until such time as the Board determines otherwise;

**FURTHER RESOLVED**, that Ted Karkus, as Chief Executive Officer of the Company and authorized representative of ProPhase Labs in its capacity as Sole Stockholder, is authorized and directed to take all further actions and execute all further documents necessary to carry out the purposes and intent of the foregoing resolutions and to comply with applicable law and any applicable orders of the Bankruptcy Court; and

**FURTHER RESOLVED**, that a copy of this Written Consent shall be filed with the minutes of the proceedings of the Company, and counsel is directed to file a Notice of this action on the docket of the Chapter 11 Case, Case No. 25-19836-CMG.

## EXECUTION BY SOLE STOCKHOLDER

**PROPHASE LABS, INC.**, a Delaware corporation, as Sole Stockholder of ProPhase Diagnostics, Inc.:

_Ted Karkus_

**Ted Karkus**
Chairman of the Board and Chief Executive Officer
ProPhase Labs, Inc.
(Executing on behalf of ProPhase Labs, Inc.
 as Sole Stockholder of ProPhase Diagnostics, Inc.)
Date: April 10 , 2026

## NOTICE TO CAROLINA ABENANTE

Notice is hereby given to Carolina Abenante, Esq. that ProPhase Labs, Inc., as sole stockholder of ProPhase Diagnostics, Inc., has by Written Stockholder Consent effective April ___, 2026, removed you as a director of ProPhase Diagnostics, Inc. pursuant to **DGCL §§ 141(k) and 228**. This removal is in addition to and separate from the majority board action removing you as IBC Chair of the Company. You no longer hold any position, authority, or standing with respect to ProPhase Diagnostics, Inc. or its Chapter 11 Case (Bankruptcy Case No. 25-19836-CMG).

Method of notice:  _____

Date and time:  April ___, 2026  at  ___:___  AM / PM  Eastern Time

Delivered by:  _____

## WRITTEN CONSENT OF SOLE STOCKHOLDER
## OF PROPHASE DIAGNOSTICS NY, INC.

### PROPHASE LABS, INC., AS SOLE STOCKHOLDER
(Acting Pursuant to DGCL §§ 141(k) and 228)

**Bankruptcy Case No. 25-19834-CMG | File No. Delaware File No. 4343714**
**Effective Date: April 10 , 2026**

**ProPhase Labs, Inc.** (OTC: PRPH), a Delaware corporation (**"ProPhase Labs"** or **"Sole Stockholder"**), being the indirect sole holder (through ProPhase Diagnostics, Inc.) of the issued and outstanding shares of ProPhase Diagnostics NY, Inc. (the **"Company"**), hereby acts by

written consent of the sole stockholder pursuant to **DGCL § 228**, to take the following action without a meeting, effective as of the date set forth above:

## RECITALS

**WHEREAS**, Carolina Abenante was appointed as a director of the Company by board and shareholder resolutions dated November 26, 2025, and currently serves as a director of the Company;

**WHEREAS**, ProPhase Labs, as sole stockholder of the Company, has the right under **DGCL §§ 141(k) and 228** to remove a director of the Company with or without cause by written consent without a meeting;

**WHEREAS**, the Board of ProPhase Labs has, by majority vote effective April ___, 2026, authorized and directed ProPhase Labs to act as sole stockholder to effect the removal of Abenante as a director of the Company; and

**WHEREAS**, concurrent majority board action by the Board of the Company has removed Abenante as IBC Chair and revoked all delegated authority granted to her, as set forth in the accompanying Board Majority Resolution.

**NOW THEREFORE, PROPHASE LABS, AS SOLE STOCKHOLDER, HEREBY RESOLVES:**

**RESOLVED**, that, pursuant to **DGCL §§ 141(k) and 228**, Carolina Abenante is hereby **removed** as a director of ProPhase Diagnostics NY, Inc., **with or without cause**, effective immediately upon execution of this Written Consent;

**FURTHER RESOLVED**, that upon the effectiveness of the foregoing removal, Abenante shall have no further authority, rights, or standing as a director of the Company, and all authority previously granted to her in any capacity in connection with the Company or its Chapter 11 Case — whether as director, Independent Director, or IBC Chair — is hereby extinguished in its entirety;

**FURTHER RESOLVED**, that the vacancy on the Board of the Company created by the removal of Abenante shall be filled in such manner as the remaining directors of the Company shall determine, or shall remain vacant until such time as the Board determines otherwise;

**FURTHER RESOLVED**, that Ted Karkus, as Chief Executive Officer of the Company and authorized representative of ProPhase Labs in its capacity as Sole Stockholder, is authorized and directed to take all further actions and execute all further documents necessary to carry out the purposes and intent of the foregoing resolutions and to comply with applicable law and any applicable orders of the Bankruptcy Court; and

**FURTHER RESOLVED**, that a copy of this Written Consent shall be filed with the minutes of the proceedings of the Company, and counsel is directed to file a Notice of this action on the docket of the Chapter 11 Case, Case No. 25-19834-CMG.

## EXECUTION BY SOLE STOCKHOLDER

**PROPHASE LABS, INC.**, a Delaware corporation, as Sole Stockholder of ProPhase Diagnostics NY, Inc.:

DocuSigned by:

*Ted Karkus*

45C4B49D36E149F...

**Ted Karkus**
Chairman of the Board and Chief Executive Officer
ProPhase Labs, Inc.
(Executing on behalf of ProPhase Labs, Inc.
 as Sole Stockholder of ProPhase Diagnostics NY, Inc.)
Date: April  10 , 2026

## NOTICE TO CAROLINA ABENANTE

Notice is hereby given to Carolina Abenante, Esq. that ProPhase Labs, Inc., as sole stockholder of ProPhase Diagnostics NY, Inc., has by Written Stockholder Consent effective April ___, 2026, removed you as a director of ProPhase Diagnostics NY, Inc. pursuant to **DGCL §§ 141(k) and 228**. This removal is in addition to and separate from the majority board action removing you as IBC Chair of the Company. You no longer hold any position, authority, or standing with respect to ProPhase Diagnostics NY, Inc. or its Chapter 11 Case (Bankruptcy Case No. 25-19834-CMG).

Method of notice:  _____

Date and time:  April ___, 2026  at  ___:___  AM / PM  Eastern Time

Delivered by:  _____

## WRITTEN CONSENT OF SOLE STOCKHOLDER
## OF PROPHASE DIAGNOSTICS NJ, INC.

**PROPHASE LABS, INC., AS SOLE STOCKHOLDER**
**(Acting Pursuant to N.J.S.A. 14A:6-6 and 14A:11-1)**

**Bankruptcy Case No. 25-19833-CMG | File No. NJ Entity ID 0101057615**
**Effective Date: April  10 , 2026**

**ProPhase Labs, Inc.** (OTC: PRPH), a Delaware corporation (**"ProPhase Labs"** or **"Sole Stockholder"**), being the indirect sole holder (through ProPhase Diagnostics, Inc.) of the issued and outstanding shares of ProPhase Diagnostics NJ, Inc. (the **"Company"**), hereby acts by written

consent of the sole stockholder pursuant to **N.J.S.A. 14A:6-6**, to take the following action without a meeting, effective as of the date set forth above:

## RECITALS

**WHEREAS**, Carolina Abenante was appointed as a director of the Company by board and shareholder resolutions dated November 26, 2025, and currently serves as a director of the Company;

**WHEREAS**, ProPhase Labs, as sole stockholder of the Company, has the right under **N.J.S.A. 14A:6-6 and 14A:11-1** to remove a director of the Company with or without cause by written consent without a meeting;

**WHEREAS**, the Board of ProPhase Labs has, by majority vote effective April ___, 2026, authorized and directed ProPhase Labs to act as sole stockholder to effect the removal of Abenante as a director of the Company; and

**WHEREAS**, concurrent majority board action by the Board of the Company has removed Abenante as IBC Chair and revoked all delegated authority granted to her, as set forth in the accompanying Board Majority Resolution.

**NOW THEREFORE, PROPHASE LABS, AS SOLE STOCKHOLDER, HEREBY RESOLVES:**

**RESOLVED**, that, pursuant to **N.J.S.A. 14A:6-6 and 14A:11-1**, Carolina Abenante is hereby **removed** as a director of ProPhase Diagnostics NJ, Inc., **with or without cause**, effective immediately upon execution of this Written Consent;

**FURTHER RESOLVED**, that upon the effectiveness of the foregoing removal, Abenante shall have no further authority, rights, or standing as a director of the Company, and all authority previously granted to her in any capacity in connection with the Company or its Chapter 11 Case — whether as director, Independent Director, or IBC Chair — is hereby extinguished in its entirety;

**FURTHER RESOLVED**, that the vacancy on the Board of the Company created by the removal of Abenante shall be filled in such manner as the remaining directors of the Company shall determine, or shall remain vacant until such time as the Board determines otherwise;

**FURTHER RESOLVED**, that Ted Karkus, as Chief Executive Officer of the Company and authorized representative of ProPhase Labs in its capacity as Sole Stockholder, is authorized and directed to take all further actions and execute all further documents necessary to carry out the purposes and intent of the foregoing resolutions and to comply with applicable law and any applicable orders of the Bankruptcy Court; and

**FURTHER RESOLVED**, that a copy of this Written Consent shall be filed with the minutes of the proceedings of the Company, and counsel is directed to file a Notice of this action on the docket of the Chapter 11 Case, Case No. 25-19833-CMG.

Docusign Envelope ID: 5BFEF6BE-74EF-49DF-97AA-00D048756D63

## EXECUTION BY SOLE STOCKHOLDER

**PROPHASE LABS, INC.**, a Delaware corporation, as Sole Stockholder of ProPhase Diagnostics NJ, Inc.:

DocuSigned by:

*Ted Karkus*

45C4B49D36E149F...

**Ted Karkus**
Chairman of the Board and Chief Executive Officer
ProPhase Labs, Inc.
(Executing on behalf of ProPhase Labs, Inc.
as Sole Stockholder of ProPhase Diagnostics NJ, Inc.)
Date: April __10__, 2026

## NOTICE TO CAROLINA ABENANTE

Notice is hereby given to Carolina Abenante, Esq. that ProPhase Labs, Inc., as sole stockholder of ProPhase Diagnostics NJ, Inc., has by Written Stockholder Consent effective April ___, 2026, removed you as a director of ProPhase Diagnostics NJ, Inc. pursuant to **N.J.S.A. 14A:6-6 and 14A:11-1**. This removal is in addition to and separate from the majority board action removing you as IBC Chair of the Company. You no longer hold any position, authority, or standing with respect to ProPhase Diagnostics NJ, Inc. or its Chapter 11 Case (Bankruptcy Case No. 25-19833-CMG).

Method of notice: _____

Date and time: April ___, 2026  at  ___:___  AM / PM  Eastern Time

Delivered by: _____