**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEW JERSEY**

Thaddeus R. Maciag, Esq.
MACIAG LAW, LLC
475 Wall Street
Princeton, New Jersey 08540
(908) 704-8800
*Attorney for the Debtors*

Wallace B. Neel, Esq.
*(pro hac vice)*
WALLACE NEEL, PLLC
1 Blue Hill Plaza, LL Suite 1509
Pearl River, New York 10965
(646) 524-6502
*proposed Special Litigation Counsel to the Debtors*

In re:

    ProPhase Diagnostics NJ, Inc., *et al.*,

                    Debtors.

Case No.: 25-19833-CMG

Chapter 11 Reorganization

Judge:  Gravelle

Hearing Date: June 2, 2026, 10:00am

(Jointly Administered)

# Exhibit A

## (Justice Bannon Decision and Order)

**EXHIBIT A**
**to**

**OBJECTION TO PROOF OF CLAIM**

**OF DREXEL DISTRIBUTION, d/b/a EZ-TEST NY,**

**AND NOTICE OF DEBTORS' ASSERTION OF RIGHTS OF**

**RECOUPMENT, SETOFF, AND COUNTERCLAIMS**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------X

DREXEL DISTRIBUTION, INC., and DREXEL
DISTRIBUTION, INC., d/b/a EZ TEST NY,

                                 Plaintiffs,

             - against -

PROPHASE DIAGNOSTICS, INC.,

                                 Defendant.

-----------------------------------------------------------------------X

Index No. 653503/2022
(Bannon, J.)

Motion Seq. No. 004

**<u>NOTICE OF ENTRY</u>**

        **PLEASE TAKE NOTICE THAT** the attached is a true copy of the Decision and Order

of the Honorable Nancy M. Bannon dated September 8, 2025, which was entered in the office of

the Clerk of New York County on September 11, 2025.

Dated:  Uniondale, New York
         September 11, 2025

                             WESTERMAN BALL EDERER
                             MILLER ZUCKER & SHARFSTEIN, LLP

                             By:_*Jay S. Hellman*_____
                                Greg S. Zucker, Esq.
                                Jay S. Hellman, Esq.
                           1201 RXR Plaza
                           Uniondale, New York 11556
                           (516) 622-9200
                           gzucker@westermanllp.com
                           jhellman@westermanllp.com
                           *Attorneys for Plaintiffs*

To:    All Counsel (by *NYSCEF*)

3341942

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    **HON. NANCY M. BANNON**

*Justice*

---------------------------------------------------------------------------------X

DREXEL DISTRIBUTION INC., DREXEL DISTRIBUTION INC., d/b/a EZ TEST NY

Plaintiff,

- v –

PROPHASE DIAGNOSTICS, INC.,

Defendant.

---------------------------------------------------------------------------------X

| | |
|---|---|
| **PART** | **61M** |
| **INDEX NO.** | 653503/2022 |
| **MOTION DATE** | 03/14/2025 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

## I.    INTRODUCTION

In this action arising from an agreement to provide testing samples during COVID-19, the plaintiffs, Drexel Distribution Inc. and Drexel Distribution Inc. d/b/a EZ Test NY ("Drexel"), seek $1,654,222.00 in unpaid invoices. Drexel now moves pursuant to CPLR 3212 for partial summary judgment on its breach of contract cause of action or, in the alternative, for summary judgment on its unjust enrichment and quantum meruit causes of action, and damages in the amount of $462,506.00. The defendant, Prophase Diagnostics, Inc., opposes the motion. The motion is granted in part as to the first cause of action, with reduced damages of $125,235.00.

## II.    BACKGROUND

Drexel is a limited services laboratory that operates COVID-19 collection and testing sites in New York. Prophase operates a CLIA certified laboratory. On March 7, 2022, the parties entered into a written agreement, whereby Drexel would use Prophase's laboratory for PCR testing on specimens collected by Drexel. Drexel also used Prophase's laboratory for billing and reporting services for Antigen tests that Drexel administered to patients who needed rapid test results. Under Section 2(a)(i), Prophase agreed to pay Drexel $23 per specimen collected, of

653503/2022   DREXEL DISTRIBUTION INC. ET AL vs. PROPHASE LABS, INC. ET AL
Motion No.  004

Page 1 of 6

which $13 would be paid within ten days of receiving an invoice from Drexel, and $10 within 60 days of receiving the invoice. Under Section 2(b), Prophase agreed to pay $27 for antigen testing, of which $20 would be paid for Drexel's administration of antigen testing services, and $7 for reimbursement to Drexel for its costs to purchase the Antigen testing kits. Drexel would invoice Prophase every two weeks for both PCR and Antigen test counts. Prophase agreed to pay for these specimens, as it was reimbursed for all costs of collection, testing, and treatment through a program run by the Health Resources and Services Administration (the "HRSA Program"). Section 2(a)(ii) of the written agreement provides that Drexel is entitled to a $10 chargeback per specimen collected if is not reimbursed by the HRSA Program or the patient's insurance provider. The HRSA Program ended on March 22, 2022.

Drexel commenced the instant action on September 23, 2022, alleging that Prophase failed to pay certain invoices for PCR testing and Antigen testing. Drexel further alleged that Prophase failed to pay certain invoices related to delivery services, whereby Prophase would pay Drexel for delivery of patient specimens to Prophase's laboratory. In its second amended complaint, Drexel asserts three causes of action - for breach of contract, unjust enrichment, and quantum meruit, respectively, seeking total damages of $1,654,222.00, plus attorney's fees. Prophase's answer to the second amended complaint answer asserts 17 conclusory affirmative defenses and five counterclaims - for breach of contract, breach of the implied covenant of good faith and fair dealing, quantum meruit, promissory estoppel, and unjust enrichment, seeking compensatory and punitive damages.

Discovery was competed and a Note of Issue was filed. The instant motion ensued.

### III.    DISCUSSION

On a motion for summary judgment, the moving party must make a *prima facie* showing of its entitlement to judgment as a matter of law by submitting evidentiary proof in admissible form sufficient to establish the absence of any material, triable issues of fact. See CPLR 3212(b); Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824 (2014); Alvarez v Prospect Hosp., 68 NY2d 320 (1986); Zuckerman v City of New York, 49 NY2d 557 (1980). Once the movant meets this burden, it becomes incumbent upon the party opposing the motion to come forward with proof in admissible form sufficient to raise a triable issue of fact. See Alvarez v Prospect Hospital, supra; Zuckerman v City of New York, supra.

Case 25-19833-CMG   Doc 134-1   Filed 04/30/26   Entered 04/30/26 23:27:01   Desc
Exhibit A - Justice Bannon Decision and Order   Page 5 of 8

(A) <u>First Cause of Action: Breach of Contract</u>

Drexel seeks partial summary judgment under all three theories asserted with respect to the invoices for PCR specimens (EZ-0014, EZ-0026, EZ-0028) and Antigen specimens (EZ-0019A, EZ-0026A, EZ-0028A), which are dated from November 10, 2021, to March 30, 2022, and only during the time period for the HRSA Program. Drexel also seeks to recover for unpaid invoices for delivery services (EZ-0033B, EZ-0034B, EZ-0035B, EZ-0036B, EZ-0037B), which are dated from June 13, 2022, to August 22, 2022, for a combined total of $462,506.00.

In support of its motion, Drexel submits, *inter alia*, the operative pleadings, the March 7, 2022, written agreement between the parties by which Prophase agreed to pay $23 per PCR specimen and $27 per Antigen specimen, and an affidavit of Bedis Zormati, owner of Drexel. Zormati avers that Prophase failed to pay Drexel for certain invoices provided before the HRSA Program expired, including EZ-0014, EZ-0019A, EZ-0026, EZ-0026A, EZ-0028 and EZ-0028A for both PCR specimens and Antigen specimens. These invoices, as well as an Excel sheet detailing the amounts owed and paid for these specific invoices, are also submitted.

Drexel has established its *prima facie* entitlement to judgment on its breach of contract claims for invoices EZ-0026 and EZ-0026A, as Drexel has established (1) the existence of a contract, (2) the party's performance under the contract; (3) the opposing party's breach of the contract, and (4) resulting damages. <u>See Second Source Funding, LLC v Yellowstone Capital, LLC</u>, 144 AD3d 445 (1st Dept. 2016); <u>Harris v Seward Park Housing Corp.</u>, 79 AD3d 425 (1st Dept. 2010). Drexel's submissions show that for EZ-0026, for PCR specimens, dated March 30, 2022, Drexel was due $403,719.00, of which $52,659.00 remains outstanding. For EZ-0026A, for Antigen specimens, dated March 30, 2022, Drexel was due $279,936.00, of which $72,576.00 remains outstanding. These unpaid amounts total $125,235.00. The contractual due date on both of these invoices is May 29, 2022, 60 days after March 30, 2022.

In opposition, Prophase fails to submit proof sufficient to raise a triable issue of fact as to invoices EZ-0026 and EZ-0026A. Prophase submits an affidavit from Jason Karkus, its executive vice president, who avers that Prophase made the payments. Paragraph 30 of Karkus' affidavit includes a screenshot of an Excel sheet purporting to show that Prophase made these payments. The excel sheet itself is not submitted as an exhibit. In any event, the purported screenshot of the Excel sheet shows that only partial payment was made on these invoices, and that $52,659.00 and $72,576.00 remains outstanding for EZ-0026 and EZ-

Case 25-19833-CMG   Doc 134-1   Filed 04/30/26   Entered 04/30/26 23:27:01   Desc
Exhibit A - Justice Bannon Decision and Order   Page 6 of 8

0026A, respectively. Finally, the excerpts from Paul Dreyzin's deposition transcript, an employee of Prophase, do not raise a triable issue of fact as to these invoices. The testimony in the excerpts related to Prophase evaluating its insurance reimbursements after the HRSA Program expired. On this motion, Drexel seeks only recovery on amounts owed prior to the HRSA Program's expiration.

However, Drexel fails to submit sufficient evidence to establish its damages for EZ-0028 and EZ-0028A. These invoices show that Drexel was due $47,181.00 and $80,703.00, respectively, for specimens collected from March 20, 2022, to April 2, 2022. However, since HRSA Program expired on March 22, 2022, Drexel seeks damages only for work done before March 22, 2022, including $18,885.00 for EZ-0028 and $5,620.00 for EZ-0028A. No support is provided for how these amounts were calculated, other than Zormati stating in his affidavit that Drexel is "at least" entitled to these amounts. Thus, Drexel is awarded partial summary judgment on liability as to invoices EZ-0028 and EZ-0028A for liability only, with damages to be determined at trial.

Furthermore, Drexel is not entitled to recover under invoices EZ-0014, dated November 10, 2021, and EZ-0019A, dated January 20, 2022. These invoices, unlike the rest of the invoices on this motion, were not listed in the second amended complaint, and Drexel seeks recovery on these invoices for the first time on this motion. Indeed, in paragraph 14 of the second amended complaint, Drexel pleads that Prophase paid the invoices in full up until EZ-0025, EZ-0025A, EZ-0025B, meaning that prior invoices, including EZ-0014 and EZ-0019A, were paid. Furthermore, these invoices predate the written agreement between the parties, which was executed on March 7, 2022. The written agreement does not obligate Prophase to pay for any work done by Drexel that predates the agreement. Nor does Drexel provide factual or legal support for a contrary conclusion.

Finally, Drexel is not entitled to recover under its delivery invoices, EZ-0033B, EZ-0034B, EZ-0035B, EZ-0036B, and EZ-0037B, totaling $45,500.00, under its breach of contract theory. The written agreement does not obligate Prophase to pay Drexel for delivering specimens to Prophase's laboratory. To this end, Zormati merely states that in December 2021, Prophase agreed to pay Drexel $9,100.00 every two weeks for delivery of patient specimens to Prophase's laboratory. Prophase does not point to a separate agreement obligating Prophase to pay for these delivery services.

653503/2022   DREXEL DISTRIBUTION INC. ET AL vs. PROPHASE LABS, INC. ET AL          Page 4 of 6
  Motion No.  004

FILED: NEW YORK COUNTY CLERK 09/11/2025 02:48 PM     INDEX NO. 653503/2022
NYSCEF DOC. NO. 239                                    RECEIVED NYSCEF: 09/10/2025

Case 25-19833-CMG    Doc 134-1    Filed 04/30/26    Entered 04/30/26 23:27:01    Desc
Exhibit A - Justice Bannon Decision and Order    Page 7 of 8

Prophase argues that summary judgment is inappropriate as it has asserted counterclaims seeking damages for chargebacks under the written agreement for COVID tests as to which it was not reimbursed by an insurer. However, this is not a valid basis to deny Drexel's motion. The only support for the purported chargebacks is a single invoice dated November 7, 2023, billing Drexel $1,923.623.00 and $648,219.00 for unreimbursed PCR and Antigen claims, respectively. Nor does Prophase cross-move for summary judgment on its counterclaims. Nonetheless, should Prophase establish at trial that it is entitled to any amount as chargebacks, it would be entitled to a money judgment in that amount. In this regard, the court notes that Prophase's thirteenth affirmative defense also asserts that Prophase is entitled to a set-off, albeit in a conclusory manner.

(B) <u>Second and Third Causes of Action: Unjust Enrichment and Quantum Meruit</u>

In the event any portion of its primary relief on the first cause of action were denied by the court, as was done, Drexel seeks alternate relief under its second and third causes of action for unjust enrichment and quantum meruit. Summary judgment is denied as to these claims.

Unjust enrichment is an equitable remedy that is available to a plaintiff only where there is no adequate legal remedy. <u>See</u> <u>Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.</u>, 70 NY2d 382 (1987); <u>Empire Outlet Builders LLC v Constr. Res. Corp. of New York</u>, 170 AD3d 582, 583 (1st Dept. 2019); <u>Pate v BNY Mellon-Alcantra Mezzanine III, LP</u>, 163 AD3d 429 (1st Dept. 2018); <u>JDF Realty, Inc. v Sartiano</u>, 93 AD3d 410 (1st Dept. 2012). The plaintiff must show that: "(1) the [defendant] was enriched, (2) at [plaintiff's] expense, and (3) that it is against equity and good conscience to permit the [defendant] to retain what is sought to be recovered". <u>Georgia Malone & Co., Inc. v. Rieder</u>, 19 NY3d 511, 516 (2012), <u>Schroeder v Pinterest Inc.</u>, 133 AD3d 12, (1st Dept. 2015). To recover under quantum meruit, a plaintiff must establish "(1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." <u>Fulbright & Jaworski, LLP v Carucci</u>, 63 AD3d 487, 489 (1st Dept. 2009).

As this is essentially a breach of contract action, for which Drexel has available legal remedies, it must show that such remedies are inadequate. It did not. To the extent it seeks relief for services that may fall outside the written contract, it again did not meet its burden. Drexel fails to submit *prima facie* proof of the services it performed for Prophase, beyond those

653503/2022   DREXEL DISTRIBUTION INC. ET AL vs. PROPHASE LABS, INC. ET AL          Page 5 of 6
Motion No. 004

FILED: NEW YORK COUNTY CLERK 09/11/2025 02:48 PM INDEX NO. 653503/2022

NYSCEF DOC. NO. 239 RECEIVED NYSCEF: 09/10/2025

Case 25-19833-CMG   Doc 134-1   Filed 04/30/26   Entered 04/30/26 23:27:01   Desc
Exhibit A - Justice Bannon Decision and Order   Page 8 of 8

contemplated in the agreement. Drexel's submissions are insufficient to establish, *prima facie*, that Prophase was enriched at Drexel's expense, beyond conclusory allegations that Drexel "provided logistical support" for Prophase at Drexel's expense. The proof submitted also falls short of establishing the elements of quantum meruit. Since Drexel failed to meet its burden in the first instance, the court need not look to the opposing papers for a triable issue. See Alvarez v Prospect Hospital, supra; Zuckerman v City of New York, supra.

## IV. CONCLUSION

In light of the court's rulings herein, remaining for trial are the invoices referenced in Drexel's first cause of action for which summary judgment was not granted, Drexel's remaining two causes of action, and Prophase's defenses and counterclaims. The parties are encouraged to explore settlement.

Accordingly, upon the foregoing papers, it is

ORDERED that the plaintiff's motion is granted on the first cause of action, breach of contract, to the extent that it seeks damages of $125,235.00, as set forth herein, and the motion is otherwise denied, and it is further,

ORDERED that the Clerk shall enter judgment in favor of the plaintiffs, Drexel Distribution Inc. and Drexel Distribution Inc. d/b/a EZ Test NY, and against the defendant, Prophase Diagnostics, Inc., in the principal sum of $125,235.00, plus statutory interest from May 29, 2022, and it is further,

ORDERED that the parties shall appear for in person pre-trial settlement conference in Part 61, at 60 Centre Street, Room 232, on October 9, 2025, at 10:30 a.m.

This constitutes the Decision and Order of the court.

NANCY M. BANNON, J.S.C.
**HON. NANCY M. BANNON**

**9/8/2025**
**DATE**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |

**653503/2022   DREXEL DISTRIBUTION INC. ET AL vs. PROPHASE LABS, INC. ET AL**      **Page 6 of 6**
**Motion No.  004**