**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Thaddeus R. Maciag, Esq.
MACIAG LAW, LLC
475 Wall Street
Princeton, New Jersey 08540
(908) 704-8800
*Attorney for the Debtors*

Order Filed on May 26, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

ProPhase Diagnostics NJ, Inc.,

Debtor.

Case No.: **#25-19833-CMG**
Chapter 11 Reorganization
Judge: Hon. Christine M. Gravelle

In re:

ProPhase Diagnostics NY, Inc.,

Debtor.

Case No.: **#25-19834-CMG**
Chapter 11 Reorganization
Judge: Hon. Christine M. Gravelle

In re:

ProPhase Diagnostics, Inc.,

Debtor.

Case No.: **#25-19836-CMG**
Chapter 11 Reorganization
Judge: Hon. Christine M. Gravelle

Hearing Date: May 5, 2026

(Jointly Administered)

# ORDER
## ESTABLISHING TERMS OF
## A DIP RECEIVABLES TRUST AGREEMENT
## FOR SUMS COLLECTED BY CROWN MEDICAL COLLECTIONS
## ON BEHALF OF THE DEBTORS

The relief set forth on the following pages, numbered two (2) through six (6), is hereby **ORDERED**.

**DATED: May 26, 2026**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

This matter having been opened to the Court by the jointly administered Debtors, by and through their counsel, Thaddeus R. Maciag Esq., Maciag Law LLC, attorney for the jointly administered Debtors for entry of an Order Establishing Terms of a DIP Receivables Trust Agreement For Sums Collected by Crown Medical Collections on Behalf of the Debtors, and this Court having considered any objections, if any, as may have been filed; and this Court having reviewed the papers submitted and considered the arguments of counsel; and good cause showing for the entry of this Order, and for the reasons set forth at the hearing on May 5, 2026; and

Whereas, the Court Order (ecf #41) (the "Receivables Collection Order") entered by the United States Bankruptcy Court for the District of New Jersey on November 12, 2025 provides, in pertinent part, at Paragraph 8 of said Order, that all Receivables collected by Crown Medical shall *"be deposited into a Debtor-in-Possession Trust Account held by the Debtors at a bank that is or has agreed to be a uniform depository bank with the US Trustee for Region 3, subject to further disbursement and remittance to Crown, and to the Debtor or allowed administrative claims in this case, only upon application to and approval by the Court"*; and

Whereas, the Administrative Order (ecf #30) entered by the Bankruptcy Court on October 21, 2025 authorizes the payments of fees and expenses of professionals retained by the Debtor pursuant to Court Order, and where such payments are authorized by said October 21, 2025 Court Order, including but not limited to Section 2.E. and 2.F of said Order; and

Whereas, the three jointly administered Debtors (Prophase Diagnostics NJ, Inc.; ProPhase Diagnostics NY, Inc., and ProPhase Diagnostics, Inc.) intend to act in compliance with all Orders of the Bankruptcy Court, and to by this Order establish clear terms and conditions for the creation and administration of the  DIP Receivables Escrow Account

It is therefore ORDERED as follows:

(1)     A Debtor-in-Possession Trust Account (the "ProPhase DIP Receivables Trust

Account") shall be established by the Debtor at Webster Bank, or at such other bank selected by the Debtors, which bank, as required by the Receivables Collection Order (ecf #41), must be a uniform depository bank with the US Trustee for Region 3,  Debtor-in-Possession Trust Account ("the DIP Receivables Trust Account Bank"); the name and contact information of the DIP Receivables Trust Account Bank shall be disclosed to the Court and to the United States Trustee.

(2)     A true copy of this Order shall be provided to the United States Trustee; to Crown Medical Collections ("CMC"); to all Debtors' Attorneys, including the lead attorney and any retained special litigation attorneys of record in this case; and to the DIP Receivables Trust Account Bank.

(3)     The ProPhase DIP Receivables Trust Account shall be deemed a fiduciary trust account held for the benefit of the Debtor's estate, subject to any applicable Bankruptcy Court orders.

(4)     **No Commingling.** Funds deposited into the Trust Account shall NOT be commingled with any other funds of the Debtor, CMC, appointed professionals, or the Bank.

## DEPOSIT OF RECEIVABLES

(5)     **Required Deposits.** All proceeds collected by CMC on account of the Receivables, whether by check, electronic transfer, insurance payment, governmental payment, settlement, or otherwise, shall be deposited directly into the ProPhase DIP Receivables Trust Account and into no other account.

(6)     **Timing of Deposits.** Deposits shall be made promptly, and in no event later than five (5) business days after receipt by CMC, unless otherwise authorized by the Bankruptcy Court.

(7)     **Endorsement of Checks.** CMC is authorized to endorse checks payable to the Debtor solely for the purpose of deposit into the ProPhase DIP Receivables Trust Account and

into no other account.

## DISBURSEMENTS FROM TRUST ACCOUNT

(8)     **Permitted Disbursements.** Funds may be disbursed from the Trust Account only as follows:

a)  fees payable to the Office of the United States Trustee pursuant to 28 U.S.C. §1930; and fees and expenses of professionals retained by the Debtor pursuant to sections 327 and 1103 of the Bankruptcy Code that are authorized by the Bankruptcy Court including as are authorized by the Administrative Order (ecf #30) previously entered by the Court in this case, including Section 2.E. of the Administrative Order, or as are allowed by Court Orders upon adjudication of Applications for Compensation per Section 2.F. of the Administrative Order;

b)   Payment of CMC's fees, commissions, and reimbursable expenses solely to the extent approved upon Application for Compensation and by Court Order of the Bankruptcy Court;

c)    Payment of the Debtors' operating expenses upon approval by a subsequent Court Order of the Bankruptcy Court as consistent with a budget authorized by the Court upon Notice and Motion;

d)   Payments to Creditors as set forth in a Confirmation Order confirming a Plan of Reorganization; or

e)   As otherwise expressly authorized by an entered Court Order of the Bankruptcy Court.

(9)     **No Self-Help.** CMC shall have no right of self-help, setoff, or unilateral withdrawal from the Trust Account absent Bankruptcy Court approval.

(10)   **Dual Authorization.** All disbursements shall require the written authorization of the Bankruptcy Court, by way of the Debtor's Attorney providing to the Bank a copy of such authorization and the related Court Order of the Bankruptcy Court, with a copy to be provided to the United States Trustee three (3) business days prior to submission of same to the Bank.

(11)   **Right of review**

Nothing in this Agreement shall be construed to limit or impair the rights of the United States Trustee or the Bankruptcy Court to access or review the account, or the rights of the Bankruptcy Court to direct the disposition of funds in the Trust Account.

## ACCOUNTING AND REPORTING

(12)  **Monthly Statements.** The DIP Receivables Trust Account Bank shall provide monthly statements for the Trust Account to the Debtor, CMC, counsel for the Debtor, the United States Trustee, and any other party as ordered by the Bankruptcy Court.

(13)  **CMC Reports.** CMC shall provide regular collection reports detailing gross collections, deposits, proposed fees, expenses, and net proceeds.

(14)  **Audit Rights.** The Trust Account shall be subject to audit by the Debtor, the United States Trustee, or the Bankruptcy Court upon reasonable notice.

## BANK'S ROLE AND LIMITATION OF LIABILITY

(15)   **Ministerial Role.** The DIP Receivables Trust Account Bank shall have no responsibility to monitor compliance with the Bankruptcy Code or court orders and may rely conclusively on copies of Court Orders that appear facially valid.

(16)   **Indemnification.** The Debtor shall indemnify and hold the DIP Receivables Trust Account Bank harmless from any claims arising from its administration of the ProPhase DIP Receivables Trust Account, except for gross negligence or willful misconduct.

**TERMINATION OF CASE; FINAL ACCOUNTING**

(17)     **Dismissal of or Termination of Bankruptcy case.** Upon the entry of any
Final Decree, Dismissal Order, or other termination of all, or of any one or more of the jointly
administered cases, all funds in the ProPhase DIP Account shall be deemed frozen and shall
not be released except in accord with a subsequent new Order of the Bankruptcy Court
authorizing same.

(18)   **Final Accounting.** Upon termination, the Bank shall provide a final accounting
and disburse remaining funds pursuant to Bankruptcy Court order.

(19)     **Retention of Jurisdiction.**  This Court shall retain jurisdiction to hear and
determine all matters arising from or related to the interpretation, implementation or
enforcement of this Order.

#       #       #