**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Thaddeus R. Maciag, Esq.
MACIAG LAW, LLC
475 Wall Street
Princeton, New Jersey  08540
(908) 704-8800
*Attorney for the Debtors-in-Possession*

| | |
|---|---|
| In re:<br><br>    ProPhase Diagnostics NJ, Inc., *et al.*,<br><br>                               Debtors.<br><br>    (jointly administered) | Case No.: 25-19833-CMG<br>Chapter 11<br>Judge: Hon. Christine M. Gravelle |

**CERTIFICATION**
**OF PROPHASE LABS INC.**
**WAIVING ANY CLAIM FOR**
**LOAN STATUS OR ADMINISTRATIVE CLAIM STATUS**
**FOR DEBTOR PAYROLL EXPENSES**

Note: the below supplements and replaces the document captioned as a stipulation filed with this Court on June 25, 2026 at ecf Doc #174, and other than here being captioned as a "Certification" is identical to that document in every respect.

(1)    I serve as CEO of ProPhase Labs Inc. The shareholder and parent company of the jointly administered Debtor entities in this case, and as such I am familiar with the facts of this Stipulation.

(2)    I was present at the Court Status Conference and Motions Hearing on June 23, 2026, at which questions were raised regarding whether payments made by ProPhase Labs, Inc., as the parent company and shareholder of the Debtors, constituted post-petition loans to the Debtors. This stipulation will confirm that these payments were never intended to be, and have never been

characterized as nor treated as, post-petition loans to the Debtors.

(3)     All that has occurred is that the shareholder has, in the ordinary course, been meeting Payroll for the overall operations, and that as a portion of that monthly payroll expense has been allocated to each of the Debtor entities. We of course do not provide each employee with four or more separate paychecks, there is a single payroll like almost all businesses do; that procedure was discussed at the Initial Debtor Interview with the U.S. Trustee's office in October 2025, and we were advised to simply list those payroll expenses on Line 1e of ustform11, the Monthly Operating Reports. We have thus routinely made that accounting allocation in the ordinary course since the beginning of this case, from the very first Monthly Operating Report in September 2025. The Debtor entities and the Shareholder (the parent company, ProPhase Labs Inc.) have **never** characterized those routine, ordinary course, payroll expenses, as in any way constituting a "loan" to the Debtor entities, nor have we ever characterized same as an "administrative expense".

(4)     To the extent that Drexel or any other party needlessly fears that there will be a future assertion of a "loan" status or an "administrative claim" status for those routinely allocated payroll expenses, by my signature below I hereby stipulate on behalf of ProPhase Labs, Inc. of which I am CEO, that ProPhase Labs, Inc. hereby waives any claim for recovery of those payroll expenses from the Debtors, including but not limited to expenses reported on Line 1e of each Monthly Operating Report; this stipulation waives claims for same as either a loan or as an administrative expense. For avoidance of doubt, this stipulation applies to the payroll expense allocations described herein and does not waive, modify, reduce, or otherwise impact any pre-petition claims, secured claims, liens, rights, or interests asserted by ProPhase Labs, Inc.

I hereby certify under penalty of perjury that the above facts are true to the best of my information, knowledge, and belief; I am aware that if these statements are wilfully false I am subject to punishment.

Dated: July 1, 2026

DocuSigned by:

*Ted Karkus*

45C4B49D36E149F...

Ted Karkus