**WEBBER MCGILL LLC**
Douglas J. McGill, Esq.
100 E. Hanover Avenue, Suite 401
Cedar Knolls, New Jersey 07927
Tel: (973) 739-9559
Fax: (973) 739-9575
*Attorneys for PPFB, LLC*

### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Case No. 25-19833 (CMG)<br>Chapter 11 |
| ProPhase Diagnostics, NJ, *et al.*,[1] | Hon. Christine M. Gravelle<br>(Jointly Administered) |
| Debtors-in -Possession. | |

### OBJECTION TO DEBTORS' DISCLOSURE STATEMENT

PPFB, LLC, ("**Relator**"), relator in the adversary proceedings styled *United States of America, New York State and State of New Jersey, ex rel. PPFB, LLC*; Adv. Pro. Nos. 25- 02526; 25-02527; 25-02528 (the "**Adversary Proceedings**"), hereby objects to Debtors' Disclosure Statement, and respectfully states:

### BACKGROUND

1. On January 27, 2023, Relator filed a *qui tam* lawsuit against the Debtors' parent ProPhase Labs, Inc. ("**ProPhase Labs**") and others in the District Court for the Eastern District of New York, Case No. CV 23-0627 (E.D.N.Y.). ("**EDNY Action**"). That case remains pending

2. Generally speaking, the EDNY Action involves a scheme carried out by ProPhase Labs and the Debtors to defraud the United States, New York, and New Jersey in connection with HRSA, Medicare, and Medicaid reimbursement payments in violation of the federal False Claims

---

[1] ProPhase Diagnostics, NY, Inc., No. 25-19834 (CMG); ProPhase Diagnostics, Inc., No. 25-19836 (CMG)

Act, 31 U.S.C. § 3729, *et seq.;* the New York False Claims Act, New York State Fin. Law § 189, *et seq.* and the New Jersey False Claims Act, N.J. Stat. § 2A:32C-3.

2.      PPFB has filed proofs of claim against each of the Debtors, in an amount exceeding $75 million, based the factual allegations set forth in the EDNY Action, and the assertion that each of the Debtors is the alter ego of ProPhase Labs.

3.      On December 19, 2025, PPFB commenced the Adversary Proceedings, asserting that each of the Debtors is the alter ego of ProPhase Labs and liable for violation of the False Claims Acts, and seeking to have such liability declared non-dischargeable pursuant to 11 U.S.C. § 1141(d)(6).

4.      On April 10, 2026, the Court entered a Consent Order [Docket No. 106] modifying the automatic stay to permit Relator to commence and prosecute a lawsuit(s) against the Debtors in the United States District Court for the Eastern District of New York or other appropriate non-bankruptcy forum, in order to liquidate claims which are the subject of the above-captioned non-dischargeability proceedings.  Relator has since amended its complaint in the EDNY Action to assert claims against the Debtors, which are underlying claims which are the subject of the Adversary Proceedings.

5.      On June 29, 2026, the Debtors filed their Original Joint Plan of Reorganization [Docket No. 176] (the "**Plan**") and Disclosure Statement for the Original Joint Plan of Reorganization.  On July 1, 2026, the Debtors filed their First Modified Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code Describing the Original Joint Plan of Reorganization Proposed by the Debtors [Docket No. 179]  (the "**Disclosure Statement**").

2

**OBJECTION**

6.      The Disclosure Statement indicates that creditors will be paid in full, based on allowed claims projected to total slightly in excess of $13 million.  However, the Disclosure Statement fails to adequately describe the nature of, and account for, the Adversary Proceedings and Relator's underlying claims.  Most fundamentally, the Disclosure Statement fails to indicate that Relator's claims exceed $75 million and, if ultimately allowed, stand to substantially consume all funds of the estates.

7.      Moreover, the Disclosure Statement describes a Plan which separately classifies Relator's $75 million claim from other general unsecured claims.  Such separate classification is impermissible.  See *In re Orla Enterprises*, 2009 WL 2447607 (Bankr. N.D.Ill. 2009) (holding that "claim [which was] unliquidated, disputed, and contingent upon the outcome of state court litigation" could not be separately classified from other general unsecured claims under debtor's chapter 11 plan).

8.      The Disclosure Statement is confusing and apparently inconsistent insofar as the balance sheets and liquidation analyses attached as Exhibits C and A, respectively, each indicate that the Debtors have cash and cash equivalent assets in excess of $91 million in the aggregate; yet, at pages 21-22 of the Disclosure Statement, the Debtor projects only $47.6 million in net recoveries of receivables, which appears significantly less that the liquidation values of the receivables set forth on the balance sheets and liquidation analyses.  This discrepancy must be clarified.

## CONCLUSION

**WHEREFORE**, Relator respectfully requests that the Court sustain the instant objection to the Disclosure Statement, and grant such other and further relief as the Court deems just and proper.[2]

**WEBBER MCGILL LLC**
*Attorneys for PPFB, LLC*

By: */s/ Douglas J. McGill*
       Douglas J. McGill

Dated:  July 28 2026

---

[2] Relator reserves all objections to the Plan.

4