**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEW JERSEY**

Thaddeus R. Maciag, Esq.
MACIAG LAW, LLC
475 Wall Street
Princeton, New Jersey 08540
(908) 704-8800
*Attorney for the Debtors*

Wallace B. Neel, Esq. (pro hac vice)
WALLACE NEEL, PLLC
1 Blue Hill Plaza, LL Suite 1509
Pearl River, New York 10965
(646) 524-6502
*Special Counsel to the Debtors*

| | |
|---|---|
| In re:<br><br>ProPhase Diagnostics NJ, Inc., *et al.*,<br><br>Debtors.<br><br>(Jointly Administered) | Case No.: 25-19833-CMG<br>Chapter 11 Reorganization<br>Judge: Gravelle<br>Hearing Date: September 15, 2026, 10am |

**DEBTOR'S MOTION**

**FOR ENTRY OF AN ORDER APPROVING**

**SETTLEMENT AGREEMENT WITH**

**DREXEL DISTRIBUTION, INC. D/B/A EZ-TEST NY,**

**AND BEDIS ZORMATI, PURSUANT TO FED. R. BANKR. P. 9019**

ProPhase Diagnostics NJ, Inc., ProPhase Diagnostics NY, Inc., and ProPhase Diagnostics, Inc., the Debtors in the above-captioned jointly administered Chapter 11 case (the "Debtors"), by and through undersigned counsel, respectfully submit this motion (the "Motion") for entry of an order, substantially in the form submitted herewith, approving the settlement agreement described below pursuant to Rule 9019 of the Federal Rules of

Bankruptcy Procedure. A proposed form of Order is filed herewith.

In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction and Venue

1.     The Bankruptcy Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§157 and §1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).   Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2.     The statutory and procedural predicate for the relief here requested is 11 U.S.C. §105, §502, §541, §553, Rule 3007 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 3007-1.

3.     The United States Bankruptcy Court for the New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334(b) and the Standing Order of Reference to the Bankruptcy Court Under Title 11, entered on July 23, 1984, and amended on June 6, 2025 (Hon. Renée Marie Bumb, Chief Judge, United States District Court,  D.N.J.) (the "Standing Order").

4.     This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.   Venue is proper in this District pursuant to 28 U.S.C. §1334(b), §1408, and  §1409.

6.     No prior request for the relief sought in this Motion has been made to this or any other court in connection with this Chapter 11 case.

7.     Jointly Administered Debtors.   The three instant Debtors' respective cases are presently jointly administered per this Court's Amended Order for Joint Administration entered September 30, 2025.

### Background

8.      On September 22, 2025, the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. ON The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to Sections 1107(a) and 1108. The cases are jointly administered.

9.      Drexel Distribution, Inc. d/b/a EZ-Test NY ("Drexel") filed a Proof of Claim asserting a general unsecured claim in the amount of $1,754,088.00 (the "Proof of Claim"). Bedis Zormati ("Zormati") is Drexel's principal.

10.     ProPhase Diagnostics NJ, Inc., ProPhase Diagnostics NY, Inc., and ProPhase Diagnostics, Inc., are the Debtors in this jointly administered Chapter 11 Reorganization case.

11.     ProPhase Labs, Inc. ("Labs") is the Debtors' non-debtor parent and the holder of an Allowed Class 1 Claim.

12.     On April 30, 2026, The Debtors filed an Objection to Drexel's Proof of Claim (ecf Doc 134) (the "Claim Objection"), asserting that the claim is substantially overstated and subject to setoff and counterclaim.

13.     Thereafter, on May 15, 2026, Drexel filed a Motion to Convert the Cases to Chapter 7 or, in the Alternative, to Appoint a Chapter 11 Trustee (ecf Doc 150), and Drexel filed supplemental papers on June 18, 2026 (ecf Doc 165) and on June 26, 2026 (ecf Doc 175) (together, the "Conversion Motion").  The Debtors filed Opposition papers to said Motion on June 16, 2026 (ecf Doc 164), June 18, 2026 (ecf Doc 172) and June 23, 2026 (ecf Doc 173), and July 6, 2026 (ecf Doc 188).

14.  The Debtors commenced Adversary Proceeding No. 26-01208 against Drexel and Zormati (the "Adversary Proceeding"), asserting claims arising from the parties' Independent Contractor Agreement and related dealings.

15.  The Conversion Motion, the Claim Objection, and the Adversary Proceeding are contested, fact-intensive, and, if litigated to conclusion, would consume substantial estate resources and delay confirmation of the Debtors' plan of reorganization (the "Plan").

16.     Following arm's-length negotiations between counsel, the parties reached a settlement resolving all disputes among them. The settlement is memorialized in a Settlement Agreement and Mutual General Release (the "Settlement Agreement"), a summary of which is attached hereto as **Exhibit A**.

### The Settlement

17.     The Settlement Agreement provides for total consideration of $900,000.00 to Drexel, comprised of **two separate and distinct components payable by two different obligors**:

(a) **Estate Component — $125,000.00.** The Debtors' estates shall pay $125,000.00 to Drexel through the confirmed Plan as an Allowed Class 10 Claim, on the same terms as similarly situated claims in that class. This amount is fixed and not subject to increase. It is the estates' sole obligation under the settlement.

(b) **Parent Component — $775,000.00.** Labs, a non-debtor, shall pay $775,000.00 to Drexel **from Labs' own funds**. The Parent Component is not a claim against the estates, does not participate in the estates' distribution scheme, and is not payable from estate funds, the DIP Receivables Trust, or the Debtors' receivables except to the extent of: (I) a distribution to Labs on account of its Allowed Class 1 Secured Claim; or (ii) Labs' default on its obligations, Drexel's entry of judgment, and Drexel's efforts to enforce the judgment against Labs under applicable law.

18.     As further consideration of the settlement, the parties will: (I) exchange mutual releases; (ii) sign Stipulations dismissing both the Adversary Proceeding and a related State Court Action, both WITH PREJUDICE; and (iii) sign a proposed Consent Order resolving the Claim Objection and allowing Drexel's claim in Class 10 at the fixed amount of $125,000.00 in full and final satisfaction of the $1,754,088.00 Proof of Claim. In addition, Drexel will: (I) withdraw, WITH PREJUDICE, its Conversion Motion and Supplemental Submission; (ii) agree not to seek or support conversion, trustee appointment, or dismissal; and (iii) cast its ballot voting to ACCEPT the Plan.

19.     Upon any default by Labs, Drexel's sole and exclusive remedy is acceleration of

the unpaid balance of the Parent Component against Labs. Default does NOT reinstate the $1,754,088.00 Proof of Claim, does NOT unwind any release or dismissal, and does NOT give rise to any claim against the Debtors' estates except to the extent Drexel obtains a judgment against Labs and seeks to recover any sums to be paid to Labs under the Plan as part of Drexel's judgment enforcement under applicable law.

20.     The Debtors seek approval under Rule 9019 only as to the Estate Component and the resolution of the Claim Objection. The Parent Component, to be paid by a Non-Debtor, is disclosed herein only in the interest of full disclosure and full transparency.

**Relief Requested**

21.     The Debtors request entry of an Order in the form filed herewith: (a) approving the Settlement Agreement pursuant to Rule 9019; (b) allowing Drexel's claim in Class 10 in the fixed amount of $125,000.00 in full and final satisfaction of the Proof of Claim; © resolving the Claim Objection; and (d) authorizing the parties to take all actions necessary to implement the Settlement Agreement.

**Basis for Relief**

22.     Rule 9019(a) provides that, on motion and after notice and a hearing, the court may approve a compromise or settlement. Settlements are favored in bankruptcy as a means of avoiding the expense and delay of litigation. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)

23.     In the Third Circuit, a court evaluating a proposed settlement considers: (1) **the probability of success** in litigation; (2) **the likely difficulties in collection**; (3) **the complexity of the litigation and the expense, inconvenience, and delay attending it**; and (4) **the paramount interest of the creditors**. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) (emphasis added). *In re Jevic Holding Corp.*, 787 F.3d 173, 180 (3d Cir. 2015). The court does not decide the merits; it determines only whether the settlement falls above the lowest point in the range of reasonableness. *In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006). (emphasis added).

24. **Probability of Success.** While the Debtors believe they would prevail on the Claim Objection and in the Adversary Proceeding, the outcome of each is uncertain and fact-dependent. The Conversion Motion, if granted, would end the reorganization entirely. The settlement eliminates all of that risk.

25. **Difficulties in Collection.** Any judgment obtained by the Debtors in the Adversary Proceeding would be subject to collection risk. The settlement delivers value to the estates in the form of a reduction of the asserted claim from $1,754,088.00 to $125,000.00, a reduction of more than $1.6 million, without collection risk.

26. **Complexity, Expense, and Delay.** Three separate contested matters would require discovery, expert analysis, and multi-day evidentiary hearings. The cost to the estates would be substantial, and the delay would jeopardize confirmation. The settlement resolves all three at once.

27. **Paramount Interest of Creditors.** The settlement is overwhelmingly in the interest of creditors. The estates' total exposure is capped at $125,000.00 in Class 10. The estate's total exposure, initially $1,754,088.00 per Drexel's filed Proof of Claim, has thus been reduced by $1,629,088.00 to only $125,000.00. (The remaining $775,000.00 is funded by a non-debtor from non-estate funds and does not dilute any creditor recovery). The withdrawal of the Conversion Motion preserves the reorganization, and the withdrawal of Drexel's objections clears the path to confirmation. No creditor is prejudiced; every creditor benefits.

28. The settlement was negotiated at arm's length, between sophisticated parties represented by experienced counsel, and comfortably exceeds the lowest point in the range of reasonableness.

29. Notice of this Motion has been given to the Office of the United States Trustee, counsel to Drexel, all parties who have filed a notice of appearance, and all creditors. The Debtors submit that no other or further notice is necessary.

**WHEREFORE,** the Debtors respectfully request entry of an order, substantially in the

form submitted herewith, approving the Settlement Agreement and granting such other and further relief as is proper and just.

Date: August 10, 2026

Respectfully submitted,

MACIAG LAW, LLC

/s/ Thaddeus R. Maciag
Thaddeus R. Maciag, Esq.
Attorney for the Debtors


WALLACE NEEL, PLLC

/s/ Wallace B. Neel
Wallace B. Neel, Esq.
Special Counsel to the Debtors