McMANIMON, SCOTLAND & BAUMANN, LLC
427 Riverview Plaza
Trenton, New Jersey 08611
(973) 681-7979
Joseph R. Zapata, Jr., Esq. (jzapata@msbnj.com)
*Attorneys for ProPhase Diagnostics NJ, Inc., et. al., Debtors and Debtors-In-Possession*

United States Bankruptcy Court for the District of New Jersey

**Order Filed on October 29, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>**PROPHASE DIAGNOSTICS NJ, INC., et al.**,<br><br>Debtors. | Chapter 11<br><br>Case No. 25-19833 (CMG)[1]<br><br>(Jointly Administered)<br><br>Honorable Christine M. Gravelle, Chief Judge |

**ORDER GRANTING, IN PART, OBJECTION TO PROOFS OF CLAIM OF PPFB, LLC, AND TEMPORARILY ALLOWING AND ESTIMATING THE CLAIMS FOR VOTING PURPOSES PURSUANT TO 11 U.S.C. § 502(c) AND FED. R. BANKR. P. 3018(a)**
***Revised as of October 28, 2026***

The relief set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

**DATED: October 29, 2026**

Honorable Christine M. Gravelle, Chief Judge
United States Bankruptcy Judge

---

[1] Lead case. The other jointly administered Debtors are ProPhase Diagnostics NY, Inc. (Case No. 25-19834 (CMG) and ProPhase Diagnostics, Inc. (Case No. 25-19836 (CMG).

THIS MATTER having been presented to the Court by ProPhase Diagnostics NJ, Inc., *et al*. (the "**Debtors**"), by and through counsel, by way of objection to proofs of claim filed by PPFB, LLC, or, in the Alternative, to Estimate the Claims at $0, Pursuant to 11 U.S.C. §§ 502(b) and 502(c) (the "**Claim Objection**"); due and proper notice of the Claim Objection and related matters before the Court in this case having been given; and the Court having considered the papers in support of the Claim Objection and opposition thereto; and the Court having held a hearing on October 13, 2026 and considered the submissions of the parties and argument of counsel; and for good cause shown; it is hereby

**ORDERED AS FOLLOWS**:

1. The Claim Objection is **GRANTED**, in part, to the extent set forth herein.

2. Pursuant to 11 U.S.C. § 502(c) and Fed. R. Bankr. P. 3018(a), the proofs of claim filed by PPFB in the jointly administered cases, being Claim No. 6 in Case No. 25-19833 (CMG), Claim No. 6 in Case No. 25-19834 (CMG), and Claim No. 4 in Case No. 25-19836 (CMG) (collectively, the "PPFB Claims"), are temporarily allowed and estimated in the aggregate amount of $25,000,000.00, solely for the purposes of voting to accept or reject the Debtors' plan of reorganization.

3. The temporary allowance and estimation set forth in paragraph 2 above is temporary and is for the limited purposes stated in this Order. It does not constitute an allowance of the PPFB Claims, and it is not a determination of the validity, amount, priority, character, extent, or enforceability of the PPFB Claims, or of any amount distributable on account of the PPFB Claims under any plan or otherwise.

4. Consistent with the Consent Order entered on April 10, 2026 [Dkt. No. 106], the allowance, collection, and distribution on account of the PPFB Claims shall remain subject to the jurisdiction of and further order of this Court.

5. The Claim Objection remains pending and is continued as to the Debtors' objection to the PPFB Claims under 11 U.S.C. § 502(b). All rights, claims, objections, and defenses of the Debtors and of PPFB with respect to the allowance, amount, priority, character, and treatment of the PPFB Claims are expressly preserved, including the Debtors' right to supplement or renew the Claim Objection following liquidation of the underlying claims in the action captioned *United States, et al., ex rel. PPFB, LLC v. ProPhase Labs, Inc., et al.*, No. 2:23-cv-00627-NCM-AYS (E.D.N.Y.).

6. Nothing in this Order constitutes an admission by the Debtors as to the validity, amount, priority, or character of the PPFB Claims, or a waiver of any claim, defense, counterclaim, or right of setoff or recoupment.

7. The Clerk shall enter this Order on the docket in each of the jointly administered cases: Case No. 25-19833 (CMG), Case No. 25-19834 (CMG), and Case No. 25-19836 (CMG).

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.